**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **U.S. ETHERNET INNOVATIONS,** | § | |
| **LLC.** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:09-cv-448** |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **ACER, INC.,** | § | |
| **ACER AMERICA CORP.,** | § | |
| **APPLE, INC.,** | § | |
| **ASUS COMPUTER** | § | |
| **INTERNATIONAL,** | § | |
| **ASUSTEK COMPUTER INC.,** | § | |
| **DELL INC.,** | § | |
| **FUJITSU LTD.,** | § | |
| **FUJITSU AMERICA, INC.,** | § | |
| **GATEWAY, INC.,** | § | |
| **HEWLETT PACKARD CO.,** | § | |
| **HP DEVELOPMENT CO. LLC,** | § | |
| **SONY CORP.,** | § | |
| **SONY CORP. OF AMERICA,** | § | |
| **SONY ELECTRONICS INC.,** | § | |
| **TOSHIBA CORP.,** | § | |
| **TOSHIBA AMERICA, INC., and** | § | |
| **TOSHIBA AMERICA** | § | |
| **INFORMATION SYTEMS, INC.** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |
| | § | |
| | § | |

**DEFENDANT HEWLETT PACKARD CO.'S (1) ANSWER TO**
**U.S. ETHERNET INNOVATIONS, LLC'S COMPLAINT FOR PATENT**
**INFRINGEMENT AND (2) COUNTERCLAIMS**


HEWLETT PACKARD CO. ("HP") answers the allegations made in U.S. Ethernet

Innovations, LLC's ("USEI") Complaint for Patent Infringement (the "Complaint") as follows:

## NATURE OF THE ACTION

1.      HP is without knowledge or information sufficient to form a belief as to the truth of the allegation that USEI owns United States Patent Nos. 5,307,459 (the "'459 patent"), 5,434,872 (the "'872 patent"), 5,732,094 (the "'094 patent"), and 5,299,313 (the "'313 patent"), and for that reason denies the allegation.

2.      To the extent Paragraph 2 is directed to HP, it denies the allegations of this paragraph.  To the extent Paragraph 2 directed to any other defendant(s), HP defers to the defendant(s) to whom this allegation is directed, and no further response from HP is required.

3.      To the extent Paragraph 3 is directed to HP, it denies the allegations of this paragraph.  To the extent Paragraph 3 directed to any other defendant(s), HP defers to the defendant(s) to whom this allegation is directed, and no further response from HP is required.

## PARTIES

4.      HP is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4, and on that basis denies them.

5.      Paragraph 5 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

6.      Paragraph 6 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

7.      Paragraph 7 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

8.      Paragraph 8 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

9.      Paragraph 9 is not directed to HP.  HP thus defers to the defendant(s) to whom

this allegation is directed, and no further response is required of HP.

10.     To the extent directed to HP, HP admits the allegations of Paragraph 10 of the Complaint.  HP Development Company LLC ("HP Development") has been dismissed from this lawsuit by USEI and, therefore, no response from HP Development is required.

11.     Paragraph 11 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

12.     Paragraph 12 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

**JURISDICTION AND VENUE**

13.     HP admits that all of the claims asserted in the Complaint arise under 35 U.S.C. § 1, *et seq.*

14.     If USEI has standing to assert the patents in its own name, HP admits this Court would have subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

15.     HP admits that venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 (b)-(c).  HP denies that the Eastern District of Texas is the most convenient venue.

16.     HP admits that it has an established distribution channel for its products in this forum and that it regularly conducts business in and derives revenue from the sale of goods and services to individuals in Texas and this judicial district.  HP denies all remaining allegations in paragraph 16 only to the extent that they are directed to HP.  HP Development has been dismissed from this lawsuit by USEI and, therefore, no response from HP Development is required.  To the extent allegations in paragraph 16 are directed to defendants other than HP, HP defers to the defendant(s) to whom the allegations are directed.

