UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>Acer, Inc., Acer America Corporation, Apple, Inc., ASUS Computer International, ASUSTeK Computer Inc.; Dell Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway, Inc., Hewlett Packard Co., HP Development Company LLC, Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc.,<br><br>      Defendants,<br><br>  and<br><br>INTEL CORPORATION,<br><br>      Intervenor. | Case No. 6:09-CV-448-JDL<br><br>**JURY TRIAL DEMANDED** |

**INTEL CORPORATION'S COMPLAINT IN INTERVENTION**

      Pursuant to Federal Rule of Civil Procedure 24(c), Intervenor Intel Corporation ("Intel") hereby alleges for its Complaint in Intervention as follows:

      1.    Intel seeks a declaratory judgment of non-infringement and invalidity pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

**PARTIES**

2. Intel is a Delaware corporation with its worldwide headquarters in Santa Clara, California. Intel designs, manufactures and sells networking products for use in computer systems.

3. Upon information and belief, Plaintiff and Defendant in Intervention, U.S. Ethernet Innovations, LLC ("U.S. Ethernet"), is a limited liability company with its principal place of business in Tyler, Texas.

**JURISDICTION AND VENUE**

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a), (b) and (c).

6. This Court has personal jurisdiction over U.S. Ethernet by virtue of, inter alia, its filing of the Complaint in this action.

**BACKGROUND AND INTEL'S INTEREST IN THIS LAWSUIT**

7. On October 9, 2009, U.S. Ethernet filed its Complaint in this action accusing numerous Intel customers -- including Acer, Inc., Acer America Corporation, Apple, Inc., ASUS Computer International, ASUSTeK Computer Inc., Dell Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway, Inc., Hewlett Packard Co., HP Development Company LLC, Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc. (collectively, "Intel Customers") -- of making, using, selling, offering to sell and/or importing products that allegedly infringe United States Patent Nos. 5,307,459, 5,434,872, 5,732,094, and 5,299,313 (respectively, the "'459 Patent, the '872 Patent, the '094 Patent, and the '313 Patent"; collectively, the "Asserted Patents").

8. The Intel Customers design, manufacture and sell some computer systems that incorporate Intel networking products.

9. U.S. Ethernet's allegations under the Asserted Patents are directed against Intel Customers' products that incorporate Intel's networking technology.

10. U.S. Ethernet's assertion that computer systems in which Intel products provide networking functionality infringe certain of its patents is tantamount to accusing Intel of infringement.  In addition, U.S. Ethernet's Complaint expressly accuses an Intel component of infringement with respect to one defendant, stating "Dell imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, *the Intel PRO/100*, E1405, D420, and Inspiron 1525 (collectively, the 'Dell Accused Products')." [Complaint (Dkt. 1), ¶ 25 (emphasis added).]  Thus, Intel has a direct and substantial interest in defending against and defeating U.S. Ethernet's infringement claims.

11. Intel has agreed to requests from at least six Intel Customers to defend and partially indemnify them in connection with U.S. Ethernet's claims directed at Intel technology used in their products.  As a result, Intel has a substantial financial interest in the outcome of this litigation.

12. As a result of U.S. Ethernet's infringement allegations against the Intel Customers, Intel has an objectively reasonable apprehension that U.S. Ethernet will claim that Intel's products directly or indirectly infringe one or more of the Asserted Patents. Therefore, an actual controversy exists between Intel and U.S. Ethernet.  By intervening in this action, Intel seeks the Court's assistance and declaration concerning these matters, which have been and are subjects of disagreement among the parties.

## COUNT 1

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 5,307,459

13. Intel incorporates by reference the allegations in paragraphs 1-12.

14. A valid and justiciable controversy has arisen and exists between Intel and U.S. Ethernet regarding the '459 Patent.

15. Each claim of the '459 Patent that U.S. Ethernet will accuse Intel or any of its customers of infringing is invalid.

16. By making, using, selling, offering to sell, marketing, licensing or importing its products, Intel does not directly or indirectly infringe any claim of the '459 Patent.

17. The Intel Customers do not directly or indirectly infringe any claim of the '459 Patent by making, using, selling, offering to sell, marketing, licensing or importing products that incorporate Intel networking technology.

18. U.S. Ethernet's infringement claims against the Intel Customers with regard to the '459 Patent are barred in whole or in part by the doctrines of laches and/or equitable estoppel.

19. A judicial declaration concerning these matters is necessary and appropriate at this time so that Intel can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## COUNT 2

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 5,434,872

20. Intel incorporates by reference the allegations in paragraphs 1-19.

21. A valid and justiciable controversy has arisen and exists between Intel and U.S. Ethernet regarding the '872 Patent.

22. Each claim of the '872 Patent that U.S. Ethernet will accuse Intel or any of its customers of infringing is invalid.

23. By making, using, selling, offering to sell, marketing, licensing or importing its products, Intel does not directly or indirectly infringe any claim of the '872 Patent.

