# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>Acer, Inc.; Acer America Corporation; Apple, Inc.; ASUS Computer International; ASUSTeK Computer Inc.; Dell Inc.; Fujitsu Ltd.; Fujitsu America, Inc.; Gateway, Inc.; Hewlett Packard Co.; Sony Corporation; Sony Corporation of America; Sony Electronics Inc.; Toshiba Corporation; Toshiba America, Inc.; and Toshiba America Information Systems, Inc.,<br><br>        Defendants. | Civil Action File<br>No. 6:09-cv-448-JDL |

**PLAINTIFF U.S. ETHERNET INNOVATIONS, LLC'S
ANSWER AND COUNTERCLAIMS TO NVIDIA
CORPORATION'S COMPLAINT IN INTERVENTION**

Plaintiff, U.S. Ethernet Innovations, LLC ("USEI"), pursuant to Federal Rule of Civil Procedure 12, hereby makes and files this Answer and Counterclaims to NVIDIA Corporation's ("NVIDIA") Complaint in Intervention. Unless specifically admitted herein, USEI denies each and every allegation, matter, and thing contained in the Complaint in Intervention and each and every part and portion thereof.

## PARTIES

1. Admitted.

2. Admitted.

## JURISDICTION AND VENUE

3. USEI admits that this Court has subject matter jurisdiction over this action.

4. USEI admits that venue is proper in this district.

5. USEI admits, for the purposes of NVIDIA's Complaint in Intervention only, that this Court has personal jurisdiction over USEI.

## BACKGROUND AND NVIDIA'S INTEREST IN THIS ACTION

6. USEI is without knowledge or information sufficient to form a belief as to the truth of whether Apple, Inc., Fujitsu Ltd., and Fujitsu America, Inc. are "NVIDIA customers." USEI admits the remaining allegations in paragraph 6.

7. Admitted.

8. USEI admits that some of the products USEI has accused of infringement in this action incorporate NVIDIA networking products. USEI denies the remaining allegations in paragraph 8.

9. USEI admits that some of the products USEI has accused of infringement in this action incorporate NVIDIA networking products. USEI denies the remaining allegations in paragraph 9.

10. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. USEI admits that an actual controversy exists between NVIDIA and USEI regarding NVIDIA's infringement of United States Patent No. 5,732,094 (the "'094 Patent"). USEI denies the remaining allegations in paragraph 11.

## COUNT ONE
## DECLARATORY JUDGMENT REGARDING U.S, PATENT NO. 5,307,459

12. USEI incorporates by reference the responses in paragraphs 1-11.

13. Denied.

14. Denied.

15. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. Denied.

18. Denied.

## COUNT TWO
## DECLARATORY JUDGMENT REGARDING U.S, PATENT NO. 5,434,872

19. USEI incorporates by reference the responses in paragraphs 1-18.

20. Denied.

21. Denied.

22. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Denied.

25. Denied.

## COUNT THREE
## DECLARATORY JUDGMENT REGARDING U.S, PATENT NO. 5,732,094

26. USEI incorporates by reference the responses in paragraphs 1-25.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

## COUNT FOUR
## DECLARATORY JUDGMENT REGARDING U.S, PATENT NO. 5,299,313

33. USEI incorporates by reference the responses in paragraphs 1-32.

34. Denied.

35. Denied.

36. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Denied.

39. Denied.

## DEFENSES

Further answering the Complaint in Intervention, USEI asserts the following defenses. USEI reserves the right to amend its answer with additional defenses as further information is obtained.

### First Defense

NVIDIA's Complaint in Intervention fails to state a claim upon which relief can be granted.

### Second Defense

NVIDIA's Complaint in Intervention is barred, in whole or in part, under the doctrines of waiver and estoppel.

### Third Defense

NVIDIA's Complaint in Intervention is barred, in whole or in part, under the doctrine of unclean hands.

### COUNTERCLAIMS

1. Plaintiff USEI owns United States Patent No. 5,732,094 (the "'094 Patent").

2. NVIDIA has made, used, imported, and/or sold and/or continues to make, use, import, and/or sell the technology claimed by the '094 Patent in systems and methods without USEI's permission.

