## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 6:09-cv-448-JDL |
| | § | |
| ACER, INC., | § | |
| ACER AMERICA CORP., | § | |
| APPLE, INC., | § | |
| ASUS COMPUTER, INTERNATIONAL, | § | JURY TRIAL DEMANDED |
| ASUSTeK COMPUTER, INC., | § | |
| DELL INC., | § | |
| FUJITSU LTD., | § | |
| FUJUITSU AMERICA, INC., | § | |
| GATEWAY, INC., | § | |
| HEWLETT PACKARD, CO., | § | |
| HP DEVELOPMENT COMPANY LLC, | § | |
| SONY CORP. OF AMERICA, | § | |
| SONY ELECTRONICS, INC., | § | |
| TOSHIBA CORP., | § | |
| TOSHIBA AMERICA, INC., AND | § | |
| TOSHIBA AMERICA | § | |
|     INFORMATION SYSTEMS, INC., | § | |
| | § | |
| Defendants. | § | |

### ORDER

Before the Court is Plaintiff U.S. Ethernet Innovations, LLC's ("USEI") Motion for Reconsideration of the Court's Order on Defendants' Joint Motion to Transfer (Doc. No. 325) ("Motion") and Defendants' collective Response (Doc. No. 337) ("Response") thereto.[1] Having

---

[1] The Motion is opposed by the following Defendants: Acer, Inc., Acer America Corp., Apple Inc., ASUS Computer International, ASUSTeK Computer Inc., Atheros Communications, Inc., Dell Inc., Fujitsu America, Inc., Fujitsu Ltd., Gateway, Inc., Hewlett Packard Co., Intel Corp., Marvell Semiconductor, Inc., NVIDIA Corp., Sony Corp., Sony Corp. of America, Sony Electronics Inc., Toshiba Corp., Toshiba America Inc., and Toshiba America Information Systems, Inc. (collectively, "Defendants").

reviewed the arguments presented by the parties, USEI's Motion to Reconsider is **DENIED**.

## BACKGROUND

On July 13, 2010 the Court granted Defendants' Motion to Transfer Venue. *See generally USEI v. Acer et al.*, No. 6:09-cv-448, 2010 WL 2771842 (E.D. Tex. July 13, 2010) (hereinafter "Venue Opinion"). The Venue Opinion first discussed the threshold question of whether the suit could have been originally filed in the destination venue under 28 U.S.C. § 1404(a). VENUE OPINION, 2010 WL 2771842, at *3–6 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc)). This threshold question was the topic of supplemental briefing[2] in which both parties evaluated the statements made in a declaration submitted by a representative of the Sony entities in support of the Motion to Transfer. The history of the dispute leading to the supplemental briefing is set forth in the Venue Opinion, as well as an Order issued on May 27, 2010 that required the parties to fully assess whether Defendants Sony Corporation of America ("SCA") and Sony Corporation ("SONY")  (collectively, "the Sony entities") have sufficient minimum contacts to make a prima facie showing of personal jurisdiction in the transferee district at the time the suit was filed. *See USEI v. Acer et al.*, No. 6:09-cv-448, slip. op. at 2–5 (E.D. Tex. May 27, 2010) (Doc. No. 260) ("Order for Supp. Briefing").

After evaluating the supplemental briefing, the Court found that Mr. Cowie's second amended declaration[3] established minimum contacts with the transferee forum. VENUE OPINION,

---

[2] Pursuant to the Court's Order, both USEI (Doc. No. 283) and Defendants (Doc. No. 267) filed Supplemental Briefs addressing jurisdictional questions raised in the Motion to Transfer.

[3] Throughout this Order, the Court refers to three separate declarations submitted by the same Sony representative, Mr. Robert Cowie. On March 9, 2010, Mr. Cowie submitted his initial declaration in support of Defendants' Motion (Doc. No. 135-4) ("Initial Cowie Decl."). On June 2, 2010, in response to a Court Order, Mr. Cowie submitted his second amended declaration in support of Defendants' Supplemental Brief (Doc. No. 267-1) ("Second Cowie Decl."). On August 9, 2010, Mr. Cowie submitted his third supplemental declaration in support of Defendants' opposition to the instant Motion (Doc. No. 337-1) ("Third Cowie Decl.").

2010 WL 2771842, at *4–6. In particular, the Court concluded that Defendants had made a prima facie showing of personal jurisdiction because at least some of the Sony VAIO products accused of infringing USEI's patents were potentially offered for sale in the United States, including the Northern District of California, prior to the filing of this lawsuit. *Id*. at *5. The Venue Opinion also identified additional contacts in California, whereby the Sony entities were working with California suppliers. *Id*. at 6. Assessing Defendants' contacts with the transferee forum as presented in the second Cowie declaration, the Court determined that the case "could have been filed" in the Northern District of California. *Id*.

