1  John W. Thornburgh, SBN 154627, thornburgh@fr.com
   Seth M. Sproul, SBN 217711, sproul@fr.com
2  **FISH & RICHARDSON P.C.**
3  12390 El Camino Real
   San Diego, CA 92130
4  Telephone: 858-678-5070
   Facsimile: 858-678-5099
5
6  Garland T. Stephens, stephens@fr.com
   David J. Healey, *pro hac vice*, healey@fr.com
7  Benjamin C. Elacqua, *pro hac vice*, elacqua@fr.com
   John P. Brinkmann, *pro hac vice*, brinkmann@fr.com
8  **FISH & RICHARDSON P.C.**
   1221 McKinney Street, Suite 2800
9  Houston, TX 77010
   Telephone: 713-654-5300
10 Facsimile: 713-652-0109
11
   Attorneys for Intervenor Intel Corporation
12
                    UNITED STATES DISTRICT COURT
13
                   NORTHERN DISTRICT OF CALIFORNIA
14
                          SAN JOSE DIVISION
15
   U.S. Ethernet Innovations, LLC,          Case No. 5:10-cv-03724 JW (PVT)
16
               Plaintiff,
17                                          INTERVENORS' OPPOSITION TO U.S.
          v.                                ETHERNET INNOVATIONS, LLC'S
18                                          MOTION TO STRIKE AND CROSS-
   Acer, Inc., Acer America Corporation, Apple,   MOTION TO COMPEL U.S. ETHERNET
19 Inc., ASUS Computer International, ASUSTeK   INNOVATIONS, LLC'S PATENT LOCAL
   Computer Inc., Dell Inc., Fujitsu Limited, Fujitsu   RULE 3-1 INFRINGEMENT
20 America, Inc., Gateway, Inc., Hewlett Packard   CONTENTIONS
   Co., Sony Corporation, Sony Corporation of
21 America, Sony Electronics Inc., Toshiba
   Corporation, Toshiba America, Inc., and Toshiba   Date:      November 29, 2010
22 America Information Systems, Inc.,          Time:      9:00 a.m.
                                            Courtroom: 8, 4th floor
23             Defendants.                   Judge:     Hon. James Ware
24        and
25 Intel Corporation, NVIDIA Corporation, Marvell
   Semiconductor, Inc., and Atheros
26 Communications, Inc.,
27             Intervenors.
28

Intervenors' Opposition to U.S. Ethernet's Mot. to
Strike and Cross-Mot. to Compel
Case No. 5:10-cv-03724 JW (PVT)

1    Intervenors Intel Corporation, NVIDIA Corporation, and Marvell Semiconductor, Inc.

2  (collectively "Intervenors") hereby provide this further opposition to plaintiff U.S. Ethernet

3  Innovations, LLC's ("USEI") Motion to Strike Intervenors' Invalidity Defenses (Document No.

4  442) ("USEI's Motion to Strike") filed on October 8, 2010.[1]  Intervenors also cross-move to

5  compel USEI to serve Infringement Contentions that comply with Patent Local Rules 3-1 and 3-2

6  of the Northern District of California.

7                              **MEMORANDUM OF POINTS AND AUTHORITIES**

8  **I.    INTRODUCTION**

9    USEI's motion, which was originally filed in Texas, is premised on its insistence that

10  Intervenors had a continuing obligation to adhere to the local rules of Texas and the schedule set

11  by the Texas court, even though those rules were no longer applicable and that schedule had been

12  vacated because the case was transferred.  Based on Intervenors' refusal to comply with these

13  vacated dates and inapplicable rules, USEI seeks severe sanctions – the striking of Intervenors'

14  meritorious patent invalidity defenses in this case.

15    There was never any merit to USEI's motion to strike because deadlines specific to the

16  Eastern District of Texas were no longer controlling after the Texas court ordered the case

17  transferred to the Northern District of California.  This point was further brought home when the

18  Eastern District of Texas Court denied USEI's Motion for Reconsideration of the order

19  transferring this case to the Northern District of California, and then granted Intervenors' motion

20  to suspend all scheduling deadlines, including the specific deadlines regarding service of

21  Invalidity Contentions that USEI now asks this Court to enforce.  (Dkt. 348)  USEI's continued

22  pursuit of its motion before the California Court is wasteful and frivolous.

