IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br><br>　　　　Plaintiff,<br>　v.<br>Acer, Inc., et al.,<br>　　　　Defendants. | NO. C 10-03724 JW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE; GRANTING BROADCOM'S MOTION TO INTERVENE; DENYING DEFENDANTS' MOTION TO SEVER AND RESTRUCTURE AS PREMATURE** |

## I. INTRODUCTION

U.S. Ethernet Innovations, LLC ("Plaintiff") brings this action against several companies[1] (collectively, "Defendants"), alleging infringement of U.S. Patent Nos. 5,307,459; 4,434,872; 5,732,094; and 5,299,313 (collectively, the "Patents-in-Suit"). The Patents-in-Suit pertain to network interface adapters. Plaintiff alleges that Defendants infringe the Patents-in-Suit by manufacturing, using and selling certain semiconductor chips, motherboards and computer products.

---

[1] For ease of reference, the Court divides Defendants into two categories: the companies that supply the semiconductor chips that are incorporated into the accused products (the "Chip Supplier Defendants") and the original equipment manufacturers that make and sell the accused computer products (the "OEM Defendants"). The Chip Supplier Defendants include Atheros Communications, Inc. ("Atheros"), Intel Corporation ("Intel"), Marvell Semiconductor, Inc. ("Marvell") and NVIDIA Corporation ("NVIDIA"). The OEM Defendants include Acer, Inc., Acer America Corporation, Apple, Inc., ASUS Computer International, ASUSTeK Computer, Inc., Dell, Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway, Inc., Hewlett Packard Co., Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Toshiba Corporation, Toshiba America, Inc. and Toshiba America Information Systems, Inc.

1  Presently before the Court are: (1) Broadcom Corporation's ("Broadcom") Motion to
2  Intervene;[2] (2) Plaintiff's Motion to Strike Intervenors'[3] Invalidity Defenses;[4] and (3) Defendants'
3  Motion to Sever and Restructure the Case Pursuant to Fed. R. Civ. P. 20(a)(2).[5] The Court
4  conducted a hearing on December 6, 2010. Based on the papers submitted to date and oral
5  argument, the Court GRANTS Broadcom's Motion to Intervene, DENIES Plaintiff's Motion to
6  Strike, and DENIES Defendants' Motion to Sever as premature.

## II. BACKGROUND

On October 9, 2009, Plaintiff filed this action in the United States District Court for the Eastern District of Texas (hereafter, the "Texas Federal Court") against the sixteen original OEM Defendants, accusing them of infringing the Patents-in-Suit. (See Docket Item No. 1.) On December 17, 2009, the OEM Defendants began filing Answers and Counterclaims. (See, e.g., Docket Item Nos. 72-74.) On May 10, 2010, the Texas Federal Court granted Intel's Motion to Intervene. (See Docket Item No. 224.) On May 19, 2010, the Texas Federal Court granted NVIDIA and Marvell's two unopposed Motions to Intervene. (See Docket Item No. 233.) On June 1, 2010, the Texas Federal Court granted Atheros' Motion to Intervene. (See Docket Item No. 265.)

On July 13, 2010, the Texas Federal Court granted Defendants' Motion to Transfer. (See Docket Item No. 310.) On August 23, 2010, the case was docketed in this Court as Case No. 10-03724. (Docket Item No. 349.) On September 28, 2010, Chief Judge Walker found that this case was related to 3COM Corporation v. D-Link Systems, Inc., Case No. 03-02177 and Zions Bancorporation vs. U.S. Ethernet Innovations LLC, Case No. 10-03481. However, Chief Judge Walker found that reassignment was not warranted. (See Docket Item No. 427.)

---

[2] (hereafter, "Motion to Intervene," Docket Item No. 360.)

[3] Intervenors are Intel, NVIDIA and Marvell.

[4] (hereafter, "Motion to Strike," Docket Item Nos. 431, 442.)

[5] (hereafter, "Motion to Sever," Docket Item No. 449.)

