IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIONS BANCORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. ETHERNET INNOVATIONS, LLC,<br><br>    Defendant.<br>_____/ | No. C 10-3481 CW |
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER, INC.; DELL, INC.; FUJITSU, LTD.; FUJITSU AMERICA, INC.; GATEWAY, INC.; HEWLETT PACKARD CO.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>    Defendants.<br><br>INTEL CORPORATION; NVIDIA CORPORATION; MARVELL SEMICONDUCTOR, INC.; ATHEROS COMMUNICATIONS, INC.; and BROADCOM CORPORATION,<br><br>    Intervenors.<br>_____/ | No. C 10-3724 CW |

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,, | No. C 10-5254 CW |
| Plaintiff, | ORDER DENYING ACER DEFENDANTS AND INTERVENORS' JOINT MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION (Docket No. 675 in 10-3724) AND STAYING IN PART CLAIMS AGAINST AT&T DEFENDANTS AND ZIONS BANCORPORATION (Docket Nos. 154 in 10-3481, 674 in 10-3724 and 404 in 10-5254) |
| v. | |
| AT&T MOBILITY LLC; BARNES & NOBLE, INC.; CLAIRE'S BOUTIQUES, INC.; J. C. PENNEY COMPANY, INC.; SALLY BEAUTY HOLDINGS, INC.; ANN TAYLOR STORES CORPORATION; ANN TAYLOR RETAIL, INC.; HARLEY-DAVIDSON, INC.; HARLEY-DAVIDSON MOTOR COMPANY, INC.; KIRKLAND'S INC.; KIRKLAND'S STORES, INC.; MACY'S, INC.; MACY'S RETAIL HOLDINGS, INC.; MACY'S WEST STORES, INC.; NEW YORK & COMPANY, INC.; LERNER NEW YORK, INC.; RADIOSHACK CORPORATION; RENT-A-CENTER, INC.; and THE DRESS BARN, INC., | |
| Defendants. | |

AND ALL RELATED CLAIMS AND COUNTERCLAIMS
_____/

Acer Defendants[1] and Intervenors move for leave to file a motion for reconsideration of the Court's December 7, 2012 Order.

---

[1] For the purposes of this Order, the Court uses the following terminology: (1) Intervenors for Atheros Communications, Inc., Intel Corporation, Marvel Semiconductor, Inc., NVIDIA Corporation and Broadcom Corporation; (2) Acer Defendants for Acer, Inc., Acer America Corporation, Apple, Inc., ASUS Computer International, ASUSTeK Computer, Inc., Dell, Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway, Inc., Hewlett Packard Co., Sony Corporation; Sony Corporation of America, Sony Electronics Inc., Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc.; (3) AT&T Defendants for AT&T Mobility, LLC; Barnes & Noble, Inc., Claire's Boutiques, Inc., J.C. Penney Company, Inc., Sally Beauty Holdings, Inc., Ann Taylor Stores Corporation, Ann Taylor Retail, Inc., Harley-Davidson, Inc., Harley-Davidson Motor Company, Inc., Kirkland's Inc., Kirkland's Stores, Inc., Macy's, Inc., Macy's Retail Holdings, Inc., Macy's West Stores, Inc., New York & Company, Inc., Lerner New York, Inc., Radioshack Corporation, Rent-A-Center, Inc., The Dress Barn, Inc.; and (4) Defendants for Acer Defendants, AT&T Defendants and

2

USEI opposes their motion. Pursuant to that order, USEI, AT&T Defendants and Zions Bancorporation have also filed supplemental briefs addressing whether the claims involving AT&T Defendants and Zions Bancorporation should remain stayed pending resolution of the claims involving Acer Defendants and Intervenors. Having considered the papers filed by the parties, the Court DENIES the motion for leave to file a motion for reconsideration and EXTENDS the stay as to claims involving AT&T Defendants and Zions Bancorporation, except as to AT&T Mobility, LLC to the extent that such claims involve the AT&T U-verse set-top box.

