IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, | No. C 10-3724 CW |
| Plaintiff, | |
| v. | |
| ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER, INC.; DELL, INC.; FUJITSU, LTD.; FUJITSU AMERICA, INC.; GATEWAY, INC.; HEWLETT PACKARD CO.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., | |
| Defendants, | |
| INTEL CORPORATION; NVIDIA CORPORATION; MARVELL SEMICONDUCTOR, INC.; ATHEROS COMMUNICATIONS, INC.; and BROADCOM CORPORATION, | |
| Intervenors. | |

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, | No. C 10-5254 CW |
| Plaintiff, | ORDER GRANTING APPLE'S MOTION (Docket No. 685 in 10-3724), GRANTING SIGMA'S MOTION (Docket No. 431 in 10-5254), GRANTING BROADCOM'S MOTION (Docket No. 714 in 10-3724), GRANTING IN PART, AND DENYING IN PART, USEI'S MOTION (Docket Nos. 429 in 10-5254 and 711 in 10-3724) AND MODIFYING THE CASE MANAGEMENT SCHEDULE |
| v. | |
| AT&T MOBILITY LLC; BARNES & NOBLE, INC.; CLAIRE'S BOUTIQUES, INC.; J. C. PENNEY COMPANY, INC.; SALLY BEAUTY HOLDINGS, INC.; ANN TAYLOR STORES CORPORATION; ANN TAYLOR RETAIL, INC.; HARLEY-DAVIDSON, INC.; HARLEY-DAVIDSON MOTOR COMPANY, INC.; KIRKLAND'S INC.; KIRKLAND'S STORES, INC.; MACY'S, INC.; MACY'S RETAIL HOLDINGS, INC.; MACY'S WEST STORES, INC.; NEW YORK & COMPANY, INC.; LERNER NEW YORK, INC.; RADIOSHACK CORPORATION; RENT-A-CENTER, INC.; and THE DRESS BARN, INC., | |
| Defendants. | |
| _____/ | |
| AND ALL RELATED CLAIMS AND COUNTERCLAIMS | |
| _____/ | |

Defendant Apple, Inc., Proposed Intervenor Sigma Designs Inc., Intervenor Broadcom Corporation and Plaintiff U.S. Ethernet Innovations, LLC (USEI) move for leave to file various new or amended pleadings and to assert additional claims. The Court took the motions under submission on the papers and now orders as follows. The Court also modifies the case management schedule.

I. Apple's motion to file a third-party complaint

Apple seeks leave to file a third-party complaint against third party Oracle America, Inc. for indemnification for the claims asserted against it by USEI. Apple contends that Oracle's predecessor-in-interest, Sun Microsystems, supplied the Ethernet technology that USEI accuses in this lawsuit. Apple has submitted

2

a copy of its proposed pleading.  No opposition to the motion has been received.  Having reviewed Apple's proposed pleading, the Court GRANTS Apple's motion (Docket No. 685 in 10-3724).  Apple shall file its third-party complaint within three days of the date of this Order and shall serve it forthwith.

II.  Sigma's motion

Sigma moves to intervene in Case No. 10-5254.  It represents that it designs and sells a chip that includes an Ethernet adapter function used in the manufacture of U-Verse set-top boxes for Defendant AT&T Services, Inc., sued as AT&T Mobility, Inc., an accused product in that case.  Sigma has submitted a copy of its proposed pleading.  No opposition to the motion has been received. Having reviewed the proposed complaint in intervention, the Court GRANTS Sigma's motion (Docket No. 431 in 10-5254).  Sigma shall file its complaint in intervention within three days of the date of this Order and USEI shall respond within twenty-one days thereafter.

III. Broadcom's motion

Broadcom seeks leave to join Third-Party Parallel Technology, LLC as a Defendant in its complaint in intervention and to file a first amended complaint in intervention and third party complaint. Broadcom has submitted a copy of its proposed amended pleading. USEI opposes Broadcom's motion.  It argues that Broadcom's proposed claim for intentional interference with contractual relations against USEI and Parallel is time-barred and that Broadcom has failed to show that Parallel is subject to personal jurisdiction in this district.

3

USEI's argument that leave to amend to add Parallel should be denied because the Court lacks personal jurisdiction over Parallel is unavailing.  Even if Broadcom had not alleged facts sufficient to make a prima facie showing of personal jurisdiction, this defense can be raised only by Parallel, which may instead choose to waive any such defect.  See, e.g., Jenkins v. Smead Mfg. Co., 2009 WL 3628100, at *3 (S.D. Cal.) (noting that personal jurisdiction represents "a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty," and is "waivable by the affected parties," so the defense "cannot be raised on their behalf by anyone else").

USEI contends that the intentional interference claim against it is subject to a two year statute of limitations and was not timely because it was not brought within two years of October 9, 2009, when USEI filed its initial complaint in this action, or January 19, 2011, when USEI filed its answer and counterclaims against Broadcom.  Opp. at 2-3 & n.1.[1]  Broadcom replies that the claim against USEI is timely because it relates back to its original complaint in intervention, which was filed on December 22, 2010.  Reply at 1.

