WILMER CUTLER PICKERING
 HALE AND DORR LLP

Dominic E. Massa (*admitted pro hac vice*)
dominic.massa@wilmerhale.com
60 State Street
Boston, MA 02109
Tel. (617) 526-6000
Fax (617) 526-5000

Christopher R. Noyes (*admitted pro hac vice*)
christopher.noyes@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel. (212) 230-8800
Fax (212) 230-8888

Attorneys for Intervenor
Broadcom Corporation

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **U.S. ETHERNET INNOVATIONS, LLC,** | Case No. C 10-03724 CW (LB) |
| Plaintiff, | **INTERVENOR BROADCOM CORPORATION'S [PROPOSED] FIRST AMENDED COMPLAINT IN INTERVENTION AND THIRD-PARTY COMPLAINT AGAINST PARALLEL TECHNOLOGY, LLC** |
| v. | |
| **ACER, INC.,** *et al.*, | |
| Defendants, | |
| and | Judge:   Hon. Claudia Wilken |
| **ATHEROS COMMUNICATIONS, INC.,** *et al.*, | |
| Intervenors. | |

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

Intervenor Broadcom Corporation ("Broadcom") alleges as follows:

1. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq.*, seeking declaratory judgment that no valid claim of United States Patent Nos. 5,732,094 (the "'094 Patent"), 5,434,872 (the "'872 Patent"), and 5,299,313 (the "'313 Patent") (collectively, the "Asserted Patents") is infringed by Broadcom; that the Asserted Patents are invalid; that Broadcom is licensed to the Asserted Patents by virtue of Broadcom's Settlement and License Agreement with 3Com Corporation, the original assignee of the patents-in-suit (the "Broadcom-3Com Agreement"); that the claims asserted by U.S. Ethernet Innovations, LLC ("USEI") against Broadcom's customers in this action are barred by the Broadcom-3Com Agreement. In this action Broadcom also seeks relief under California law for tortious conduct by USEI and its parent, Parallel Technology, LLC ("Parallel") in wrongfully assigning the Asserted Patents to evade Broadcom's rights under the Broadcom-3Com Agreement and in wrongfully alleging that Broadcom products infringe the Asserted Patents.

**PARTIES**

2. Broadcom is a California corporation with its worldwide headquarters in Irvine, California.

3. Plaintiff and Defendant in Intervention USEI has admitted that it is a limited liability company with its principal place of business in Tyler, Texas.

4. Upon information and belief, Defendant in Intervention Parallel is a limited liability company formed under the laws of the state of Delaware and with an office in Alpharetta, Georgia.

**JURISDICTION AND VENUE**

5. Broadcom brings this Complaint pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 101 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a), (b), and (c).

7. This Court has personal jurisdiction over USEI by virtue of, *inter alia*, its filing of the Complaint in this action, and its counterclaim to Broadcom's Complaint in Intervention.

8. This Court has personal jurisdiction over Parallel because USEI is an alter ego of

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

1 Parallel. As alleged below, USEI is a wholly-owned subsidiary of Parallel, Parallel is the manager
2 and sole member of USEI, and Parallel's directors are the only officers of USEI. There is therefore
3 such unity of interest and ownership that the separate personalities of the two entities no longer exist,
4 and USEI is a mere instrumentality of Parallel. And because Parallel has used USEI to attempt to
5 evade limitations on Parallel's rights to the Asserted Patents, failure to disregard their separate
6 identities would result in injustice.

7     9. This Court also has personal jurisdiction over Parallel because USEI is an agent of
8 Parallel. As alleged below, Parallel is the manager and sole member of USEI, and Parallel's
9 Directors are the officers of USEI. Parallel therefore exercises such a degree of control over USEI
10 that USEI is only a means through which Parallel acts, and USEI is nothing more than an
11 incorporated department of Parallel.

