WILLIAMS, MORGAN & AMERSON, P.C.
DANNY L. WILLIAMS (TX Bar No. 21518050)
dwilliams@wmalaw.com
Williams, Morgan & Amerson, P.C.
10333 Richmond Ave, Suite 1100
Houston, Texas  77042
Phone:  713-934-7000
Facsimile:  713-934-7011

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br><br>  *Plaintiff and Counter-Defendant,*<br><br>  v.<br><br>Acer, Inc., *et al.*,<br><br>  *Defendants and Counterclaimants,*<br><br>Intel Corporation, *et al.*,<br><br>  *Intervenors and Counterclaimants.* | Case No. 3:10-cv-03724 CW<br><br>[Related Cases: 5:10cv05254 CW and 3:10cv03481 CW]<br><br>**APPLE INC'S THIRD-PARTY COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |
| Apple Inc.<br><br>  *Third-Party Plaintiff*,<br><br>  v.<br><br>Oracle America, Inc,<br><br>  *Third-Party Defendant*. | |

APPLE INC'S THIRD-PARTY COMPLAINT
AGAINST ORACLE
No. 3:10-cv-03724

Plaintiff, Apple Inc. ("Apple"), for its Third-Party Complaint against Defendant Oracle America, Inc. ("Oracle"), alleges as follows:

**NATURE OF THE ACTION**

1. This is a complaint by Apple against Oracle pursuant to Federal Rules of Civil Procedure 14 for breach of contract and equitable indemnification, including, *inter alia*, Oracle's obligations to indemnify, defend, and hold harmless Apple for any and all claims alleged by U.S. Ethernet Innovations, LLC ("USEI") of infringement of United States Patent Numbers 5,299,313 ("the '313 Patent"); 5,307,459 ("the '459 Patent); 5,434,872 ("the '872 Patent"); and 5,732,094 ("the '094 Patent") (collectively, "the USEI Asserted Patents") asserted in this Civil Action No. 3:10-cv-03724 ("the Lawsuit").

**PARTIES**

2. Apple Inc. ("Apple") is a California corporation organized and existing under the laws of California, with its principal place of business at One Infinite Loop, Cupertino, California 95014.

3. Upon information and belief, Oracle America, Inc. ("Oracle") is a corporation organized under the laws of the State of Delaware with is principal place of business at 500 Oracle Parkway, Redwood City, California 94065.

**JURISDICTION AND VENUE**

4. USEI brought Civil Action No. 3:10-cv-03724 ("the Lawsuit") against Apple, asserting liability for infringement of the USEI Asserted Patents, which liability has been denied by Apple.

5. The Court has jurisdiction over these claims under 28 U.S.C. § 1367 because the claims "form part of the same case or controversy" with the allegations made against Apple in the

underlying patent infringement lawsuit. This Court has jurisdiction over the underlying patent infringement allegations pursuant to 28 U.S.C. §§ 1331 and 1338.

6. Oracle is subject to this Court's personal jurisdiction because it resides in California, does substantial business in this forum, and the events giving rise to this Third-Party Complaint occurred in this forum.

7. Venue is proper in this District under 28 U.S.C. § 1391.

## FACTS AND BACKGROUND

8. On October 9, 2009, USEI sued Apple in the United States District Court for the Eastern District of Texas, Case No. 6:09-cv-448, alleging that Apple and other Defendants infringe the '313, '459, '872, and '094 Patents. USEI filed its First Amended Complaint for Patent Infringement on May 4, 2010 ("Amended Complaint"), maintaining its allegations of infringement against Apple for infringement of the USEI Asserted Patents.

9. In paragraph 32 of the Amended Complaint, USEI alleges that Apple "infringed and continues to infringe one or more claims of the '459 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention."

10. In paragraph 41 of the Amended Complaint, USEI alleges that Apple "infringed and continues to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention."

11. In paragraph 50 of the Amended Complaint, USEI alleges that Apple "infringed and continues to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by

inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention."

12. In paragraph 59 of the Amended Complaint, USEI alleges that Apple "infringed and continues to infringe one or more claims of the '313 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention."

13. On April 28, 2010, USEI served Apple with Plaintiff U.S. Ethernet Innovations, LLC's First Supplemental Infringement Contentions to the Apple Defendants ("Supplemental Infringement Contentions"). USEI's Supplemental Infringement Contentions identify Oracle Ethernet technology, including the "Sun GEM Ethernet Controller Family," as the bases for USEI's alleged infringement of certain Apple products for the '459 Patent (USEI Claim Chart Number 30), the '872 Patent (USEI Claim Chart Number 31), the '094 Patent (USEI Claim Chart Number 32), and the '313 Patent (USEI Claim Chart Number 33).

