UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS LLC, | No. C 10-03724 CW (LB) |
| Plaintiff, | |
| v. | **ORDER RE DISCOVERY DISPUTE** |
| ACER INC, *et al.*, | [Re: ECF No. 730] |
| Defendants. | |

## INTRODUCTION

Defendant Intel subpoenaed former 3Com employee Annette Davis for documents about the following: 3Com's history and practices with respect to patent marking; licensing and licensing negotiations; Ms. Davis's participation in the Realtek or D-Link litigation; competitive analyses relating to Intel's products, products of any person that 3Com or USEI sued, or related to the accused patents; and communications with Plaintiff USEI or Parallel Technology. *See* ECF No. 730-1 at 13.[1] Defendant HP acquired 3Com in 2010. Before HP acquired it, 3Com sold patents to Parallel Technology pursuant to a patent sales agreement (PSA). Joint Letter Brief, ECF No. 730 at 1. The PSA gave Parallel the right, title, and interest to patents that include those at issue in this case, and it provided that 3Com would provide material cooperation to Parallel's efforts to enforce

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the page.

C 10-03724 CW (LB)
ORDER RE DISCOVERY DISPUTE

the patents. *Id.* at 2. PSA § 2.1, ECF No. 730-2. Parallel is not a party. It assigned the patents to its wholly-owned subsidiary, USEI. *Id.*

The discovery dispute here is between USEI and HP. USEI instructed Ms. Davis that she should meet with USEI and its lawyers before responding to Intel's subpoena. *Id.* As a result, Ms. Davis will not respond to the subpoena without a court order. *Id.* USEI wants to review the documents first for attorney-client and related privileges. *Id.* HP argues that it is the successor to 3Com, it has the privilege, and the undersigned should issue an order saying that HP is the owner of all privileges relating to 3Com. *Id.*

The court held a hearing on May 2, 2013 and rules as follows.

## ANALYSIS

**I. VENUE**

USEI first argues that the PSA has a choice of law provision that any dispute must be decided in Delaware. *Id.* at 5. That provision states:

> This Agreement shall be interpreted, construed and enforced in all respects in accordance with the laws of the United States and the State of Delaware, without giving effect to its choice of law principles to the contrary. Neither party shall commence or prosecute any action, suit, proceedings or claim arising under or by reason of this Agreement other than in the state or federal courts located in the State of Delaware unless jurisdiction over both parties cannot be obtained by such party in such courts

ECF No. 730-2, § 6.5. This discovery dispute is not a action, suit, proceeding, or claim under the PSA. The court reaches the merits of the dispute.

**II. WHO GETS THE FIRST REVIEW**

USEI argues that nine of the ten categories of documents relate to the patents at issue and are sure to contain confidential information, and that is why they want to review them first. Joint Letter, ECF No. 730 at 2. It bought the patents, the documents relate to the patents, and the ownership of the documents was transferred from 3Com to Parallel before the HP-3Com merger. *Id.* at 4. Thus, it asserts, it is entitled to assert 3Com's attorney-client and related privileges.

The PSA is filed at ECF No. 730-2, and the assignment of patent rights is Exhibit A. The transfer includes all of 3Com's files and original documents (including without limitation the existing letters patents, assignment agreements, prosecution files, file histories, reexamination files,

1  other PTO files, analyses regarding potential licensors and infringers, legal opinions and research
2  files, and documents. Joint Letter Brief at 4; PSA § 2.1.  To the extent that these documents were
3  subject to the attorney-client privilege, 3Com and Parallel agreed that they had a commonality and
4  joint interest and that sharing would not diminish that interest.  PSA § 2.1.

5  From this record, HP and USEI cannot assert a privilege against each other.  USEI has not
6  provided any basis for a finding that it can assert any privilege against HP, 3Com was allowed to
7  keep a copy of the documents under the PSA (and HP said on the record that it did so), and USEI
8  agrees that "[w]hen the HP-3Com Merger closed, HP stepped into the shoes of 3Com with respect to
9  the privilege and confidentiality of the Parallel Documents."  ECF No. 730 at 2.  Similarly, HP has
10 not provided any basis for a finding that it can assert any privilege against USEI.  Thus, from a
11 practical case management perspective, it does not seem to matter who sees the documents first.  On
12 this record, the court orders production as follows.

13 First, to the extent that documents do not relate to the patents at issue, USEI does not oppose
14 HP's getting the first review.  Joint Letter Brief, ECF No. 730 at 2.  Ms. Davis should produce those
15 documents to HP.

16 Second, as to the rest of the documents, USEI owns the patent-related documents in Ms. Davis's
17 possession, and it can have them.  As discussed on the record, HP's rights potentially are more
18 complicated.  With respect to privilege, HP may have the right to prevent production to third parties
19 under the PSA that defines 3Com's and Parallel's sharing-and-privilege restraints.  At the same
20 time, the parties did not address whether HP has the right to obtain documents now owned by USEI
21 (even if the documents are in a former 3Com employee's possession).  None of this may even
22 matter: according to HP, 3Com kept a copy (as it was permitted to under the PSA), and it seems
23 likely that HP and USEI already have the documents that Ms. Davis will produce.  Thus, and with
24 the parties' agreement on the record, the court orders production to USEI and HP simultaneously.

25 As for timing, apparently Ms. Davis's counsel can produce the documents right away on Friday,
26 May 3, 2013, and the parties agreed that it would take a day or two to review them.  The parties
27 agreed to these deadlines on the record, and the court orders them.  Review should be completed by
28 close of business on Monday, May 6, 2013, all potentially privileged documents should be

C 10-03724 CW (LB)
ORDER RE DISCOVERY DISPUTE

3

1  identified, and non-privileged documents should be produced to Intel immediately.  On Tuesday,

2  May 7, 2013, HP and USEI should meet and confer about any withheld patent-category documents

3  to reduce the areas of dispute. By close of business on Wednesday, they should prepare and produce

4  a privilege log that comports with the undersigned's standing order.  The parties thereafter should

5  comply with the court's discovery dispute procedures for any unresolved issues.

### III.  ORDER DECLARING HP'S RIGHTS

HP wants a court order now saying that it is the owner of all privileges related to 3Com.  Joint Letter Brief, ECF No. 780 at 2.  It notes that USEI has already litigated and lost the privilege issues in Texas, where the discovery magistrate judge ruled that USEI was not a party to the PSA, had no rights in the PSA, and was not a successor to 3Com by virtue of the patent assignment from its parent company Parallel Technology.  *Id.* at 2-3.  Parallel Technology (a party to the PSA) now joins USEI in this discovery dispute, but that does not change the outcome because it is not a successor to 3Com, either.  *Id.* at 2 (collecting cases that the assignment of a patent does not transfer an attorney-client relationship, at least absent some sort of agreement that control over attorney-client communications was transferred).

On this record and at this point in the dispute, it is not necessary to issue a broad order with implications outside of this discovery dispute, which after all is the extent of the referral to the undersigned.  The case management result here accomplishes the purpose of the referral, at least for now.  To provide clarity for any assertion of privilege, however, the court generally finds compelling HP's argument that the attorney-client privilege is not transferred with the control of the patents and instead is transferred with the control of the business.  *See id.* (collecting cases).  Also, HP makes a good argument that adversity in litigation destroys the common interest privilege. *See id.*  Thus, should USEI or Parallel assert a privilege, they should explain the basis for that assertion.

This disposes of ECF No. 730.

**IT IS SO ORDERED.**

Dated: May 2, 2013

LAUREL BEELER
United States Magistrate Judge

C 10-03724 CW (LB)
ORDER RE DISCOVERY DISPUTE
4