IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, | No. C 10-3724 CW |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE INTERVERNOR NVIDIA CORPORATION'S MOTION TO SEAL (Docket No. 755 in 10-3724) AND ADDRESSING DEFENDANTS' AND INTERVENORS' MOTION TO SEAL (Docket Nos. 756 in 10-3724 and 442 in 10-5254) |
| v. | |
| ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER, INC.; DELL, INC.; FUJITSU, LTD.; FUJITSU AMERICA, INC.; GATEWAY, INC.; HEWLETT PACKARD CO.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC., | |
| Defendants, | |
| INTEL CORPORATION; NVIDIA CORPORATION; MARVELL SEMICONDUCTOR, INC.; ATHEROS COMMUNICATIONS, INC.; and BROADCOM CORPORATION, | |
| Intervenors. | |
| _____/ | |
| U.S. ETHERNET INNOVATIONS, LLC, | No. C 10-5254 CW |
| Plaintiff, | |
| v. | |
| AT&T MOBILITY LLC; BARNES & NOBLE, INC.; CLAIRE'S BOUTIQUES, INC.; J. C. PENNEY COMPANY, INC.; SALLY BEAUTY HOLDINGS, INC.; ANN TAYLOR STORES CORPORATION; ANN TAYLOR RETAIL, INC.; HARLEY-DAVIDSON, INC.; HARLEY-DAVIDSON MOTOR COMPANY, INC.; KIRKLAND'S INC.; KIRKLAND'S STORES, INC.; MACY'S, INC.; MACY'S RETAIL HOLDINGS, INC.; MACY'S WEST STORES, INC.; NEW YORK & COMPANY, | |

United States District Court
For the Northern District of California

INC.; LERNER NEW YORK, INC.;
RADIOSHACK CORPORATION; RENT-A-
CENTER, INC.; and THE DRESS BARN,
INC.,

          Defendants.

_____/

AND ALL RELATED CLAIMS,
COUNTERCLAIMS AND THIRD-PARTY
CLAIMS

_____/

      Intervenor NVIDIA Corporation moves to seal portions of the declaration of Paul Sidenblad offered in support of the motion for partial summary judgment filed by Defendants and Intervenors and Exhibits A through F to the Sidenblad declaration.

      These documents are connected to a dispositive motion.  To establish that these documents are sealable, NVIDIA "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration demonstrating with particularity the need to file each document under seal.  Civil Local Rule 79-5(a).

      NVIDIA has filed a declaration stating that it has designated the relevant documents as "Highly Confidential" under the interim protective order and that they contain information that "generally relates to: (1) highly sensitive technical information concerning NVIDIA products accused by USEI; (2) a confidential license

United States District Court
For the Northern District of California

1   agreement and communication between NVIDIA and 3Com Corporation;

2   and (3) highly sensitive NVIDIA source code."  Gregorian Decl.

3   ¶ 3.

4       NVIDIA only describes the subject matter of the exhibits and

5   makes conclusory statements that it considers the material to be

6   confidential or sensitive.  NVIDIA has failed to state what harm

7   it would experience if this material were publicly disclosed or to

8   provide any specific reasons, supported by facts, that could

9   outweigh the public policy favoring public access to court

10  filings.

11      Accordingly, NVIDIA's motion to file under seal is DENIED.

12  Pursuant to Civil Local Rule 79-5(f), within four days of the date

13  of this Order, NVIDIA may re-submit the documents for filing in

14  the public record or it may retain the documents and not make them

15  part of the record in this case.  Alternatively, by that date,

16  NVIDIA may renew its request to file under seal, supported by a

17  proper declaration that establishes that the documents are

18  sealable as discussed above.

19      Intervenor Intel Corporation has filed a motion to seal on

20  behalf of all Defendants and Intervenors seeking to file under

21  seal the following documents: (1) their motion for partial summary

22  judgment; (2) the declaration of Jesse Brandeburg with Exhibit 1;

23  (3) the declaration of Itamar Sharoni with Exhibits 1-3; (4) the

24  declaration of Thomas Insley with Exhibits A and B; (5) the

25  declaration of John R. Schiffhauer; and (6) the declaration of

26  Justin Constant with Exhibits A.1 through A.24.  In the motion,

27  Defendants and Intervenors state that the "Brandeburg and Sharoni

28  Exhibits contain highly confidential descriptions of Intel source

**United States District Court**
For the Northern District of California

code and products, and attach excerpts of design documents that
Intel maintained as confidential, and information from Intel's
source code version control database," and that the "Insley
declaration discusses financial and licensing information that
Intel maintains as highly confidential."  Docket No. 756, 2-3.
They also state that the "Constant Declaration contains exhibits
that pertain to confidential third-party licenses and licensing
practices, third-party sales and financial data, and deposition
testimony designated" as confidential under the interim protective
order.  Id. at 3.  They further state that the motion for partial
summary judgment "discusses the confidential information contained
in the supporting declarations and exhibits attached thereto."
Id.

Intel has submitted a declaration in support of the motion to
seal in which it states that "Local Rule 79-5(d) provides the
mechanism for Defendants and Intervenors to submit that material
under seal."  Stephens Decl. ¶ 2.  However, Local Rule 79-5(d)
sets forth the procedure for a party to file under seal
information that has been designated as confidential by another
party, not by itself.  To the extent that Defendants and
Intervenors seek to file under seal documents or information that
they themselves have designated as confidential, as appears to be
the case for at least the Brandeburg, Sharoni and Insley
declarations and their attached exhibits, Local Rule 79-5(b) and
(c) provide the relevant procedure.[1]  The Court notes that, in the

_____

[1] They do not address why they seek to seal the Schiffauer
declaration or which party or non-party has designated that
document as confidential.

4

only supporting declaration filed thus far, Intel has not provided compelling reasons to seal these documents.[2]  In addition, although Defendants and Intervenors suggest that non-parties have designated the exhibits to the Constant Declaration as confidential, they have not disclosed who these non-parties are or provided proof that they have served these non-parties with notice of their motion to seal.

Accordingly, within one day of the date of this Order, Defendants and Intervenors shall file a declaration setting forth which party or non-party has designated each of the relevant documents or information as confidential and shall provide proof that they have served all non-parties with their motion to seal and information about which documents and information they are attempting to file.  If Defendants and Intervenors themselves are the designating party, by that date, Defendants and Intervenors shall also file their declarations in support of their motion to seal, providing compelling reasons to seal the information.

In the future, when filing motions to seal, all parties shall make clear which party or non-party has designated as confidential each purportedly sealable document and, if relevant, shall provide proof of service upon non-parties.

IT IS SO ORDERED.

Dated: 5/17/2013

CLAUDIA WILKEN
United States District Judge

_____

[2] As discussed above, because Defendants and Intervenors seek to seal documents related to a dispositive motion, the compelling reason standard applies to the motion to seal, not a good cause standard.