IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER, INC.; DELL, INC.; FUJITSU, LTD.; FUJITSU AMERICA, INC.; GATEWAY, INC.; HEWLETT PACKARD CO.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>        Defendants,<br><br>INTEL CORPORATION; NVIDIA CORPORATION; MARVELL SEMICONDUCTOR, INC.; ATHEROS COMMUNICATIONS, INC.; and BROADCOM CORPORATION,<br><br>        Intervenors.<br>_____/<br><br>AND ALL RELATED CLAIMS, COUNTERCLAIMS AND THIRD-PARTY CLAIMS<br>_____/ | No. C 10-3724 CW<br><br>ORDER ADDRESSING MOTIONS TO SEAL (Docket Nos. 750, 765, 769, 777, 795, 798 and 808 in 10-3724 and 449 and 454 in 10-5254) |

The Court addresses the pending motions to seal in the above captioned cases as follows:

I.   Docket Nos. 750, 795 in Case No. 10-3724

On May 13, 2013, Plaintiff U.S. Ethernet Innovations, LLC (USEI) moved to file under seal Exhibits A, C and E to the declaration of Peter M. Jones in support of its motion regarding sanctions based on party misconduct, as well as the portions of

its motion that directly quote or refer to those exhibits.[1] Docket No. 750.  On June 6, 2013, USEI moved to file under seal the entirety of its response to Defendants' motion for partial summary judgment, the declaration of Peter M. Jones in support thereof and all exhibits attached to the declaration.  USEI represents that the documents contain information that was designated as confidential under the stipulated interim protective order in this case and that it "expects that . . . one or more of the defendants will file a declaration attempting to establish that the designated information is sealable."

If a party wishes to file a document that has been designated as confidential by another party or to refer to such information in a memorandum or other filing, it is required to file and serve an administrative motion seeking a sealing order.  Civil Local Rule 79-5(d).  The designating party then must file a declaration establishing that the document is sealable within seven days thereafter.  Id.  If the designating party does not file its responsive declaration, the document will be made part of the public record.  Id.

---

[1] As of the date of this Order, Plaintiff has not filed in the public record the Jones declaration itself or Exhibits B, D, F and G, which are not at issue in the pending motion to seal. Plaintiff has provided the Court with chambers copies of these documents and has filed a certificate of service attesting that it served copies of the motion, declaration and all exhibits on the other parties in this case.  Docket No. 753.

In the future, the parties shall properly efile in the public docket all documents that they wish to offer in support of a motion and that are not at issue in a concurrently-filed motion to seal.

2

As of the date of this Order, no declaration in support of these motions to seal has been filed.

Accordingly, the motions to seal are DENIED (Nos. 750, 795 in 10-3724). Within one day of the date of this Order, USEI shall efile its unredacted motions, the Jones declarations and all exhibits thereto in the public docket of this case.

II.   Docket Nos. 765 in Case No. 10-3724, 449 in Case No. 10-5254

Intervenor Intel Corporation moves on behalf of all Defendants and Intervenors to file under seal the following documents offered in support of their motion for partial summary judgment: (1) portions of the declaration of Itamar Sharoni; (2) Exhibits 1, 2 and 3 to the Sharoni declaration; (3) the declaration of Thomas Insley; (4) Exhibits A and B to the Insley declaration; (5) portions of the declaration of Justin Constant; (6) Exhibits A.1, A.3 and A.4 to the Constant declaration; and (7) portions of their motion that contain information from these other documents.  Intel has submitted a declaration in support of its motion to seal.  See Stephens Decl., Docket No. 449-1.

These documents are connected to a dispositive motion.  To establish that these documents are sealable, Intel "must overcome a strong presumption of access by showing that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (citation omitted).  This cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential, but rather must be supported by a sworn declaration

