IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER, INC.; DELL, INC.; FUJITSU, LTD.; FUJITSU AMERICA, INC.; GATEWAY, INC.; HEWLETT PACKARD CO.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>          Defendants,<br><br>INTEL CORPORATION; NVIDIA CORPORATION; MARVELL SEMICONDUCTOR, INC.; ATHEROS COMMUNICATIONS, INC.; and BROADCOM CORPORATION,<br><br>          Intervenors.<br>_____/ | No. C 10-3724 CW<br><br>ORDER ADDRESSING USEI'S MOTION FOR DISCOVERY SANCTIONS AND TO SET A SHOW CAUSE HEARING FOR FURTHER SANCTIONS DUE TO PARTY MISCONDUCT (Docket No. 749) |

Plaintiff U.S. Ethernet Innovations LLC (USEI) moves for certain "evidentiary sanctions" against Intervenor Intel Corporation, Defendant Hewlett-Packard Company (HP) and their counsel and for an order directing them to show cause why additional sanctions should not be ordered.  USEI contends that these parties improperly entered into a consulting agreement with Richard Baker, who is a former employee of 3Com, which was the prior owner of the patents-in-suit.  Mr. Baker is also a former employee of HP and is a potential fact witness in this litigation.

USEI requests that the Court find that all communications between Mr. Baker and Intel, HP or their counsel are not privileged and must be disclosed to USEI; require the production of documents related to meetings between them and all documents that they have exchanged; permit USEI to depose Mr. Baker about these communications; and prohibit Intel and HP from using evidence from Mr. Baker to support their claims or defenses.  USEI also asks that the Court set a show cause hearing to consider whether to disqualify HP and Intel's counsel and to strike their claims and defenses.  HP and Intel oppose the motion in its entirety.

Having considered the papers filed by the parties, the Court DENIES the motion in part and REFERS it in part.  USEI has not shown that HP and Intel's counsel should be disqualified, that their claims and defenses should be stricken or that any other such sanctions are warranted.  However, HP and Intel may not prevent USEI from contacting Mr. Baker directly and may not require that USEI contact Mr. Baker only through HP or its counsel.[1]  They also may not prevent Mr. Baker from speaking with USEI, if he wishes to do so.

The Court REFERS the remainder of the motion, including the issues of USEI's specific discovery requests and HP and Intel's claims of privilege, to the discovery Magistrate Judge for resolution.  Within seven days of the date of this Order, the parties shall meet and confer regarding the remaining issues raised in USEI's motion, and shall file a single joint letter

---

[1] If Mr. Baker is represented by counsel himself, USEI may contact Mr. Baker only through his attorney.

2

brief addressing any issues on which they are unable to reach a resolution, following the procedures set forth in the Magistrate Judge's standing order.

IT IS SO ORDERED.

Dated: 8/16/2013

CLAUDIA WILKEN
United States District Judge