**PATENTS-IN-SUIT**

17.     On information and belief, HP admits that the '459 patent entitled "Network Adapter with Host Indication Optimization" issued on April 26, 1994 and a copy is attached as Exhibit A to USEI's Complaint.  HP admits that on the face of the '459 patent, 3Com Corporation is listed as the assignee and that Brian Peterson, W. Paul Sherer, David R. Brown, and Lai-Chin Lo are listed as inventors.  HP denies all remaining allegations in Paragraph 17 of the Complaint.

18.     On information and belief, HP admits that the '872 patent entitled "Apparatus for Automatic Initiation of Data Transmission" issued on July 18, 1995 and a copy is attached as Exhibit B to USEI's Complaint.  HP admits that on the face of the '872 patent, 3Com Corporation is listed as the assignee and that Brian Peterson, W. Paul Sherer and David R. Brown are listed as inventors.  HP denies all remaining allegations in Paragraph 18 of the Complaint.

19.     On information and belief, HP admits that the '094 patent entitled "Method for Automatic Initiation of Data Transmission" issued on March 24, 1998 and a copy is attached as Exhibit C to USEI's Complaint.   HP admits that on the face of the '094 patent, 3Com Corporation is listed as the assignee and that Brian Peterson, W. Paul Sherer and David R. Brown are listed as inventors.  HP denies all remaining allegations in Paragraph 19 of the Complaint.

20.     On information and belief, HP admits that the '313 patent entitled "Network Interface with Host Independent Buffer Management" issued on March 29, 1994 and a copy is attached as Exhibit D to USEI's Complaint.  HP admits that on the face of the '313 patent, 3Com Corporation is listed as the assignee and that Brian Peterson, W. Paul Sherer, David R. Brown,

and Lai-Chin Lo are listed as inventors.  HP denies all remaining allegations in Paragraph 20 of the Complaint.

21.     HP is without knowledge or information sufficient to form a belief as to the truth of the allegation that USEI is the sole owner of the entire right, title, and interest in the '459, '872, '094 and the '313 patents by virtue of assignment and for that reason denies the allegation. HP denies all remaining allegations in paragraph 21 of the Complaint.

<strong><u>ACCUSED PRODUCTS</u></strong>

22.     Paragraph 22 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

23.     Paragraph 23 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

24.     Paragraph 24 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

25.     Paragraph 25 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

26.     Paragraph 26 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

27.     HP denies the allegations of paragraph 27 of the Complaint.  HP Development has been dismissed from this lawsuit by USEI and, therefore, no response from HP Development is required.

28.     Paragraph 28 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

29.     Paragraph 29 is not directed to HP.  HP thus defers to the defendant(s) to whom

this allegation is directed, and no further response is required of HP.

<h3 style="text-align:center">COUNT I<br>INFRINGEMENT OF U.S. PATENT NO. 5,307,459</h3>

30.      HP restates and incorporates by reference its responses to the allegations in paragraphs 1-29 of the Complaint.

31.      Paragraph 31 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

32.      Paragraph 32 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

33.      Paragraph 33 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

34.      Paragraph 34 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

35.      HP denies the allegations in paragraph 35 of the Complaint.  HP Development has been dismissed from this lawsuit by USEI and, therefore, no response from HP Development is required.

36.      Paragraph 36 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

37.      Paragraph 37 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

<h3 style="text-align:center">COUNT II<br>INFRINGEMENT OF U.S. PATENT NO. 5,434,872</h3>

38.      HP restates and incorporates by reference its responses to the allegations in paragraphs 1-29 of the Complaint.

39.     Paragraph 39 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

40.     Paragraph 40 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

41.     Paragraph 41 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

42.     Paragraph 42 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

43.     HP denies the allegations in paragraph 43 of the Complaint.  HP Development has been dismissed from this lawsuit by USEI and, therefore, no response from HP Development is required.

44.     Paragraph 44 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

45.     Paragraph 45 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 5,732,094**

46.     HP restates and incorporates by reference its responses to the allegations in paragraphs 1-29 of the Complaint.

47.     Paragraph 47 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

48.     Paragraph 48 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

49.     Paragraph 49 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

50.     Paragraph 50 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

51.     HP denies the allegations in paragraph 51 of the Complaint.  HP Development has been dismissed from this lawsuit by USEI and, therefore, no response from HP Development is required.