24. The Intel Customers do not directly or indirectly infringe any claim of the '872 Patent by making, using, selling, offering to sell, marketing, licensing or importing products that incorporate Intel networking technology.

25. U.S. Ethernet's infringement claims against the Intel Customers with regard to the '872 Patent are barred in whole or in part by the doctrines of laches and/or equitable estoppel. A judicial declaration concerning these matters is necessary and appropriate at this time so that Intel can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## COUNT 3

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 5,732,094

26. Intel incorporates by reference the allegations in paragraphs 1-25.

27. A valid and justiciable controversy has arisen and exists between Intel and U.S. Ethernet regarding the '094 Patent.

28. Each claim of the '094 Patent that U.S. Ethernet will accuse Intel or any of its customers of infringing is invalid.

29. By making, using, selling, offering to sell, marketing, licensing or importing its products, Intel does not directly or indirectly infringe any claim of the '094 Patent.

30. The Intel Customers do not directly or indirectly infringe any claim of the '094 Patent by making, using, selling, offering to sell, marketing, licensing or importing products that incorporate Intel networking technology.

31. U.S. Ethernet's infringement claims against the Intel Customers with regard to the '094 Patent are barred in whole or in part by the doctrines of laches and/or equitable estoppel.

A judicial declaration concerning these matters is necessary and appropriate at this time so that Intel can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## COUNT 4

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 5,299,313

32. Intel incorporates by reference the allegations in paragraphs 1-31.

33. A valid and justiciable controversy has arisen and exists between Intel and U.S. Ethernet regarding the '313 Patent.

34. Each claim of the '313 Patent that U.S. Ethernet will accuse Intel or any of its customers of infringing is invalid.

35. By making, using, selling, offering to sell, marketing, licensing or importing its products, Intel does not directly or indirectly infringe any claim of the '313 Patent.

36. The Intel Customers do not directly or indirectly infringe any claim of the '313 Patent by making, using, selling, offering to sell, marketing, licensing or importing products that incorporate Intel networking technology.

37. U.S. Ethernet's infringement claims against the Intel Customers with regard to the '313 Patent are barred in whole or in part by the doctrines of laches and/or equitable estoppel. A judicial declaration concerning these matters is necessary and appropriate at this time so that Intel can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## REQUEST FOR RELIEF

Therefore, Intel requests judgment as follows:

1. For a declaration that the claims of the Asserted Patents that U.S. Ethernet accuses Intel or Intel's customers of infringing are invalid;

INTEL CORPORATION'S COMPLAINT IN INTERVENTION - Page 5

2.     For a declaration that neither Intel nor any of its products infringe (directly, indirectly, literally and/or under the doctrine of equivalents) any valid claim of the Asserted Patents;

3.     For a declaration that no valid claim of the Asserted Patents is infringed (directly, indirectly, literally and/or under the doctrine of equivalents) by any of the Intel Customers or any other Intel customer, by virtue of incorporating any Intel product into any such customer's products;

4.     For a determination that this case is exceptional under 35 U.S.C. § 285 and an award to Intel of its attorneys' fees, costs, and expenses in connection with this action; and

5.     Such other and further equitable or legal relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Intel hereby demands a jury trial as to all issues triable to a jury.

Dated:  May 10, 2010	Respectfully submitted,

                                                      FISH & RICHARDSON P.C.


                                                     By:  */s/ Garland T. Stephens*
                                                           Garland T. Stephens, Lead Attorney
                                                           (24053910)
                                                           David J. Healey (09327980)
                                                           Benjamin C. Elacqua (24055443)
                                                           John P. Brinkmann (24068091)
                                                           **FISH & RICHARDSON P.C.**
                                                           1221 McKinney Street
                                                           Suite 2800
                                                           Houston, TX 77010
                                                           713-654-5300
                                                           Fax: 713-652-0109
                                                           stephens@fr.com
                                                           healey@fr.com
                                                           elacqua@fr.com
                                                           brinkman@fr.com

                                                           John W. Thornburgh
                                                           Seth M. Sproul
                                                           **FISH & RICHARDSON P.C.**
                                                           12390 El Camino Real
                                                           San Diego, CA 92130
                                                           858-678-5070
                                                           Fax: 858-678-5099
                                                           thornburgh@fr.com
                                                           sproul@fr.com

                                                  Counsel for Intervening Party
                                                  INTEL CORPORATION

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 10, 2010 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

                                           */s/ Stacci H. Mahadeo*
                                              Stacci H. Mahadeo

2010-05-10 Intel Corporation Complaint in Intervention.doc