3. Plaintiff USEI seeks damages for NVIDIA's infringement of the '094 Patent.

### Parties

4. Plaintiff USEI is a Texas limited liability corporation. USEI's principal place of business is in Tyler, Texas.

5. On information and belief, NVIDIA Corporation is a Delaware corporation, with a principal place of business at 2701 San Thomas Expressway, Santa Clara, California 95050.

### Jurisdiction and Venue

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this judicial district because each Defendant is a corporation subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 1391(b)-(c).

9. On information and belief, NVIDIA is subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm

Statute, due at least to their substantial business in this forum, including: (1) a portion of the infringements alleged herein, including making, using, importing, selling, and/or offering to sell products, methods, and systems that infringe the claims of the '094 Patent; (2) the presence of established distribution channels for NVIDIA's products in this forum; and (3) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

### Patents-In-Suit

10.     The '094 Patent, entitled "Method for Automatic Initiation of Data Transmission," was duly and legally issued on March 24, 1998 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer.  A true and correct copy of the '094 Patent is attached hereto as Exhibit A.

11.     USEI is the sole owner of the entire right, title, and interest in the '094 Patent by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement.

### Accused Products

12.     NVIDIA imports, makes, uses, offers for sale, and/or sells certain products and devices, including, without limitation, the MCP79 Ethernet Controller (collectively, the "NVIDIA Accused Products"), that infringe one or more claims of the '094 Patent.

### Count I

13.     USEI restates and realleges the allegations set forth in paragraphs 1 through 12 of its Counterclaims and incorporates them by reference.

14. Without a license or permission from USEI, NVIDIA infringed and continues to infringe one or more claims of the '094 Patent, directly by importing, making, using, offering for sale, and/or selling products and devices, including, without limitation, the NVIDIA Accused Products. In addition, NVIDIA contributes to and induces infringement of one or more claims of the '094 Patent through supplying systems and components incorporated by Defendants into various infringing products, including, without limitation, the Acer Aspire 7530 Notebook, the Apple Macbook, the ASUS N10 Netbook, the Dell Studio XPS 1340 Notebook, the HP Mini 311 Netbook, and the Toshiba Qosmio X305-Q708 Notebook. The acts of infringement of the '094 Patent by NVIDIA have caused damage to USEI, and USEI is entitled to recover from NVIDIA the damages sustained by USEI as a result of the wrongful acts of NVIDIA in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '094 Patent by NVIDIA will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. NVIDIA has had actual or constructive knowledge of the '094 Patent, yet continue to infringe said patent. The infringement of the '094 Patent by NVIDIA is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

USEI denies that NVIDIA is entitled to any relief in this action. In addition, USEI prays for the following relief against NVIDIA:

A. A judgment that NVIDIA has directly infringed the '094 Patent, contributorily infringed the '094 Patent, and/or induced infringement of the '094 Patent;

B. An award of all damages recoverable under the laws of the United States and the laws of the State of Texas in an amount to be proven at trial;

- 8 -

      C.      An award of treble damages pursuant to 35 U.S.C. § 284 against NVIDIA as a result of NVIDIA's willful infringement;

      D.      A preliminary, and thereafter permanent, injunction enjoining and restraining NVIDIA and its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through it, from directly infringing, contributorily infringing, and inducing the infringement of the '094 Patent, as set forth herein;

      E.      A judgment and order requiring NVIDIA to pay USEI pre-judgment and post-judgment interest on the full amounts of the damages awarded;

      F.      A judgment requiring NVIDIA to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

      G.      Such other and further relief as this Court may deem just and equitable.

## JURY DEMAND

USEI demands a trial by jury on all triable issues in this action.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted, this 14th day of June, 2010.

ROBBINS, GELLER, RUDMAN & DOWD LLP

/s/ Peter M. Jones
John C. Herman
Ryan K. Walsh
Peter M. Jones
Jason S. Jackson
Jessica K. Redmond
3424 Peachtree Street, N.E.
Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)
jherman@rgrdlaw.com
rwalsh@rgrdlaw.com
pjones@rgrdlaw.com
jjackson@rgrdlaw.com
jredmond@rgrdlaw.com

and

WARD & SMITH LAW FIRM
T. John Ward, Jr.
Wesley Hill
P. O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (fax)
jw@jwfirm.com
wh@jwfirm.com

Attorneys for Plaintiff
U.S. Ethernet Innovations, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ Peter M. Jones
Peter M. Jones