The Venue Opinion then applied the § 1404(a) public and private interest factors and concluded that judicial economy and party convenience weighed in favor of transferring the case.

## THE PARTIES' CONTENTIONS

### *USEI's Position*

USEI now argues that the personal jurisdiction conclusions in the Venue Opinion should be reconsidered because the Court relied on a sworn statement that did not track Mr. Cowie's initial declaration. MOTION at 1. USEI contends that the initial declaration represented that the Sony entities were not subject to jurisdiction in California, and therefore, a later representation that the accused products were sold in the transferee district should not be considered. *See generally id*. at 3–5. USEI additionally contends that Defendants have not "purposefully availed" themselves of the California forum because Mr. Cowie's second declaration references "activities" in California, rather than purposeful acts "such as the negotiation of a contract in California or attendance of meetings in California, or even the injection of a Sony product into the stream of commerce. . ." MOTION at 5 (citing SECOND COWIE DECL.). In making these arguments, USEI distinguishes the contacts of

3

SCA and SONY to conclude that even if SCA has offered the accused the product in the transferee forum, SONY has not shown that it is subject to that Court's jurisdiction. *Id*. at 4–5.

### *Defendants' Position*

Defendants argue that the Court's jurisdictional analysis is correct and that the Venue Opinion adequately identified the basis for a prima facie showing of personal jurisdiction in the Northern District of California. Defendants clarify not only that SCA offered or sold the accused VAIO products as early as October 2006, THIRD COWIE DECL. at ¶ 5, but also that SONY has purposefully availed itself of the transferee forum. RESPONSE at 4–5 (relying on THIRD COWIE DECL. at ¶¶ 6–10). In particular, Defendants contend that because SONY representatives regularly went to the Northern District of California to meet with Intervenors in this case (e.g., Intel, Marvell, and Atheros), SONY has engaged in activities sufficient to subject it to personal jurisdiction in the Northern District of California. *Id*. at 6.

## ANALYSIS

At the outset, USEI's arguments as to the application of the convenience factors are without merit. The Initial Disclosures of Intervenors Marvell and Intel do not alter the previous application of the private interest factors. The Venue Opinion correctly found that Defendants have met their burden in showing that the Northern District of California is clearly more convenient.

Turning to the remaining jurisdictional dispute, when the initial Cowie declaration challenged whether SONY and SCA were subject to jurisdiction in the United States, INITIAL COWIE DECL. at ¶ 10, the Court required the parties to present the full factual and legal context of the Sony entities' contacts in California. Without clarification, a determination of the appropriateness of transfer under § 1404(a) would have been problematic. However, rather than prematurely resolving

the jurisdictional challenge with limited insight as to the Sony entities' dealings, the Court followed the approach taken in *Balthasar Online, Inc. v. Network Solutions, LLC* and resolved the dispute with the benefit of additional information. *See* 654 F. Supp.2d 546, 548 (E.D. Tex. 2009) ("On July 30, the Court ordered additional briefing by both parties on the threshold issue of whether venue and jurisdiction would be proper in the proposed venue."); *see also* ORDER FOR SUPP. BRIEFING at 4–5. In pursuing the Sony entities' California contacts, the Court desired a more accurate depiction of SCA and SONY's dealings in the transferee forum, including critical clarifications as to the potential offer and sale of accused VAIO products.

Although Mr. Cowie's second declaration does not precisely comport with his initial statement, the Court takes Mr. Cowie at his word that he was unaware of the corporate reorganization at the time the initial declaration was made. SECOND COWIE DECL. at n.1 ("I have just learned that, pursuant to a corporate reorganization, a division of SCA offers certain Sony VAIO products for sale in the United States, potentially including accused Sony products. My previous statements on this issue are hereby clarified with this newly learned information."); THIRD COWIE DECL. at ¶ 11 ("I only recently learned that SCA began selling or offering to sell VAIO products through a corporate organization. When I submitted my initial declaration, I was not aware of the corporate reorganization. . ."). Thus, Mr. Cowie's later statements will be considered in determining whether the case could have been filed in the Northern District of California.