23    In addition, because of the change of venue, before it can seek Intervenors' invalidity

24  contentions under the Local Rules of Practice for Patent Cases before the United States District

25  Court for the Northern District of California, USEI needs to serve Patent L.R. 3-1 and 3-2

26

27  [1]   Intervenors filed their initial Opposition to USEI's Motion to Strike while the case was still
   pending in the Eastern District of Texas (Dkt. 339).  Intervenors expressly rely on that filing in
28  Opposition to the pending Motion to Strike.

1   Intervenors' Opposition to U.S. Ethernet's Mot. to
    Strike and Cross-Mot. to Compel
    Case No. 5:10-cv-03724 JW (PVT)

1   disclosures to comply with the local patent rules, which differ in significant respects to those in the

2   Eastern District of Texas. USEI's initial Infringement Contentions, as served when the case was

3   pending in the Eastern District of Texas, are facially deficient under the Northern District rules. In

4   the interest of judicial efficiency, counsel for Intervenors proposed a resolution to both the

5   pending Motion to Strike and the deficiency in USEI's current contentions, under which

6   Intervenors would serve their invalidity contentions in accordance with the Northern District

7   Patent Local Rules without waiting for the Court to set a schedule. (Ex. A)[2] Counsel for USEI

8   rejected this attempt at compromise. (Exs. B, D.)

9        USEI offered no compromise proposal, other than for Intervenors to adopt the original

10   Defendants' P.R.3-3 contentions served in Texas. (Ex. A) Intervenors are thus left with no choice

11   and hereby cross-move to compel USEI's compliance with Patent L.R. 3-1 and 3-2 before

12   Intervenors' are required to comply with Patent L.R. 3-3, as USEI's current Infringement

13   Contentions do not satisfy the rules' requirements.[3]

14   **II.**     **USEI'S MOTION TO STRIKE SHOULD BE DENIED**

15       **A.**     **USEI's motion is moot because the Eastern District of Texas suspended all deadlines**

16

17        USEI's primary contention in its motion to strike is that the Intervenors ignored a deadline

18   requiring them to serve their Invalidity Contentions pursuant to Eastern District of Texas Patent

19   Local Rule ("P.R.")[4] 3-2. However, at the request of Defendants, the Eastern District Court

20   suspended the deadline as requested by Defendants, making USEI's motion to strike moot.

---

21   [2] Exhibits referenced are to the Sproul Declaration attached to this opposition.

22   [3] At 2:30 PST on Monday, November 1, 2010 - as Intervenors were about to file this Opposition
23   and Motion to Compel - counsel for USEI emailed a letter to the Intervenors stating that they were
serving their Patent L.R. 3-1 contentions that day. (Exs. B, C). Intervenors have not received the
24   contentions, as they were presumably mailed separately. This service was without any notice to
the Intervenors, despite numerous meet and confers on the subject and requests from Intervenors
25   for an alternate proposal from USEI. (Ex. D) Intervenors will review these contentions, and will
withdraw their motion to compel if appropriate in view thereof.

26   [4] The Patent Local Rules of the Eastern District of Texas are cited throughout as P.R., and the
27   Local Rules of Practice for Patent Cases before the United States District Court for the Northern
District of California are cited as Patent L.R.

28

2   Intervenors' Opposition to U.S. Ethernet's Mot. to
Strike and Cross-Mot. to Compel
Case No. 5:10-cv-03724 JW (PVT)

Intervenors' original opposition (Dkt. 339) describes why it was proper for Intervenors to consider the P.R. 3-1 deadline no longer controlling.  In short, it was clear that the Eastern District of Texas intended to suspend all pending deadlines when it granted Defendants' Motion to Transfer since the deadlines at issue arose under the Texas Local Rules which no longer applied.

Moreover, since the Texas court did not explicitly address the issue in its transfer order, Defendants filed a motion to Suspend Scheduling Deadlines, which directly asked the court to clarify that the transfer order suspended all current discovery and scheduling deadlines.  (Dkt. 336).  The reasoning given was that:  "Defendants believe that once the Court entered its Transfer Order, all existing schedules and deadlines under the Eastern District rules, along with this Court's trial date, were suspended pending transfer to the NDCA."  As Intervenors further noted:

> USEI, however, continues to press Defendants to comply with deadlines specific to the Eastern District of Texas Local Rules. In order to remove any confusion as to the ongoing obligations of the parties, Defendants respectfully request that the Court suspend all pending deadlines, including those in the *Docket Control Order* (Dkt. 169), *Discovery Order* (Dkt. 177), *Order Amending the Docket Control Order* (Dkt. 256), and the *Order to Extend Deadlines* (Dkt. 303).

In response, the Texas court granted Defendants' motion to Suspend Scheduling Deadlines in its Denial of USEI's motion to reconsider the transfer order:

> In light of the transfer of venue, the Court suspends any and all pending deadlines as indicated in the Docket Control Order. Likewise, the Court suspends any deadline under the Local Rules for responding to pending motions. As such, Defendants' Motion to Suspend Scheduling Deadlines (Doc. No. 336) is **GRANTED**. The Clerk of the Court is directed to transfer this case to the Northern District of California.

(Dkt. 348 at 8.)  By that order, the Texas court removed any doubt that there was no basis for USEI's motion, rendering it moot.  USEI's motion to strike should therefore be denied.

### B.     USEI's motion was never warranted

As explained in the original Opposition briefing (Dkt. 339), there is no merit to USEI's motion to strike, because deadlines specific to the Eastern District of Texas were no longer controlling after the court ordered the case transferred to the Northern District of California.  The transfer of venue meant that different local patent rules would govern, with a different schedule

Intervenors' Opposition to U.S. Ethernet's Mot. to
Strike and Cross-Mot. to Compel
Case No. 5:10-cv-03724 JW (PVT)

1   governing the various disclosures.  Intervenors were thus not required to serve their Invalidity

2   Contentions under the Eastern District of Texas Patent Local Rules.

3          A key component of the change of venue is the change in what Plaintiffs are required to

4   provide as part of their infringement disclosures under the local rules in the Northern District of

5   California.  USEI's P.R. 3-1 contentions under the Eastern District of Texas rules do not satisfy

6   the requirements for disclosure under Patent L.R. 3-1 of the Northern District.  Until USEI

7   satisfies Patent L.R. 3-1 requirements pursuant to a schedule to be set by this Court, Intervenors

8   obligation to serve Invalidity Contentions are not triggered under Patent L.R. 3-3.

9          In addition to having no merit, USEI's motion is also untenable because it seeks a remedy

10  that is wildly out of proportion with the harm that it claims to have suffered.  As noted in the

11  original Opposition briefing, because USEI had already been provided all prior art of which

12  Intervenors are aware, and further had already received a thorough set of invalidity contentions

13  from the Defendants, there is no danger of unfair prejudice.

14         Rather, at issue here is simply *when* Intervenors will serve their Invalidity Contentions, not

15  whether Intervenors will serve them.  The transfer of this case necessarily resulted in a change of

16  schedule - one that will soon be set by this Court.  Intervenors are only asking that the Court set a

17  schedule that guarantees compliance by all parties with the Patent Local Rules of this district.

18  There is thus no harm to USEI apart from the modest delay inherent in the transfer of the case.

19  Indeed, Intervenors attempted to reach a compromise with USEI whereby, if USEI were to agree

20  to serve infringement contentions that comply with Patent L.R. 3-1, then Intervenors would agree

21  to serve invalidity contentions under Patent L.R. 3-3 following the timing set forth in the Patent

22  Local Rules without waiting for the Court to adopt a schedule – expediting the production of both

23  parties' contentions and limiting any potential prejudice.  (Ex. A)  USEI rejected this compromise.

**III.    USEI SHOULD BE ORDERED TO SERVE PATENT L.R. 3-1 CONTENTIONS
24        THAT COMPLY WITH THE NORTHERN DISTRICT OF CALIFORNIA LOCAL
25        RULES**

26         USEI has taken inconsistent positions regarding its Infringement Contentions: on the one

27  hand, USEI has represented that the deadline for USEI's Infringement Contentions under the

28
                                        4    Intervenors' Opposition to U.S. Ethernet's Mot. to
                                             Strike and Cross-Mot. to Compel
                                             Case No. 5:10-cv-03724 JW (PVT)

1  Northern District of California Patent Local Rules has not yet come due, while on the other hand

2  USEI has taken the position that is has served non-deficient Infringement Contentions requiring

3  Invalidity Contentions from Intervenors.  Thus, to the extent that USEI's Motion to Strike

4  represents that USEI has served sufficient Infringement Contentions requiring a response from

5  Intervenors, the Intervenors request the Court compel supplementation of those contentions to

6  include all of the information required under the Northern District rules.

7        The Patent L.R. 3-1 contentions required by the Northern District of California are

8  different in scope than those required by the Eastern District of Texas.  The California Patent L.R.

9  3-1 requires, in subsection (a), that plaintiff state, for each claim, the applicable statutory

10  subsections of 35 U.S.C. §271 asserted.  Subsection (d) requires plaintiff to identify and describe

11  in detail the basis for each allegation of indirect infringement.  Subsection (h) requires plaintiff to

12  explain the basis for its allegations of willful infringement.  Patent L.R. 3-2 subsection (e) requires

13  plaintiff to produce documents showing the operation of each element of its own products that it

14  intends to rely on as practicing the claimed inventions.  These disclosures are not required under

15  the Eastern District of Texas Local Rules, and USEI has not made them.  The table below

16  highlights the differences between the two sets of local rules.

| *COMPARISON OF PATENT LOCAL RULES* *(DIFFERENCES SHOWN IN ITALICS)* | |
|---|---|
| ***Eastern District of Texas*** | ***Northern District of California*** |
| (a) Each claim of each patent in suit that is allegedly infringed by each opposing party; | (a) Each claim of each patent in suit that is allegedly infringed by each opposing party, *including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;* |
| (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be | (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by |

5        Intervenors' Opposition to U.S. Ethernet's Mot. to
Strike and Cross-Mot. to Compel
Case No. 5:10-cv-03724 JW (PVT)

| | |
|---|---|
| identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process; | name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process; |
| (c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function; | (c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function. |
| | *(d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.* |
| (d) Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality; | (e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality; |
| (e) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and | (f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and |
| (f) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim. | (g) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim. |
| | *(h) If a party claiming patent infringement alleges willful infringement, the basis for such allegation.* |

Subsections (d), (g) and (h) are significant omissions in USEI's current infringement contentions. Subsection (d) requires detailed information from USEI regarding its allegations of indirect infringement. Given USEI's allegations of indirect infringement and the relationship of Intervenors as suppliers to other named Defendants in this case, this particular information is especially important here.

Furthermore, subsection (g) requires USEI to identify any products that embody its patents. This dovetails with Patent L.R. 3-2(e), which requires plaintiff to produce documents showing the operation of each element of its own products that it intends to rely on as practicing the claimed inventions. This is important here because USEI is a non-practicing entity that has acquired certain patents originally filed by 3Com Corporation. USEI indicated in its Texas P.R. 3-1 disclosure that it intended to rely on past 3Com products as embodiments of the patents in suit, but did not identify any specific products. It simply said that 3Com "practiced these inventions." Nor does it identify documents that show where each element is practiced. If USEI wants to rely on the 3Com products as its own embodying products, then it needs to identify them in compliance with the rules. If not, then disclosure of that fact is equally important. Knowing at the outset USEI's contentions regarding practicing products is key for Intervenors and Defendants in order to move forward with discovery, which is why the local rules require such disclosure.

Finally, subsection (h) requires plaintiff to explain the basis for its allegations of willful infringement. In its complaint, USEI alleged that the infringement of its patents is willful, but has provided no facts or evidence to support this allegation. It should be required to do so.

To comply with the N.D. Cal. rules, USEI must serve new Patent L.R. 3-1 disclosures. The Patent Local Rules do not require disclosure of Intervenors' invalidity contentions under Patent L.R. 3-3 until after USEI complies with its obligations under Patent L.R. 3-1, which it has not done. In order to provide a reasonable schedule in this case, and to provide for fair disclosures, the Court should order that the parties comply with all the California rules, starting with USEI's compliance with Patent L.R. 3-1.

## IV. CONCLUSION

For the above stated reasons, as well the reasons set forth in Intervenors' Opposition to USEI's Motion to Strike (Dkt. 339), the Intervenors hereby respectfully request that the Court deny USEI's Motion to Strike, grant Intervenor's Cross-Motion to Compel, and set a schedule that requires compliance by both parties with all relevant provisions of the Local Rules of Practice for Patent Cases before the United States District Court for the Northern District of California.

Intervenors' Opposition to U.S. Ethernet's Mot. to
Strike and Cross-Mot. to Compel
Case No. 5:10-cv-03724 JW (PVT)

1  Dated:  November 1, 2010                    FISH & RICHARDSON P.C.

2                                              By:  */s/ Seth M. Sproul*
                                                    Seth M. Sproul
3

4                                              Counsel for Intervenor INTEL CORPORATION

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8      Intervenors' Opposition to U.S. Ethernet's Mot. to
                  Strike and Cross-Mot. to Compel
                  Case No. 5:10-cv-03724 JW (PVT)