2

United States District Court
For the Northern District of California

Presently before the Court are Broadcom's Motion to Intervene, Plaintiff's Motion to Strike, and Defendants' Motion to Sever.

### III. DISCUSSION

#### A. Broadcom's Motion to Intervene

Broadcom moves to intervene under Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure on the ground that Plaintiff has accused Broadcom products of being part of computer systems that allegedly infringe the Patents-in-Suit. (Motion to Intervene at 1.) The Court first addresses whether Broadcom may intervene as a matter of right.

To intervene under Rule 24(a) of the Federal Rules of Civil Procedure, a movant must show: (1) an "interest relating to the property or transaction that is the subject of the action;" (2) that the court's disposing of the action will "impair or impede the movant's ability to protect its interest;" and (3) that the existing parties do not adequately represent the movant's interest. Fed. R. Civ. P. 24(a)(2). Courts routinely grant intervention where a plaintiff's infringement claims involve components manufactured by the proposed intervenor. See, e.g., LG Elecs. Inc. v. Q-Lity Comp. Inc., 211 F.R.D. 360, 365 (N.D. Cal. 2002).

Here, the Court finds that Broadcom has a significant interest relating to the property at issue in this case because Plaintiff has accused certain Broadcom ethernet controllers of satisfying claim elements of the Patents-in-Suit. (Motion to Intervene at 5-6.) Broadcom also has an economic interest in defending its customers from infringement allegations. (Id. at 1-2.) An adverse disposition of the case would harm Broadcom's interests, as an order against Broadcom's customers would harm Broadcom's sales of its Ethernet controllers. Finally, the existing Defendants do not adequately represent Broadcom's interest, as Broadcom purports to have a unique license to the Patents-in-Suit which could insulate both itself and several of the named Defendants from liability. (Id. at 1.)

3

1  Plaintiff contends that Broadcom should not be allowed to intervene because its Motion is
2  untimely and would result in undue prejudice.[6] Broadcom, however, filed its Motion to Intervene
3  only five months after Plaintiff served its infringement contentions, three months after Plaintiff
4  refused to drop its claims against Broadcom's customers based on Broadcom's license defense, and
5  a few days after the case was transferred to this district. (See, e.g., Motion to Intervene at 7-8.)
6  Moreover, allowing Broadcom to intervene would not unduly delay the case or prejudice Plaintiff,
7  as discovery is in its initial stages, no discovery deadline has yet been set by the Court, and the
8  Broadcom products were already at issue in this case.

9  Accordingly, the Court GRANTS Broadcom's Motion to Intervene.

### B. Plaintiff's Motion to Strike

Plaintiff moves to strike Intervenors' invalidity defenses on the ground that Intervenors did not timely serve their invalidity contentions as required by the Eastern District of Texas' Local Patent Rules and the Texas Federal Court's prior Docket Control Order. (Motion to Strike at 1.)

Pursuant to Patent Local Rule 3-3 of the Eastern District of Texas, the Texas Federal Court ordered Intervenors to serve their invalidity contentions no later than July 16, 2010. (Docket Item No. 256.) On July 13, 2010, however, the Texas Federal Court ordered this case transferred to the Northern District of California. (See Transfer Order.) Thus, the Court finds that the Patent Local Rules of the Eastern District of Texas were no longer controlling after the Texas Federal Court transferred the case to this district on July 13. Moreover, the Texas Federal Court explicitly suspended all deadlines in an Order denying Plaintiff's Motion to Reconsider the Transfer Order:

> In light of the transfer of venue, the Court suspends any and all pending deadlines as indicated in the Docket Control Order. Likewise, the Court suspends any deadline under the Local Rules for responding to pending motions. As such, Defendants' Motion to Suspend Scheduling Deadlines (Doc. No. 336) is GRANTED. The Clerk of the Court is directed to transfer this case to the Northern District of California.

---

[6] (Plaintiff U.S. Ethernet Innovations, LLC's Memorandum in Opposition to Motion to Intervene by Broadcom Corporation at 1, Docket Item No. 448.) Specifically, Plaintiff contends that Broadcom waited to bring its Motion until after the case was transferred to this district in an effort to forum shop. (Id.)

4

(Docket Item No. 348 at 8.) Thus, as the Court has not yet set deadlines for invalidity contentions pursuant to the Northern District of California's Patent Local Rules, Plaintiff's Motion is premature.

Accordingly, the Court DENIES Plaintiff's Motion to Strike.[7]

## C. Defendants' Motion to Sever

Defendants move to sever on the ground that this case, with over twenty diverse Defendants and thousands of accused products, is unduly burdensome on both the parties and the Court, and will effectively deny Defendants a fair trial. (Motion to Sever at 1.) Thus, Defendants request that the Court reconfigure this case by: (1) severing and staying claims against the OEM Defendants; and (2) severing the claims against the Chip Supplier Defendants into separate cases.[8] (Id. at 2.)

Pursuant to Federal Rule of Civil Procedure 20(a)(2), multiple defendants may be joined together in one action if: "(a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The phrase "same transaction, occurrence, or series of transactions or occurrences" requires "a degree of factual commonality underlying the claims." Bravado Int'l Group Merchandising Servs. v. Cha, No. 09-9066, 2010 U.S. Dist. LEXIS 80361, at *4 (C.D. Cal. June 30, 2010) (citing Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997)).

---

[7] In their opposition, Intervenors purport to file a "Cross-Motion to Compel" new infringement contentions from Plaintiff based on the differences between the Northern District of California's and the Eastern District of Texas' Patent Local Rules. (Intervenors' Opposition to Motion to Strike and Cross-Motion to Compel U.S. Ethernet Innovations, LLC's Patent Local Rule 3-1 Infringement Contentions at 4-7, Docket Item No. 446.) Intervenors failed, however, to properly notice their Motion as required by Local Rule 7-2 and this Court's Standing Order. Moreover, Intervenors' Cross-Motion is premature, as the Court has not yet set a deadline for infringement contentions pursuant to the Northern District of California's Patent Local Rules. Accordingly, the Court DENIES Intervenors' Cross-Motion to Compel.

[8] Defendants also request that the Court stay certain claims against the "Retailer Defendants." (Motion to Sever at 2.) Although a case on the same patents against several retailers was recently transferred from the Eastern District of Texas to the Northern District of California, that case has not been related or consolidated with this lawsuit. Accordingly, Defendants do not have standing to seek a stay on behalf of defendants in that suit.

5

Upon a finding of improper joinder, "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Alternatively, a court may sever claims against improperly joined parties. Id.

Here, the Court finds that the issue of whether the case should be severed or stayed because of differences in the accused products or burdensomeness is premature because the case is still in its initial phases. As the Court stated at the hearing, it would be helpful for the parties to present a tutorial on the Patents-in-Suit prior to any decision with respect to severance.

Accordingly, the Court DENIES Defendants' Motion to Sever without prejudice to renew after the parties present a tutorial on the Patents-in-Suit.

## IV. CONCLUSION

The Court GRANTS Broadcom's Motion to Intervene, DENIES Plaintiff's Motion to Strike, and DENIES Defendants' Motion to Sever without prejudice.

On **February 18, 2011 at 9 a.m.**, the parties shall appear before the Court to present a tutorial. The purpose of the tutorial is to allow each party to inform the Court about the background of the technical information which is involved in the case and the nature of the dispute. Presentations may include demonstrations, expert testimony, or audio-visual materials. No cross-examination will be permitted. However, the Court may pose questions to parties or witnesses. No record will be made of the proceedings. Statements made during the tutorial may not be cited as judicial admissions against a party. Each party shall have **45 minutes** for their presentation. Any party wishing for additional time shall make the appropriate administrative motion in accordance with the Civil Local Rules of Court. See Civ. L.R. 7-11.

Dated: December 21, 2010

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andy Tindel atindel@andytindel.com
Ashlea Pflug araymond@winston.com
Barry Kenneth Shelton shelton@fr.com
Benjamin Charles Elacqua elacqua@fr.com
Brian Christopher Claassen Brian.Claassen@kmob.com
Bruce A Smith bsmith@jwfirm.com
Charlene Marie Morrow cmorrow@fenwick.com
Charles Ainsworth charley@pbatyler.com
Christopher Frederick Jeu cjeu@mofo.com
Christopher Needham Cravey ccravey@wmalaw.com
Christopher Ronald Noyes christopher.noyes@wilmerhale.com
Craig Steven Summers 2css@kmob.com
Danny Lloyd Williams dwilliams@wmalaw.com
David J Healey healey@fr.com
David Lee Gann dgann@rgrdlaw.com
David T McDonald david.mcdonald@klgates.com
David T Pollock dpollock@reedsmith.com
Deron R Dacus ddacus@rameyflock.com
Dominic E. Massa dominic.massa@wilmerhale.com
E Joseph Benz jbenz@csgrr.com
Garland T. Stephens stephens@fr.com
Harold H Davis harold.davis@klgates.com
Hector J. Ribera hribera@fenwick.com
Hiep Huu Nguyen hnguyen@winston.com
Hsiang H. Lin jlin@orrick.com
Irfan Ahmed Lateef ial@kmob.com
Jack Wesley Hill fedserv@icklaw.com
James Patrick Brogan jbrogan@cooley.com
Jason S Jackson jjackson@rgrdlaw.com
Jennifer Parker Ainsworth jainsworth@wilsonlawfirm.com
Jessica M. Kattula jkattula@rgrdlaw.com
John Christopher Herman jherman@rgrdlaw.com
John K. Grant johnkg@rgrdlaw.com
John Philip Brinkmann brinkmann@fr.com
John W Thornburgh thornburgh@fr.com
Jonah D Mitchell jmitchell@reedsmith.com
Jordan Jaffe jordanjaffe@quinnemanuel.com
Karl J Kramer kkramer@mofo.com
Kevin P.B. Johnson kevinjohnson@quinnemanuel.com
Kimball R Anderson kanderson@winston.com
Kyle D Chen kyle.chen@cooley.com
Kyung Kim dkim@wmalaw.com
Laura Katherine Carter lcarter@winston.com
Lillian J Pan lpan@orrick.com
Lionel Marks Lavenue Lionel.Lavenue@finnegan.com
Mahmoud Munes Tomeh 2mmt@kmob.com
Mark Daniel Selwyn mark.selwyn@wilmerhale.com
Marko R Zoretic 2mrz@kmob.com
Matthew Clay Harris mch@emafirm.com
Matthew J. Brigham mbrigham@cooley.com
Michael J Newton mike.newton@alston.com

**United States District Court**
For the Northern District of California

1 Michael J. Bettinger mike.bettinger@klgates.com
Michael L Brody Mbrody@winston.com
2 Nicholas James Nugent nicholas.nugent@finnegan.com
Patricia Kane Schmidt patricia.schmidt@klgates.com
3 Peter M Jones pjones@rgrdlaw.com
Ray R. Zado rayzado@quinnemanuel.com
4 Richard T Ting rting@reedsmith.com
Robert Christopher Bunt rcbunt@pbatyler.com
5 Robert M Parker rmparker@pbatyler.com
Roderick Bland Williams rick.williams@klgates.com
6 Roger Brian Craft bcraft@findlaycraft.com
Ruben Singh Bains rbains@wmalaw.com
7 Ryan K. Walsh rwalsh@rgrdlaw.com
Scott Richard Mosko scott.mosko@finnegan.com
8 Sean Sang-Chul Pak seanpak@quinnemanuel.com
Seth McCarthy Sproul sproul@fr.com
9 Steven S Baik sbaik@orrick.com
Thomas J. Friel tfriel@cooley.com
10 Thomas John Ward jw@jwfirm.com
Timothy Paar Walker timothy.walker@klgates.com
11 William F. Lee william.lee@wilmerhale.com

**Dated: December 21, 2010**          **Richard W. Wieking, Clerk**

                                      **By:     /s/ JW Chambers**
                                           **Elizabeth Garcia**
                                           **Courtroom Deputy**