I.  Acer Defendants and Intervenors' Motion for Leave to File a Motion for Reconsideration of the December 7, 2012 Order

Acer Defendants and Intervenors seek leave to file a motion for reconsideration of the Court's December 7, 2012 Order in which the Court declined to sever the claims involving the Intervenors and Acer Defendants and to stay the claims against Acer Defendants. They argue that reconsideration is warranted under Civil Local Rule 7-9(b)(1), which provides that a party may ask a court to reconsider an interlocutory order if it can specifically show, among other things, that "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," and that "in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Civil L.R. 7-9(b)(1).

---

Zions Bancorporation collectively. The Court refers to U.S. Ethernet Innovations, Inc. as USEI.

Acer Defendants and Intervenors argue that there are two material differences in fact or law from the circumstances at the time that they filed their original motion to sever and stay that warrant reconsideration of the Court's December 7, 2012 Order.

First, they argue that their "prior arguments did not have the benefit of the Court's two claim construction orders that confirm that the patents are directed to network adapter chips, not computers," and that the judge previously assigned to these cases had stated that "he would use claim construction to assist him deciding how to structure the case." Mot. at 1, 6. In the December 7, 2012 Order, the Court deemed the parties' case management statement to be their renewed motion to sever and stay. In that statement, Acer Defendants and Intervenors addressed the claim construction orders and explained why they believed that these demonstrated that the relevant technology was limited to that of the Intervenors. In resolving the renewed motion, the Court reviewed the claim construction orders, among other things. In the instant motion, Acer Defendants and Intervenors do not raise any issue regarding the claim construction orders that they did not raise previously in their statement or that they could not have raised therein.

Further, the claim construction orders do not make clear, as Acer Defendants and Intervenors contend, that only the technology of the Intervenors, as the manufacturers of the network interface adapters, is at issue or relevant to this case. For example, claim 1 of the '094 patent claims a method that requires "executing a frame transfer task initiated in the host system to transfer a frame to a buffer memory in the network interface

4

1 device." The Court construed "frame transfer task" to mean, in
2 part, "<u>A process initiated by the host system</u> to compose a frame
3 of data or to perform other operations on or with respect to the
4 frame in order to transfer the frame to the buffer memory in the
5 network interface device." Docket No. 634 in 10-3724, 4 (emphasis
6 added).

7 Second, they argue that the Federal Circuit's decision in <u>In
8 re EMC</u>, 677 F.3d 1351 (Fed. Cir. 2012) constitutes new authority
9 that warrants reconsideration of the prior order. In <u>In re EMC</u>,
10 the Federal Circuit found that joinder of claims against
11 independent defendants, who were not acting in concert with one
12 another, is not appropriate under Federal Rule of Civil Procedure
13 20(a) if the plaintiff accuses products that are "independently
14 developed . . . using differently sourced parts . . . , even if
15 they are otherwise coincidentally identical," unless "there is an
16 actual link between the facts underlying each claim of
17 infringement." <u>Id.</u> at 1359. However, the court also reminded
18 district courts of their "considerable discretion" under Federal
19 Rule of Civil Procedure 42 to consolidate cases for discovery and
20 trial where they "involve a common question of law or fact." <u>Id.</u>
21 at 1360; Fed. R. Civ. Pro. 42(a). In denying the renewed motion
22 to sever in the December 7, 2012 Order, this Court held, "These
23 claims involve common questions of law and fact that would be most
24 efficiently handled on a consolidated basis for pretrial
25 purposes," and further stated, "After all case dispositive motions
26 have been decided, the Court will determine whether to sever the
27 claims against the various Defendants and Intervenors for trial."
28 Docket No. 669 in 10-3724, 6. Acer Defendants and Intervenors

5

offer no new reason that the Court should reconsider consolidation of the claims at this time.

Accordingly, the motion for leave to file a motion for consideration of the December 7, 2012 Order is DENIED (Docket No. 675 in 10-3724).

## II. Stay of Claims against the AT&T Defendants and Zions Bancorporation

On December 7, 2012, the Court directed USEI, AT&T Defendants and Zions Bancorporation to file supplemental briefs addressing whether the claims against AT&T Defendants and Zions Bancorporation should be stayed pending resolution of the claims against Intervenors and Acer Defendants.

In their supplemental brief, AT&T Defendants and Zions Bancorporation describe themselves as "Retailers" and argue that they are end-users who bought or license and use Ethernet-enabled computers and printers in their offices and stores, that resolution of the claims involving the Acer Defendants and Intervenors will resolve the claims against them and that therefore the claims against them should remain stayed. In response, USEI states that it is willing to agree to a stay of the claims against all of these Defendants, except AT&T Mobility, LLC, "after some limited discovery relating to the nature and volume of the accused products," if the stayed Defendants continue to be bound by decisions of the Court, but that it opposes staying its claims against AT&T Mobility, LLC.

USEI points to AT&T Defendants and Zions Bancorporation's "refusal to be bound by the decisions of this Court relating to the patents-in-suit" and states that this reveals that they intend

6

to "relitigate these issues once USEI's claims against the Acer Defendants and Intervenors are resolved." Docket No. 406 in 10-5254, 3. However, in the instant briefing, AT&T Defendants and Zions Bancorporation have not made any such arguments. In their brief, AT&T Defendants and Zions Bancorporation appear to acknowledge that, if the claims involving them were stayed, the decisions issued by this Court in the Acer case will be binding in the related cases. See, e.g., Docket No. 674 in 10-3724, 4 (stating, "The case against the Chip Suppliers will resolve all of the issues related to all but one chip currently asserted against" them).

Accordingly, the Court stays the claims against the AT&T Defendants and Zions Bancorporation, except as to AT&T Mobility, LLC to the extent that such claims involve the AT&T U-verse set-top box. These stayed Defendants will continue to be bound by decisions of the Court during the pendency of the stay. If the stayed Defendants wish to be heard on any issue, they may apply to the Court to lift the stay for that purpose.

In its brief, USEI states that it would like to take "some limited discovery relating to the nature and volume of the accused products" from the stayed Defendants. Docket No. 406 in 10-5254, 2. However, USEI has not provided any information regarding the discovery that it seeks and, in their brief, AT&T Defendants and Zions Bancorporation complain of overly broad and burdensome discovery that USEI has sought in the past. During the pendency of the stay, USEI may obtain discovery from these Defendants only to the extent it is relevant to the claims involving Acer Defendants and Intervenors. If the parties are unable to agree on

7

the scope of such discovery, they may raise the issue with the discovery Magistrate Judge in conformity with her procedures for discovery disputes.[2]

Except as to the stayed Defendants and as specified above, discovery may commence.  Within three weeks of the date of this Order, the non-stayed parties shall submit a joint case management statement setting forth their proposed schedules for future dates and shall make their best attempts to agree on dates.  Except in emergency situations, no additional motions shall be filed until a case management schedule has been adopted.

## CONCLUSION

For the reasons set forth above, the Court DENIES Acer Defendants and Intervenors' motion for leave to file a motion for reconsideration of the December 7, 2012 Order (Docket No. 675 in 10-3724).  The Court stays the claims against the AT&T Defendants and Zions Bancorporation, except as to AT&T Mobility, LLC to the extent that such claims involve the AT&T U-verse set-top box (Docket Nos. 154 in 10-3481, 674 in 10-3724 and 404 in 10-5254).

IT IS SO ORDERED.

Dated: 1/17/2013

CLAUDIA WILKEN
United States District Judge

---

[2] All discovery disputes in Case No. 10-3724 have been referred to Magistrate Judge Beeler.  Docket No. 483 in 10-3724.  The Court hereby refers all future discovery disputes in Case Nos. 10-3481 and 10-5254 to Judge Beeler as well.

8