Federal Rule of Civil Procedure 15 provides in relevant part that an "amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence

---

[1] USEI also asserts that this claim is untimely as asserted against Parallel.  The Court declines to consider this issue at this time and instead will consider it only if Parallel chooses to invoke the defense on its own behalf.

4

set out . . . in the original pleading." Federal Rule of Civil Procedure 15(c)(1)(B). "To determine whether this standard is met, courts 'consider whether the original and amended pleadings share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question.'" Rowe v. Hornblower Fleet, 2012 U.S. Dist. LEXIS 164402, at *23 (N.D. Cal.) (quoting Martell v. Trilogy Ltd., 872 F.2d 322, 325 (9th Cir. 1989)). "One way to determine whether this standard is met is to 'compare[] the original complaint with the amended complaint and decide[] whether the claim to be added will likely be proved by the same kind of evidence offered in support of the original pleading.'" Id. at *23-24 (quoting Percy v. San Francisco General Hosp., 841 F.2d 975, 978 (9th Cir. 1988)) (brackets in original).

In Broadcom's original pleading, it alleged that USEI accused its products of being part of computer systems that infringed USEI's patents but that, pursuant to a settlement and license agreement, Broadcom "is licensed to practice one or more of the Asserted Patents." Compl., Docket No. 476, ¶¶ 8-9, 13. It also alleged that it had informed USEI of the license but that USEI stated that its products were not covered by the license. Id. at ¶¶ 15-16. Broadcom sought declaratory judgment that it is licensed to practice the asserted patents and that USEI's infringement claims regarding its products are barred by the license agreement. Id. at ¶¶ 28-35. In its proposed amended pleading, Broadcom relies on the same allegations to assert that USEI's allegations of infringement interfered with its rights

5

under the license agreement.  Proposed Am. Compl., Docket No. 714-2, ¶ 54.

The proposed new claim shares a common core of operative facts with the claims that Broadcom previously asserted such that USEI had fair notice of the conduct at issue.  The evidence that will be used to prove the new claim is likely to be substantially the same as that relevant to the declaratory judgment claims asserted in the original pleading.  Thus, the Court finds that Broadcom's intentional interference claim relates back to its original pleading and is not time-barred as against USEI.

Accordingly, the Court GRANTS Broadcom's motion (Docket No. 714 in 10-3724).  Broadcom shall file its amended pleading within three days of the date of this Order and USEI shall respond within twenty-one days thereafter.  Broadcom shall serve Parallel forthwith.

IV.   USEI's motions

USEI moves for leave to assert claims against Third-Party Defendant Silicon Integrated Systems Corporation (SiS), which was recently added to this action after the Court granted the motion of Defendants ASUSTek Computer Inc. and ASUS Computer International to file a third-party complaint against it.  USEI also seeks leave to assert claims against Oracle and any other third parties that the Court allows into these related cases.  USEI, however, does not state what claims it would like to assert against these parties.  Nor has USEI submitted a proposed amended complaint setting forth the claims it seeks to bring against any of these parties.  See Civil Local Rule 10-1 ("Any party . . . moving to file an amended pleading must reproduce the entire

6

proposed pleading . . ."). Accordingly, USEI's motion for leave to assert unspecified claims against SiS, Oracle and any other new parties is DENIED. This denial is without prejudice to USEI filing a renewed motion for leave to amend to assert claims against these parties, provided that it attaches its proposed amended pleading to any such motion.

USEI also seeks leave to "add the [AT&T] U-verse gateway to this action," in addition to the AT&T U-verse set-top box. Docket No. 429 in 10-5254, 4. USEI represents that it believes that the Gateway product is already at issue in this litigation but that, to the extent that it is not, it seeks leave to add the Gateway product.

The Court finds that the Gateway product is not already at issue. AT&T Defendants previously sought to continue to stay the claims against them in the 10-5254 case pending resolution of the claims at issue in the 10-3724 case. In their papers, AT&T Defendants described themselves as "Retailers" and argued that they were end-users who bought, or license and use, Ethernet-enabled computers and printers in their offices and stores. They argued that resolution of the claims involving the Acer Defendants and Intervenors will resolve the claims against them and that therefore the claims against them should remain stayed. USEI opposed staying the claims against AT&T Mobility LLC, asserting that "USEI's infringement contentions include an AT&T U-Verse settop box as an accused product." Thus, it claimed that thus "AT&T Mobility LLC is similarly situated to the Acer Defendants" and that "resolution of the claims against the Acer Defendants and Intervenors will not dispose of USEI's claims against AT&T

7

Mobility LLC with regard to at least its U-Verse settop box." Docket No. 406 in 10-5254, 2-3. USEI identified no other AT&T products. Thereafter, the Court extended the stay as to claims involving AT&T Defendants, except as to AT&T Mobility, LLC to the extent that such claims involved the AT&T U-verse set-top box.

Further, the Gateway product was not identified in any infringement contentions properly served by USEI. According to USEI, the U-verse set-top box incorporates an Ethernet adapter provided by Sigma, while the Gateway incorporates an Ethernet adapter provided by Davicom. Mot. at 3 n.3. The Court notes that, in USEI's first amended infringement contentions and attached claim charts, USEI accuses a "device from the Sigma Designs SMP8630 Series . . . for controlling communication between a host system (such as the AT&T U-Verse Set-Top-Box)" but does not identify products that include the Davicom adapter or refer to the U-verse Gateway device. Although USEI states that it later served amended infringement contentions upon AT&T Mobility in March 2012 that specifically identified the Gateway as well, USEI did not seek or receive permission to amend its infringement contentions. See Patent Local Rule 3-6 ("Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.").

In its reply brief, USEI argues for the first time that good cause exists to allow it to amend its infringement contentions to include the Gateway product. However, USEI did not move on this basis in its opening paper and has thus waived the argument for the purposes of this motion. Further, the Court finds that good cause does not exist to permit amendment. Even though it has

8

known for at least a year that it would like to accuse this product, USEI has not acted diligently. As a result that amendment would unduly prejudice AT&T and the manufacturer of the Gateway product and its chip supplier. AT&T has represented that it "purchases the Gateway Product from a third party manufacturer, who incorporates Ethernet chips supplied by another third party." Opp. at 6. Because USEI did not previously seek to amend and has not provided notice to these third parties, they have not had the opportunity to seek to intervene in this action or to participate in the proceedings that have taken place already, including claim construction. Notably, USEI has not attempted to bring these other parties into this action even at this point and has not shown that they are aware that USEI is attempting to accuse their products here. Further, the case schedule requires that Defendants and Intervenors file a dispositive motion addressing certain issues shortly. If the manufacturer and chip supplier were to attempt to join the case at this point, it is unlikely that they would be able to participate in those briefs at all or in a meaningful way.

    Finally, USEI moves for leave to assert claims against AT&T Services, Inc. In its original complaint filed on March 10, 2010, USEI asserted a claim for patent infringement against AT&T, Inc. Docket No. 1. On May 13, 2010, the Court granted USEI and AT&T, Inc.'s joint motion to substitute AT&T Mobility, LLC in place of AT&T, Inc. and on May 19, 2010, USEI filed an amended complaint substituting AT&T Mobility. Docket Nos. 51, 64. On January 28, 2013, AT&T Mobility informed USEI that, with regard to the Sigma chip in the set-top box, AT&T Services is an additional necessary

party. Docket No. 429-1. Thereafter, on February 15, 2013, USEI filed a second amended complaint, adding AT&T Services as a Defendant, but did not seek or receive permission from the Court to do so. Docket No. 416. In the instant motion, USEI states that "it is unclear to USEI whether it was necessary to seek leave to assert claims" against AT&T Services. Docket No. 429.

Except under limited circumstances not present here, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Federal Rule of Civil Procedure 15(a)(2). To the extent that it has the opposing party's written consent, USEI was not required to obtain permission of the Court for this amendment. However, the amendment was to add an additional necessary party regarding the set-top box. This amendment does not provide USEI with permission to expand its infringement contentions to encompass the Gateway product or other products not already accused. Thus, the Court extends the stay in the 10-5254 case to encompass claims against AT&T Services except to the extent that such claims involve the AT&T U-verse set-top box.

## CONCLUSION

For the reasons set forth above, the Court GRANTS Apple's motion (Docket No. 685 in 10-3724), GRANTS Sigma's motion (Docket No. 431 in 10-5254), GRANTS Broadcom's motion (Docket No. 714 in 10-3724) and GRANTS in part USEI's motion and DENIES it in part (Docket Nos. 429 in 10-5254 and 711 in 10-3724).

The Court also finds good cause to modify the case management schedule as follows:

| | |
|---|---|
| Deadline for Defendants and Intervenors to file a joint dispositive motion, contained in a single brief of twenty-five pages or less, addressing the application of the marking defense under 35 U.S.C. § 287 and whether recovery is limited to nominal damages if Defendants and Intervenors are able to prove ultimately that the accused features have been disabled for the entire time period for which Plaintiff can pursue damages | Thursday, May 16, 2013 |
| Deadline for Plaintiff to file a response, of twenty-five pages or less, to Defendants' and Intervenors' dispositive motion regarding marking and nominal damages | Thursday, May 30, 2013 |
| Deadline for Defendants and Intervenors to file a joint reply, in a single brief of fifteen pages or less, in support of their motion regarding marking and nominal damages | Thursday, June 6, 2013 |
| Case Management Statement due | Thursday, June 20, 2013 |
| Hearing on Defendants' and Intervenors' dispositive motion regarding marking and nominal damages and further case management conference | Thursday, June 27, 2013 at 2:00 p.m. |

To the extent possible, if Oracle, Parallel, USEI or another party files a motion to dismiss, they should notice the motion to be heard on June 27, 2013 concurrently with the dispositive motion regarding marking and nominal damages and further case management conference.  The hearing on Third Party Defendant SiS's motion to dismiss (Docket No. 731 in 10-3724) is continued from May 23, 2013 to June 27, 2013 at 2:00 p.m.

    The remainder of the case management schedule is maintained.

    IT IS SO ORDERED.

Dated: 4/18/2013

CLAUDIA WILKEN
United States District Judge

11