## PARALLEL AND USEI

13     10. USEI is a wholly-owned subsidiary of Parallel.
14     11. Upon information and belief, Parallel is the sole member of USEI.
15     12. Upon information and belief, Parallel is the manager of USEI.
16     13. Parallel Director David Kennedy is the Chief Executive Officer of USEI.
17     14. Parallel Director Laurence Rosenberg is the President of USEI.
18     15. Upon information and belief, USEI has no officers other than David Kennedy and
19 Laurence Rosenberg.
20     16. USEI holds itself out as the successor-in-interest to 3Com's Ethernet business, and as
21 having been formed in cooperation with 3Com.
22     17. Upon information and belief, Parallel causes, directs, or is otherwise responsible for
23 the activities of USEI, including USEI's filing of patent infringement suits, including without
24 limitation the present action.

## BROADCOM'S LICENSE

26     18. In 2004, Broadcom and 3Com entered into the Broadcom-3Com Agreement.
27     19. The Broadcom-3Com Agreement provides Broadcom certain license and associated
28 rights with respect to the Asserted Patents.

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

20. USEI is the current assignee of the Asserted Patents.

21. In May 2010, Broadcom informed USEI that it was licensed to practice the Asserted Patents, and Broadcom made multiple requests that USEI dismiss all claims of infringement against the Broadcom Products in this matter.

22. On June 4, 2010, USEI's outside litigation counsel responded to Broadcom. In that response, USEI took the position that the Broadcom Products are not covered by the Broadcom-3Com Agreement. USEI also argued that its claims were not barred by the Broadcom-3Com Agreement.

23. As a result of the Broadcom-3Com Agreement and USEI's actions described above, an actual controversy exists between Broadcom and USEI regarding Broadcom's right to use technology claimed in the Asserted Patents.

## **RIGHTS TO THE ASSERTED PATENTS**

24. 3Com is the original assignee of the Asserted Patents.

25. In 2009, 3Com sold the Asserted Patents to Parallel pursuant to a Patent Sale Agreement (the "Patent Sale Agreement").

26. The Patent Sale Agreement required Parallel to pay to 3Com $17 million and 10% of prospective revenues.

27. The Patent Sale Agreement indicated the Broadcom-3Com Agreement as an encumbrance on 3Com's rights to the Asserted Patents.

28. In executing the Patent Sale Agreement, Parallel acknowledged having received and had sufficient time to evaluate the Broadcom-3Com Agreement.

29. In 2009, 3Com assigned the Asserted Patents, as encumbered by the Broadcom-3Com Agreement, to Parallel pursuant to an Assignment of Patent Rights.

30. In 2009, Parallel assigned the Asserted Patents to USEI pursuant to an Assignment of Patents and Patent Applications (the "Parallel-USEI Assignment").

31. The Parallel-USEI Assignment did not recite any specific consideration.

32. Parallel's assignment to USEI of rights to the Asserted Patents did not recite or otherwise provide for any encumbrances such as those set forth in the Patent Sale Agreement.

33. Upon information and belief, Parallel's assignment of the Asserted Patents to USEI was intended to evade the encumbrances recited in the Patent Sale Agreement.

34. Parallel acquired the Asserted Patents subject to Broadcom's rights as set forth in the Broadcom-3Com Agreement.

35. Though the Parallel-USEI Assignment did not recognize the encumbrances set forth in the Patent Sale Agreement, USEI acquired the Asserted Patents subject to Broadcom's rights as set forth in the Broadcom-3Com agreement.

## USEI'S INFRINGEMENT ALLEGATIONS AGAINST BROADCOM PRODUCTS

36. On October 9, 2009, USEI filed the original Complaint in this action accusing Broadcom customers Acer, Inc., Apple Inc., ASUSTeK Computer Inc., Dell, Inc., Fujitsu Ltd., and Hewlett Packard Co. (collectively, the "Broadcom Customers") of making, using, selling, offering to sell, and/or importing products that allegedly infringe the Asserted Patents.

37. The Broadcom Customers design, manufacture, and sell computer systems that incorporate semiconductor chips made and sold by Broadcom for computer networking. USEI contends that one or more of the computer systems sold by the Broadcom Customers infringe the Asserted Patents because, among other things, they incorporate one of the Broadcom Products.

38. Infringement contentions served by USEI in this case accuse the Broadcom Products of being part of computer systems allegedly infringing the Asserted Patents. USEI relies upon the use of the Broadcom Products, as well as Broadcom's source code and product documentation, to support its claims that the Broadcom Customers infringe the Asserted Patents. In particular, USEI contends that the Broadcom Customers infringe the Asserted Patents because their computer systems include at least one of the Broadcom Products.

39. In addition to its infringement contentions, USEI filed Counterclaims to Broadcom's Complaint in Intervention alleging that the Broadcom Products directly and indirectly infringe one or more claims of the Asserted Patents, and that "USEI is the sole owner of the entire right, title, and interest in the Asserted Patents by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendant's infringement."

40. Upon information and belief, Broadcom, the Broadcom Products, and the Broadcom

- 4 -

Customers using those products do not infringe any valid and enforceable claim of the Asserted Patents. As such, an actual controversy exists between Broadcom and USEI regarding the noninfringement and invalidity of the Asserted Patents.

## COUNT I

**(Declaratory Judgment of Non-Infringement of the Asserted Patents)**

41. Broadcom repeats and re-alleges all of the allegations in all of the paragraphs above, as if set forth fully herein.

42. Upon information and belief, Broadcom and the Broadcom Products have not and do not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents.

43. Upon information and belief, the Broadcom Customers do not directly or indirectly infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents by using the Broadcom Products in their computer systems or otherwise.

44. There is an actual controversy between Broadcom and USEI regarding noninfringement of the claims of the Asserted Patents.

45. A judicial declaration concerning infringement of the Asserted Patents is necessary and appropriate at this time so that Broadcom can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products that USEI alleges incorporate technology of the Asserted Patents.

## COUNT II

**(Declaratory Judgment of Invalidity of the Asserted Patents)**

46. Broadcom repeats and re-alleges all of the allegations in all of the paragraphs above, as if set forth fully herein.

47. Upon information and belief, one or more of the claims of the Asserted Patents are invalid because they fail to comply with the Patent Laws of the United States, including the requirements of 35 U.S.C. §§ 102, 103, and/or 112, and including without limitation for the reasons set forth in the Invalidity Contentions Pursuant to Patent Local Rules 3-3 and 3-4 served May 9, 2011.

48. There is an actual controversy between Broadcom and USEI regarding the validity of the claims of the Asserted Patents.

49. A judicial declaration concerning invalidity of the Asserted Patents is necessary and appropriate at this time so that Broadcom can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products that USEI alleges incorporate technology of the Asserted Patents.

## COUNT III

**(Declaratory Judgment that Broadcom is Licensed to the Asserted Patents)**

50. Broadcom repeats and re-alleges all of the allegations in all of the paragraphs above, as if set forth fully herein.

51. Broadcom is licensed to practice the technology claimed in one or more of the Asserted Patents.

52. There is an actual controversy between Broadcom and USEI regarding Broadcom's license to technology claimed in the Asserted Patents.

53. A judicial declaration concerning Broadcom's license to the Asserted Patents is necessary and appropriate at this time so that Broadcom can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products that USEI alleges incorporate technology of the Asserted Patents.

## COUNT IV

**(Declaratory Judgment that USEI's Claims Are Barred by the Broadcom-3Com Agreement)**

54. Broadcom repeats and re-alleges all of the allegations in all of the paragraphs above, as if set forth fully herein.

55. USEI's claims of infringement against one or more of the Broadcom Products and the Broadcom Customers using those products are barred by the Broadcom-3Com Agreement.

56. There is an actual controversy between Broadcom and USEI regarding the scope and application of the Broadcom-3Com Agreement.

57. A judicial declaration concerning the Broadcom-3Com Agreement is necessary and appropriate at this time so that Broadcom can ascertain its rights and duties with respect to the

1 parties and with regard to designing, developing, manufacturing, marketing, and selling its products
2 that USEI alleges incorporate technology of the Asserted Patents.

### COUNT V

### (Intentional Interference with Contractual Relations)

58. Broadcom repeats and re-alleges all of the allegations in all of the paragraphs above, as if set forth fully herein.

59. The Broadcom-3Com Agreement is a valid and enforceable contract.

60. At all relevant times, Parallel knew or should have known of the Broadcom-3Com Agreement.

61. Parallel wrongfully assigned the Asserted Patents to USEI in order to evade the encumbrances recited in the Patent Sale Agreement.

62. Parallel caused or directed USEI's allegations of infringement of the Asserted Patents by Broadcom Products.

63. USEI's allegations of infringement of the Asserted Patents by Broadcom Products are contrary to Broadcom's rights under the Broadcom-3Com Agreement.

64. USEI's allegations of infringement of the Asserted Patents by Broadcom Products are intended to, and do interfere with and disrupt Broadcom's lawful rights under the Broadcom-3Com Agreement.

65. As a result of this interference and disruption by Parallel and USEI, Broadcom has incurred, and continues to incur damages, including without limitation the attorneys' fees, costs, and expenses incurred in defending against USEI's allegations of infringement of the Asserted Patents by Broadcom Products.

### PRAYER FOR RELIEF

Therefore, Broadcom requests judgment as follows:

1. For a declaration that the asserted claims of the Asserted Patents are invalid;

2. For a declaration that Broadcom and its products do not infringe (directly, indirectly, literally and/or under the doctrine of equivalents) any valid claim of the Asserted Patents;

3. For a declaration that the Broadcom Customers do not infringe (directly, indirectly,

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

1  literally and/or under the doctrine of equivalents) any valid claim of the Asserted Patents by virtue of
2  using a Broadcom Product;

3     4.     For a declaration that Broadcom is licensed to practice one or more of the Asserted
4  Patents;

5     5.     For a declaration that one or more of USEI's claims of infringement against
6  Broadcom and the Broadcom Customers are barred by the Broadcom-3Com Agreement;

7     6.     For an order enjoining Parallel and USEI from continuing their tortious conduct;

8     7.     For damages according to Broadcom's proof on its intentional interference claims
9  against Parallel and USEI, including without limitation an award to Broadcom in amount of at least
10 its attorneys' fees, costs, and expenses incurred in defending against USEI's improper allegations of
11 infringement;

12     8.     For a determination that this case is exceptional under 35 U.S.C. § 285 and an award
13 to Broadcom of its attorneys' fees, costs, and expenses in connection with this action; and

14     9.     Such other and further equitable or legal relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Broadcom hereby demands a jury trial as to all issues triable to a jury.

Dated:  April 18, 2013                      Respectfully submitted,

                                                  WILMER CUTLER PICKERING
                                                   HALE AND DORR LLP

                                                  By:  /s/ Jason H. Liss

                                                  Attorneys for Intervenor,
                                                  Broadcom Corporation

                                                  Dominic E. Massa (*admitted pro hac vice*)
                                                  dominic.massa@wilmerhale.com
                                                  60 State Street
                                                  Boston, MA 02109
                                                  Tel. (617) 526-6000
                                                  Fax (617) 526-5000

                                                  Christopher R. Noyes (*admitted pro hac vice*)
                                                  christopher.noyes@wilmerhale.com

Wilmer Cutler Pickering Hale and Dorr LLP
950 Page Mill Road
Palo Alto, CA 94304

<div style="text-align: left; margin-left: 40%;">

7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel. (212) 230-8800
Fax (212) 230-8888

</div>