14. On or about May 20, 1998, Apple entered into an agreement (the "Technology License Agreement") with Sun Microsystems Inc. ("Sun"), contractually obligating Sun to indemnify, defend, and hold harmless Apple as a result of any claim or proceeding alleging intellectual property infringement of the Ethernet technology supplied by Sun to Apple.

15. Subsequent to May 20, 1998, Oracle has become the party and successor-in-interest to all of Sun's rights and obligations under the Technology License Agreement.

16. Upon information and belief, on or about January 27, 2010, Oracle announced that it had finalized its acquisition of Sun. On information and belief, as part of Oracle's acquisition of Sun, Sun assigned all rights, obligations, and liabilities under the Technology License Agreement to Oracle.

4

APPLE INC'S THIRD-PARTY COMPLAINT
AGAINST ORACLE
No. 3:10-cv-03724

17. Apple gave notice to Oracle of the Lawsuit and made written and oral requests for indemnification and defense with respect to the Lawsuit. Apple has complied in all respects with any obligations of Apple under the Technology License Agreement.

18. Oracle has provided no assurance that it will meet its indemnification obligations and has not met such obligations to date.

19. Oracle has not defended or indemnified Apple in the Lawsuit and has not paid any costs or expenses in association with the defense of USEI's claims to date.

20. Any and all damages recoverable or recovered by USEI, and any and all costs and expenses, including attorneys' fees and expenses, paid or incurred by Apple for its defense of the Lawsuit relating to USEI's claims that involve Oracle Ethernet technology are encompassed by the Technology License Agreement.

## COUNT I – BREACH OF CONTRACT

21. Apple hereby incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-20, supra.

22. Oracle has sold to Apple Ethernet technology that is now accused by USEI of infringing the USEI Asserted Patents.

23. By the terms of the Technology License Agreement, Oracle is and has been obligated to indemnify, defend, and hold harmless Apple from and against all claims of patent infringement related to the Ethernet technology supplied by Oracle to Apple.

24. Oracle has breached its obligation to indemnify, defend, and hold harmless Apple from and against the claims of patent infringement by USEI and is liable for that breach to Apple.

25. Apple has been damaged in an amount equal to any fees, costs, or expenses it has incurred in defending the Lawsuit, in relation to the Ethernet technology supplied by Oracle to

5

APPLE INC'S THIRD-PARTY COMPLAINT
AGAINST ORACLE
No. 3:10-cv-03724

Apple, and in an amount equal to any monies it pays to satisfy any settlements of, or judgments in, the Lawsuit.

26. The legal fees and expenses Apple has incurred and paid to date were reasonable.

### COUNT II – EQUITABLE INDEMNIFICATION UNDER CALIFORNIA LAW

27. Apple hereby incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-26, supra.

28. Apple has been damaged in an amount equal to any fees, costs, or expenses it has incurred in defending the Lawsuit, in relation to the Ethernet technology supplied by Oracle to Apple, and will continue to be damaged in an amount equal to any fees, costs or expenses incurred in continuing to defend the Lawsuit and in an amount equal to any monies it pays to satisfy any settlements of, or judgments in, the Lawsuit.

### DEMAND FOR JURY TRIAL

29. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Local Rule 3-6, Apple demands a trial by jury of this action.

### PRAY FOR RELIEF

WHEREFORE, Third-Party Plaintiff Apple prays for a final judgment against Oracle and respectfully requests the following relief

(a) A judgment that Oracle is liable to Apple to indemnify, defend, and hold harmless Apple from and against any claims or demands of USEI arising from infringement of the '459, '872, '094, or '313 patents in connection with the Ethernet technology supplied by Oracle to Apple;

      (b)    A judgment that Oracle has breached the Technology License Agreement for the Ethernet technology accused of infringement, sold by Oracle to Apple, and is liable for that breach to Apple;

      (c)    A judgment under 35 U.S.C. § 285 awarding Apple its costs and reasonable attorneys' fees expended in defending the Lawsuit in connection with the Ethernet technology supplied by Oracle to Apple;

      (d)    A judgment awarding Apple its costs and reasonable attorneys' fees expended in bringing and prosecuting this third-party action;

      (e)    An order awarding Apple all sums that may be adjudicated against Apple in favor of USEI in the Lawsuit, in connection with the Ethernet technology supplied by Oracle to Apple, including without limitation, any interest thereon as well as fees, costs, or any other sum; and

      (f)    A judgment awarding Apple such other and further relief as this Court may deem just and proper.

DATED:  April 19, 2013          WILLIAMS, MORGAN & AMERSON, P.C.

                                      By: */s/ Danny Williams*
                                      Danny Williams

                                      Counsel for Apple Inc.