3

1 demonstrating with particularity the need to file each document
2 under seal.  Civil Local Rule 79-5(a).
3     In its declaration in support of the motion to seal, Intel
4 represents that the portions of the Sharoni declaration and its
5 exhibits that it seeks to seal contain "internal code names of
6 Intel's source code" and material related to its "source code
7 version control system."  Stephens Decl., 2-3.  It states, "This
8 material is not available to the public, and public release could
9 result in a competitive disadvantage for Intel and security
10 concerns for Intel and its customers."  Id.  It represents, "This
11 material reflects how Intel develops and manages its confidential
12 source code for its Ethernet components, which is widely used by
13 non-party members of the public," and that it "would be harmed if
14 this material were made public."  Id.  However, such broad and
15 generic statements do not meet the standard for sealing
16 information related to dispositive motions.  Although Intel
17 generally claims that it would be "harmed" by public disclosure
18 and that this would result in a "competitive disadvantage" for it
19 and in "security concerns" for it and its customers, Intel
20 provides no specific facts or explanation of, for example, what
21 these security concerns are, how it would be hurt competitively
22 and why it expects that this would result from public disclosure
23 of this material.
24     Similarly, Intel has not sufficiently supported its request
25 to seal the information contained in the Insley declaration and
26 its exhibits.  Intel seeks to redact the name of a third-party
27 customer of Intel "who wishes to maintain as confidential the
28 information about it discussed in the Motion."  Stephens Decl. 3.

4

However, although Intel represents that it has notified this third-party customer "of the use of and protections for its confidential information as part of this motion," the third-party customer has not submitted a declaration setting forth any reasons that its identity should be maintained as confidential or that any of its other information should be protected.  Further, Intel has not provided any compelling reason to keep this customer's identity under seal.  Intel also seeks to redact financial records of its sales of accused products to this customer and others.  In support, it again makes generic statements that this information "is closely guarded throughout the industry for competitive reasons," and "is competitively very sensitive and its public release could cause competitive harm to Intel and its third-party customer."  Id. at 4.  Intel, however, fails to provide an explanation of how it would suffer competitive harm or specific facts to support its sealing request.

Intel has also not supported properly its request to seal a portion of the Constant declaration and Exhibits A.1, A.3 and A.4 attached thereto.  The Constant declaration contains some of the same information at issue in the exhibits to the Insley declaration and Intel has failed to support the sealing of it for the reasons discussed above.  In addition, although Intel represents that the declaration contains information designated as confidential by Intel's third-party customer and other parties to this case, including USEI and HP, none of these have filed a declaration in support of sealing this information.  Similarly, Intel states that Exhibit A.1 is a "confidential contract between 3Com and a third-party customer of Intel" and that both of these

5

parties have designated it as confidential under the protective order in this case; however, neither has offered a declaration in support of sealing and a blanket protective order is not sufficient to permit the filing of documents under seal. See Civil Local Rule 79-5(a). Further, Intel represents that Exhibit A.3 is a "confidential declaration from the director of intellectual property at Intel's third-party customer," which "discusses a confidential agreement and related practices" and has been designated as confidential under the protective order by the third-party customer. Again, no supporting declaration has been filed and designating the document as confidential under the protective order is not sufficient to allow filing under seal. Intel represents that Exhibit A.4 is a contract governing intellectual property rights that it maintains as confidential for competitive reasons and that public disclosure would cause it and the other party to the contract "competitive harm." This showing is insufficient for the reasons set forth above.

Finally, Intel seeks leave to file under seal the portions of the motion for partial summary judgment that refer to the information in the documents discussed above. Because Intel has not provided sufficient reason to seal the underlying documents, it also has not established that these portions of the motion should be filed under seal.

Accordingly, Intel's motion to seal is DENIED (Docket Nos. 765 in Case No. 10-3724, 449 in Case No. 10-5254). Within one day of the date of this Order, Intel shall efile these unredacted documents in the public docket of this case. Alternatively, by

that time, it may withdraw the exhibits from the record and disclaim its reliance on the redacted portions of its motion.

III. Docket No. 769 in Case No. 10-3724

Intervenor Nvidia Corporation moves to file under seal portions of the declaration of Paul Sidenblad offered in support of Defendants and Intervenors' motion for partial summary judgment and Exhibits A through F attached thereto. Nvidia has filed a declaration in support of the motion to seal. Gregorian Decl., Docket No. 769-1.

The Court previously denied Nvidia's first motion to seal these documents, stating that, in its declaration in support of its original motion, "NVIDIA only describes the subject matter of the exhibits and makes conclusory statements that it considers the material to be confidential or sensitive," and that "NVIDIA has failed to state what harm it would experience if this material were publicly disclosed or to provide any specific reasons, supported by facts, that could outweigh the public policy favoring public access to court filings." Docket No. 760, 1-2.

Nvidia still has failed to demonstrate that there are compelling reasons to seal the documents at issue. Nvidia asserts that Exhibits B, C and D are, respectively, "a confidential summary of Nvidia's MACs," "a confidential technical specification for the CK8G MAC," and a "confidential MCP1 MAC Reference Manual." It states that these exhibits reflect "design and development" of these products "by Nvidia's engineers," are "not available to the public, and public release could result in a competitive disadvantage for Nvidia." Gregorian Decl. ¶ 3.b-d. However, Nvidia has not presented specific facts to show how making this

7

information available to the public would result in a "competitive disadvantage" that outweighs the presumption of public access to court documents; merely characterizing the documents as containing trade secrets is insufficient, in the absence of facts in support of this.  Similarly, Nvidia states that Exhibit E is "an excerpt from Nvidia's confidential source code version control system showing changes made to Nvidia's driver source code," which it does not make available to the public, customers or third parties. Although it generally states that "public release could result in a competitive disadvantage for Nvidia and security concerns for Nvidia or its customers," Nvidia again makes only general, sweeping statements, without providing specific facts or explanation of the possible harm that might occur.

Finally, Nvidia represents that Exhibit A is "a confidential agreement between 3com and Nvidia," which they agreed to keep confidential "due to the proprietary nature of the information." Gregorian Decl. ¶ 3.a.  Nvidia also states that public disclosure "would provide competitive information about Nvidia's business practices and technology."  Id.  However, the parties' agreement that a document should be kept confidential is insufficient to establish that it should be sealed.  Further, a general assertion that it includes "proprietary" or "competitive information" is not enough, in the absence of specific facts that show that this information is worthy of protection from public access.

Accordingly, Nvidia has not established that there are compelling reasons to seal Exhibits A through E to the Sidenblad declaration.  Nvidia seeks to seal the portions of the declaration itself that "discuss information contained in and/or related to

8

the foregoing Exhibits." Gregorian Decl. ¶ 3.g.  Because Nvidia has failed to establish that the exhibits are sealable, it also has not shown that the declaration itself should be sealed.

Accordingly, Nvidia's motion to seal is DENIED (Docket No. 769 in Case No. 10-3724).  Within one day of the date of this Order, Nvidia shall efile the Sidenblad declaration and Exhibits A through E thereto in the public docket of this case. Alternatively, by that date, Nvidia may withdraw the exhibits from the record.

IV.   Docket No. 777 in Case No. 10-3724

On May 28, 2013, Intel moved to file under seal Exhibit 2 to the declaration of Seth M. Sproul in support of its opposition to USEI's motion regarding sanctions.  In its motion and supporting declaration, Intel represents that Exhibit 2 consists of excerpts from the deposition "testimony from third-party subpoena recipient Richard Baker," which includes "confidential information of Mr. Baker, defendant Hewlett-Packard's predecessor in interest (3Com) and a third party customer of 3Com."  Mot. at 2; see also Sproul Decl. ¶ 2.  Intel has also submitted a certificate of service showing that it served a copy of Exhibit 2 upon all counsel of record in this case.  Docket No. 779 in 10-3724.

The Court previously warned all parties to this case that, when filing motions to seal, they "shall make clear which party or non-party has designated as confidential each purportedly sealable document and, if relevant, shall provide proof of service upon non-parties."  Docket No. 760, 5.  However, in the instant motion, Intel has not identified the third-party customer of 3Com whose confidential information is in Exhibit 2--although it appears to

9

be the same third-party customer addressed above--and has not provided of service of the motion or exhibit upon Mr. Baker or the third-party 3Com customer.

Within one day of the date of this Order, Intel shall provide proof of service of the motion to seal, Exhibit 2, this Order and Civil Local Rule 79-5 upon Mr. Baker and the third-party 3Com customer.  Within seven days thereafter, Mr. Baker and the third-party 3Com customer must file and serve with the Court a declaration establishing that Exhibit 2 is sealable, or must withdraw the designation of confidentiality.  The Court warns Mr. Baker and the third-party 3Com customer that their failure to file a declaration in support of sealing may result in Exhibit 2 being made part of the public record, pursuant to Civil Local Rule 79-5(d).

V.   Docket No. 798 in Case No. 10-3724

Intervenor and Third Party Plaintiff Broadcom Corporation moves to file under seal the entirety of Exhibit G to the declaration of Jason H. Liss in support of its opposition to Third Party Defendant Parallel Technology, LLC's motion to dismiss and portions of its opposition brief that disclose the contents of Exhibit G.  Broadcom has submitted a declaration in support of its motion to seal.  See Liss Decl., Docket No. 798-1.

As noted above, Broadcom must demonstrate facts that show that compelling reasons support the filing of these documents under seal and outweigh the presumption of public access to court records.

Exhibit G consists of a January 27, 2004 settlement and license agreement between Broadcom and 3Com.  In the declaration

10

1  in support of the motion to seal, Broadcom represents that this
2  agreement "contains highly sensitive Broadcom information," which
3  "includes, for example, (1) lump sum and ongoing royalty amounts
4  that Broadcom agreed to pay to 3Com, and (2) the structure and
5  scope of the technology licenses negotiated by the parties."  Liss
6  Decl. ¶ 3.  Broadcom asserts that public disclosure of the
7  agreement "would be prejudicial to Broadcom in negotiating
8  licenses and other agreements with other market participants."
9  Id.  Broadcom also notes that article 13 of the agreement requires
10 it to keep the document confidential.  Id. at ¶ 4.

11      The Court finds that Broadcom has established compelling
12 reasons to seal the lump sum and royalty amounts that Broadcom
13 agreed to pay 3Com in the agreement and the portions of the
14 opposition brief that refer to these amounts.  However, Broadcom
15 has not offered compelling reasons to seal the remainder of the
16 material.  In its declaration, it fails to address the entirety of
17 the licensing agreement and instead addresses only limited
18 portions of the document.  For example, Broadcom provides no
19 reason that the five pages of provisions related to dispute
20 resolution should be sealed.  Further, Broadcom does not make
21 clear what terms of the agreement actually describe the "structure
22 and scope of the technology licenses" and how public disclosure of
23 these terms would negatively impact its ability to negotiate
24 agreements with others.

25      Accordingly, the Court GRANTS in part and DENIES in part
26 Broadcom's motion to seal (Docket No. 798 in Case No. 10-3724).
27 Within one day of the date of this Order, Broadcom shall file
28 under seal unredacted versions of its opposition brief and Exhibit

11

1  G and shall file in the public record versions in which it has
2  redacted only the payment terms.  Alternatively, by that date,
3  Broadcom may withdraw Exhibit G from the record.
4  VI.  Docket Nos. 808 in Case No. 10-3724, 454 in Case No. 10-5254
5       Intel moves on behalf of all Defendants and Intervenors to
6  file under seal a portion of their reply brief in support of their
7  motion for partial summary judgment and the entirety of Exhibit
8  A.1 to the declaration of Carmen Bremer in support of the reply.
9       Exhibit A.1 contains an opposition brief filed by 3Com in a
10 separate earlier case, 3Com Corp. v. Realtek Semiconductor Corp.
11 Case No. 03-2177 (N.D. Cal.), in response to a motion for partial
12 summary judgment there.  The court granted permission to file this
13 brief under seal in the prior litigation.  Thus, the Court finds
14 compelling reasons to file it under seal here.
15      Intel represents that it seeks to file under seal portions of
16 the reply brief that refer to the contract between 3Com and the
17 third-party customer of Intel discussed above and another contract
18 between two parties to this litigation.  Intel makes only general
19 averments that these entities maintain these agreements as
20 confidential and that public release would cause them competitive
21 harm.  Further, none of the other entities that are party to the
22 contract have filed declarations in support of the motion to seal.
23 Because Intel has not provided specific facts that show compelling
24 reasons to maintain this information under seal, the Court DENIES
25 the motion to seal to the extent that Intel seeks to seal portions
26 of the reply brief.
27      Accordingly, the Court GRANTS in part and DENIES in part
28 Intel's motion to seal (Docket Nos. 808 in Case No. 10-3724 and

12

454 in Case No. 10-5254).  Within one day of the date of this Order, Intel shall file under seal Exhibit A.1 and shall file in the public record an unredacted version of the reply brief. Alternatively, by that date, Intel may disclaim reliance on the redacted portions of its reply brief.

IT IS SO ORDERED.

Dated: August 14, 2013

CLAUDIA WILKEN
United States District Judge