52.     Paragraph 52 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

53.     Paragraph 53 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 5,299,313**

54.     HP restates and incorporates by reference its responses to the allegations in paragraphs 1-29 of the Complaint.

55.     Paragraph 55 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

56.     Paragraph 56 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

57.     Paragraph 57 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

58.     Paragraph 58 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

59.     Paragraph 59 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

60.     HP denies the allegations in paragraph 60 of the Complaint.  HP Development has been dismissed from this lawsuit by USEI and, therefore, no response from HP Development is required.

61.     Paragraph 61 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

62.     Paragraph 62 is not directed to HP.  HP thus defers to the defendant(s) to whom this allegation is directed, and no further response is required of HP.

## PRAYER FOR RELIEF

63.     To the extent the Prayer for Relief is directed to HP, it denies that USEI is entitled to any of the relief sought in its Prayer for Relief or any other relief.  HP Development has been dismissed from this lawsuit by USEI and, therefore, no response from HP Development is required.  To the extent the Prayer for Relief is directed to any other defendant(s), HP defers to the defendant(s) to whom it is directed, and no further response from HP is required.

## DEMAND FOR JURY TRIAL

64.     HP admits that USEI requests a trial by jury

## AFFIRMATIVE AND OTHER DEFENSES

Further answering the Complaint, HP asserts the following defenses.  HP reserves the right to amend its answer with additional defenses as further information is obtained.

## FIRST AFFIRMATIVE OR OTHER DEFENSE:
## NO INFRINGEMENT

1.      HP has not infringed, contributed to the infringement of, or induced the infringement of any claim of the '459, '872, '094 or '313 patents and is not liable for infringement thereof.

2.      Any and all HP products and methods that are accused of infringement have substantial uses that do not infringe and therefore cannot induce or contribute to infringement of the '459, '872, '094 or '313 patents.

## SECOND AFFIRMATIVE OR OTHER DEFENSE:
## INVALIDITY OF THE ASSERTED PATENTS

3.      On information and belief, each of the '459, '872, '094 or '313 patents is invalid for failing to comply with the provisions of the Patent Laws, Title 35 U.S.C., including without limitation one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

## THIRD AFFIRMATIVE OR OTHER DEFENSE:
## UNAVAILABILITY OF RELIEF

4.      On information and belief, Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 284.

5.      On information and belief, Plaintiff has failed to plead and meet the requirements of 35 U.S.C. § 287, and has otherwise failed to show that it is entitled to any damages.

## FOURTH AFFIRMATIVE OR OTHER DEFENSE:
## PROSECUTION HISTORY ESTOPPEL

6.      Plaintiff's alleged causes of action for patent infringement are barred under the doctrine of prosecution history estoppel, and Plaintiff is estopped from claiming that the '459, '872, '094 or '313 patents cover or include any accused HP product or method.

**FIFTH AFFIRMATIVE OR OTHER DEFENSE:**
**<u>DEDICATION TO THE PUBLIC</u>**

7.      Plaintiff has dedicated to the public all methods, apparatus, and products disclosed in the '459, '872, '094 or '313 patents, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, apparatus, and products.

**SIXTH AFFIRMATIVE OR OTHER DEFENSE:**
**<u>USE/MANUFACTURE BY/FOR UNITED STATES GOVERNMENT</u>**

8.      To the extent that any accused product or method has been used or manufactured by or for the United States, Plaintiff's claims and demands for relief are barred by 28 U.S.C. § 1498.

**SEVENTH AFFIRMATIVE OR OTHER DEFENSE:**
**<u>LACHES</u>**

9.      Plaintiff's claims for relief are barred, in whole or in part, by the equitable doctrine of laches.

**EIGHTH AFFIRMATIVE OR OTHER DEFENSE:**
**<u>LICENSE</u>**

10.     Some or all of HP's accused products are licensed under the '459, '872, '094 or '313 patents and/or subject to the doctrines of patent exhaustion and implied license.

**NINTH AFFIRMATIVE OR OTHER DEFENSE:**
**<u>FAILURE TO MITIGATE</u>**

11.     Plaintiff's claims are barred, in whole or in part, because it has failed to mitigate its damages, if any.

**<u>HEWLETT PACKARD CO.'S COUNTERCLAIMS</u>**

Counterclaimant HEWLETT PACKARD CO. ("HP") complains of counter-defendant U.S. Ethernet Innovations, LLC ("USEI") and alleges as follows:

## THE PARTIES

1.      HP is a Delaware corporation with its corporate headquarters and principal place of business at 3000 Hanover Street, Palo Alto, California 94304.

2.      USEI has alleged that it is a Texas limited liability corporation having a principal place of business in Tyler, Texas.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§2201 et seq., and the patent laws, 35 U.S.C. § 101 et seq.  This Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. §§ 1331 and 1338(a).  This Court has further subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1367(a).

4.      This court has personal jurisdiction over USEI as USEI filed suit against HP in this district and has purposefully availed itself of the protection of the courts of this District.

5.      While HP does not concede that venue is proper in this district with respect to the action brought by USEI, should that action remain in this district, venue on these counterclaims is proper in this district under 28 U.S.C. § 1391(b) because USEI alleges that its principal place of business is located in this district.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NO INFRINGEMENT

6.      There is an actual and live controversy between HP and USEI as to the alleged infringement and validity of U.S. Patent Nos. 5,307,459 (the "'459 patent"), 5,434,872 (the "'872 patent"), 5,732,094 (the "'094 patent"), and 5,299,313 (the "'313 patent"), which can be redressed by a judgment of this Court.

7.      HP is not infringing, has not infringed either by direct infringement, contributory infringement, or induced infringement, any claim of the '459, '872, '094 or '313 patents.

8.      HP has no intent to cause others to infringe any claim of the '459, '872, '094 or '313 patents by using any HP product or method.

9.      Each HP product or method accused in this action is capable of substantial uses that do not infringe any claim of the '459, '872, '094 or '313 patents.

## SECOND COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY

10.     There is an actual and live controversy between HP and USEI as to the alleged infringement and validity of the '459, '872, '094 and '313 patents which can be redressed by a judgment of this Court.

11.     The claims of the '459, '872, '094 and '313 patents are invalid for failing to comply with the requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER

WHEREFORE, HP respectfully requests that this Court enter judgment in its favor that:

A.      HP is not infringing and has not infringed any claim of U.S. Patent No. 5,307,459;

B.      HP is not infringing and has not infringed any claim of U.S. Patent No. 5,434,872;

C.      HP is not infringing and has not infringed any claim of U.S. Patent No. 5,732,094;

D.      HP is not infringing and has not infringed any claim of U.S. Patent No. 5,299,313;

E.      U.S. Patent No. 5,307,459 is invalid;

F.      U.S. Patent No. 5,434,872 is invalid;

G.      U.S. Patent No. 5,732,094  is invalid;

H.      U.S. Patent No. 5,299,313 is invalid;

I.      USEI's claims are dismissed in their entirety with prejudice;

J.      This is an exceptional case under 35 U.S.C. § 285 and HP is entitled to recover its reasonable attorneys' fees; and

K.      HP is entitled to recover its costs, and such other additional relief as the Court may deem just and proper under the circumstances.

**JURY DEMAND**

HP hereby demands a jury trial on all issues so triable.

Respectfully submitted,

 /s/ Roderick B. Williams
Roderick B. Williams
State Bar of Texas No. 21573700
K&L Gates LLP
111 Congress Ave., Ste. 900
Austin, Texas 78701
(512) 482-6880 (phone)
(512) 482-6859 (fax)
rick.williams@klgates.com

Michael J. Bettinger
Admitted *pro hac vice*
K&L Gates LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
(415) 882-8002 (phone)
(415) 882-8220 (fax)
michael.bettinger@klgates.com

David T. McDonald
Admitted *pro hac vice*
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
(206) 370-7957 (phone)
(206) 623-7022 (fax)
David.McDonald@klgates.com

**ATTORNEYS FOR DEFENDANT
HEWLETT PACKARD CO.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this motion was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-(5)(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email and/or fax, on this the 17th day of December, 2009.

__ */s/ Roderick B. Williams* __