### *SCA's Contacts with the Northern District of California*

SCA has presented sufficient evidence in the second and third Cowie declarations to satisfy the threshold jurisdictional inquiry. "[D]efendants need only present a prima facie case for personal jurisdiction and venue in the Northern District of California for the Court to proceed to the

convenience analysis." *Balthasar Online*, 654 F. Supp.2d at 551. This prima facie case is addressed in the Venue Opinion and further developed in opposition to the instant Motion. For example, in the Venue Opinion, the Court noted that the second Cowie declaration did not "affirmatively" acknowledge that the accused products were sold in the United States prior to the filing of this suit, but was still able to establish personal jurisdiction based on additional California contacts. VENUE OPINION, 2010 WL 2771842, at *6. Following the third Cowie declaration, however, there is additional affirmative evidence that SCA has offered or sold VAIO products accused of infringing under 35 U.S.C. § 271(a): "I confirm that SCA sold or offered for sale the accused products in the United States at the time the case was filed in October 2009." THIRD COWIE DECL. at ¶ 5.

Where, as here, jurisdiction is premised on the allegedly infringing activities, a court need only determine whether exercising personal jurisdiction over an out-of-state defendant comports with due process. The limits of the California Long Arm statute are co-extensive with the federal due process clause, *Balthasar Online*, 654 F. Supp.2d at 551 (citing *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements, Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003)); *see also* CAL. CIV. PROC. CODE § 410.10, and due process will be satisfied if the defendant "has certain minimum contacts" with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Mr. Cowie's affirmative confirmation that products accused of infringing USEI's patents were offered or sold prior to this case being filed is sufficient to establish minimum contacts under *Int'l Shoe*.

### *SONY's Contacts with the Northern District of California*

USEI's Motion to Reconsider maintains that even if SCA meets the threshold inquiry, Mr. Cowie's declarations do not establish that the Northern District of California has jurisdiction over

SONY. Again, these arguments are unpersuasive based on SONY's purposeful availment of the transferee forum. The Venue Opinion sets forth prima facie contacts for SONY in the state of California, and to the extent that SONY's relationship with the transferee forum was previously unclear, the activities between SONY and the suppliers of accused Ethernet controllers have now been further developed to bolster the Court's initial findings.

USEI specifically argues that SONY lacks minimum contacts because "Mr. Cowie does not reference a single purposeful act by Sony or SCA– such as the negotiation of a contract in California *or attendance of meetings in California*." MOTION at 5 (emphasis added). As discussed previously, SCA has adequately availed itself of the transferee forum, and Mr. Cowie's third declaration sets forth SONY "activities," such as the consistent attendance of meetings with Intervenors Intel, Marvell, and Atheros, that directly counters USEI's suggestion that the conclusions in the Venue Opinion are unsupported. *See* THIRD COWIE DECL. at ¶ 7–10.

Contrary to USEI's assertions that the Sony entities have not shown they are "working with" the California suppliers to develop the accused products, the details disclosed in response to the Motion to Reconsider characterizes SONY's dealings in California. Importantly, SONY now shows that it "worked with" the California suppliers Intel, Marvell, and Atheros prior to October 2009. RESPONSE at 4–5 (relying on THIRD COWIE DECL.). These recent disclosures constitute jurisdictional contacts in California where SONY representatives: (1) repeatedly visited Intel's Northern California headquarters for product support meetings, business review meetings, and Intel's "New Technology Conference"; (2) repeatedly visited Marvell's Northern California headquarters for product support meetings and business review meetings; and (3) repeatedly visited Atheros's Northern California headquarters for product support meetings and business review meetings. *Id.*

In short, the Court's earlier findings that the Sony entities purposefully availed themselves of the transferee forum were correct and the record currently reflects further support for the exercise of personal jurisdiction over all Defendants.

Having resolved the jurisdictional inquiry in favor of Defendants, it is further noted that this is not one of the rare cases in which the exercise of jurisdiction over Defendants in California would offend traditional notions of fair play and substantial justice. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1568 (Fed. Cir. 1994) (internal citations omitted) (limiting these type of cases to "the rare situation in which the plaintiff's interest and the state's interest in adjudicating the dispute in the forum are so attenuated that they are clearly outweighed by the burden of subjecting the defendant to litigation within the forum."). Instead, California has an interest in preventing patent infringement within its borders and USEI has not identified any burdens that outweigh the exercise of personal jurisdiction over any Defendant in this case that offends traditional notions of fair play and substantial justice. *See Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 429 (Fed. Cir. 1996).

## CONCLUSION

Plaintiff's Motion for Reconsideration (Doc. No. 325) is **DENIED** and it is **ORDERED** that this case is transferred to the Northern District of California. In light of the transfer of venue, the Court suspends any and all pending deadlines as indicated in the Docket Control Order. Likewise, the Court suspends any deadline under the Local Rules for responding to pending motions. As such, Defendants' Motion to Suspend Scheduling Deadlines (Doc. No. 336) is **GRANTED**. The Clerk of the Court is directed to transfer this case to the Northern District of California.

**So ORDERED and SIGNED this 19th day of August, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE