IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

U.S. ETHERNET INNOVATIONS, LLC,

    Plaintiff,

  v.

ACER, Inc., et al.,

    Defendants.
    _____/

No. C 10-3724 CW

ORDER GRANTING MOTION FOR LEAVE TO AMEND (Docket No. 853)

    Plaintiff U.S. Ethernet Innovations, LLC (USEI) moves for leave to amend its infringement contentions. Docket No. 853. Intervenor Defendant Intel opposes USEI's motion. Having considered the papers submitted by the parties, the Court GRANTS USEI's motion for leave to amend.

## BACKGROUND

    USEI owns United States Patent Nos. 5,307,459 (the '459 patent), 5,434,872 (the '872 patent), 5,732,094 (the '094 patent), and 5,299,313 (the '313 patent). USEI filed this patent infringement suit on October 9, 2009. Docket No. 1. On January 29, 2010, on behalf of Defendants who are its customers, Defendant Intervenor Intel filed its motion to intervene. Docket No. 107.

    On September 9, 2013, USEI moved to amend its infringement contentions to drop a total of nineteen claims and add three claims. First, regarding the '094 patent, USEI proposes to add Claims 47 and 51 and drop eleven claims (Claims 1, 2, 3, 4, 5, 7,

39, 40, 41, 43, and 54). Second, regarding the '459 patent, USEI proposes to add Claim 15 and drop eight claims (Claims 22, 24, 25, 26, 27, 31, 32, and 34). Pl's Reply at 1.

USEI alleges that it has sought the technical information that forms the basis of its amendments since July 2010, but that it did not receive relevant technical documents until recently. USEI notes that this Court did not open discovery until January 17, 2013, and as a consequence, Intel did not produce documents until March 11, 2013 and its source code until April 12, 2013. Id. USEI further asserts Intel has yet to complete production of relevant technical information, including relevant source code. Id. Intel responds that USEI bases its amendments on information it has possessed since March 2010. Defs.' Opp at 3. Intel asserts that USEI failed to investigate its own information and thus has not met its burden of showing that it has acted diligently. Id. at 9.

## DISCUSSION

A party may amend its infringement contentions upon a showing of good cause and by order of the Court. Patent L.R. 3-6. Examples of good cause include

> (a) a claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

2

Patent L.R. 3-6.  Good cause requires a showing of diligence.  The burden is on the party seeking to amend its contentions "to establish diligence rather than on the opposing party to establish a lack of diligence."  O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1359 (Fed. Cir. 2006).  Patent L.R. 3-6 "serves to balance the parties' rights to develop new information in discovery along with the need for certainty in legal theories at the start of the case."  Apple, Inc. v. Samsung Elecs. Co., Ltd., 2012 WL 5632618, at *2 (N.D. Cal. 2012) (citing O2 Micro Int'l Ltd., 467 F.3d at 1365-66))

The good cause inquiry considers first whether "the party seeking leave to amend acted with diligence in promptly moving to amend when new evidence [was] released."  O2 Micro, 467 F.3d at 1363.  "In considering the party's diligence, the critical question is whether the party 'could have discovered [the new information] earlier had it acted with the requisite diligence.'"  Apple, 2012 WL 5632618, at *6 (citing Google, Inc. v. Netlist, 2010 WL 1838693, at *2 (N.D. Cal.)).  The burden is on the moving party to show diligence.  Id.  The court should then consider prejudice to the non-moving party.  If the court finds that the moving party was not diligent in amending its infringement contentions, it does not need to consider the question of prejudice to the non-moving party.  See 02 Micro, 467 F.3d at 1368 (affirming the district court's decision refusing leave to amend

3

upon finding the moving party was not diligent, without considering the question of prejudice to the non-moving party). Even if the movant was arguably not diligent, the court retains discretion to grant leave to amend. Apple, 2012 WL 5632618, at *6 (granting leave to amend infringement contentions, even though court found plaintiff failed to establish diligence, because of lack of prejudice to defendant).

A. '094 Patent, Claims 47 and 51

USEI asserts that it discovered during its initial review of Intel's source code on or around May 29, 2013 that Intel programmed its driver software to optimize automatically the transmit threshold value of the "early transmit" feature. Pl's Reply at 4. USEI proposes adding: 1) dependent Claim 51 ("the step of altering the threshold value . . . using a driver in the host system to process status information, and in response write a new threshold value in [the] register"), and 2) the claim on which it depends, Claim 47. Id. at 4-5. Intel responds that USEI should have known about the transmit threshold optimization feature, as well as the fact that the gigabit products contain the accused early transmit feature. Id. at 7-9. As evidence, Intel points to the fact that its "Gigabit Ethernet Controller Software Developer's Manual" and driver configuration window are publicly available. Id. at 5.

Here, USEI has demonstrated diligence in proposing the amended charges. USEI adequately alleges that it did not obtain

4

the driver source code until May 29, 2013, and therefore could not have known whether the driver software manipulated the transmit threshold.  Pl's Reply at 5.  USEI also responds plausibly that the content of the publicly available manual, on its own, could not have provided the information it needed.  As USEI points out, the "Gigabit Ethernet Controller Software Developer's Manual" does not mention the "ETT.Txthreshold" value other than a description of the "Transmit Underrun" status field of a descriptor.  Pl's Reply at 7.  In contrast, the documents that Intel produced during discovery "discuss in great detail" the ETT, including "the description and address location of the ETT register in hardware, the number of bits assigned to the TxThreshold portion of the ETT register, and a detailed explanation of the register's use by the system."  Id.  It is also plausible that USEI only learned that Intel's gigabit products contain the "early transmit" feature covered by the '094 patent upon its recent deposition of Intel.  Id. at 6.  Finally, contrary to Intel's charge that USEI should have known of the transmit threshold optimization feature, USEI asserts plausibly that the driver configuration window demonstrates the easy manipulability of Intel's transmit threshold setting.  Pl's Reply at 5-6.

   The proposed additions of Claims 47 and 51 also will not prejudice Defendants.  These proposed changes do not add new infringement theories.  The additional claim element of driver

5

software mirrors previous claims and will not significantly affect claim construction.

B. '459 Patent, Claim 15

USEI seeks to add Claim 15 of the '459 patent. USEI's proposed amendment asserts that the accused instrumentalities include the apparatus of Claim 7, wherein the threshold value is a length-left threshold value. Gann Dec., Ex. C and D. USEI claims that it was diligent because it discovered Intel's infringement of Claim 15 only after analyzing confidential technical information made available by Intel. Pl's Mot. at 8-9. Intel responds that "the information USEI now cites in its proposed new infringement contentions for Claim 15 appears verbatim in its March 5, 2010 infringement contentions." Defs.' Opp. at 3-4.

Here, Intel is probably correct that USEI was not diligent in proposing its amendment sooner. As Intel notes, the 8255x Open Source Software Developers Manual was publicly available on its website for years and cited by USEI in its Infringement Contentions in 2010. Id. USEI's responses are unconvincing. USEI states vaguely, "While certain technical documents provided a general description of Intel's 'early receive interrupt' feature, further details were needed as to the functionality of that feature as it relates to Claim 15[.]" Pl's Reply at 8. USEI does not state what those details might be. Instead, USEI argues that it was not until USEI's deposition of Intel on June 7, 2013 that it learned "some of the accused products employ this

6

implementation." Id. USEI does not respond to Intel's charge that the feature was publicly available on Intel's website, nor explain why it failed to propose the changes earlier.

Although USEI could have proposed changes earlier, the Court has discretion to consider whether Defendant will suffer prejudice. See Apple, 2012 WL 5632618, at *6 (granting leave to amend infringement contentions, even though court found plaintiff failed to establish diligence, because of lack of prejudice to defendant). Here, given that there is still sufficient time left on the pretrial clock, and that Claim 15 mirrors claims that have already been the subject of claim construction proceedings, it seems unlikely that the proposed amendment will cause prejudice to Defendant.

## CONCLUSION

For the reasons set forth above, this Court GRANTS USEI's motion for leave to amend its infringement contentions. USEI shall file its amended infringement contentions forthwith.

This order terminates Docket No. 853.

IT IS SO ORDERED.

Dated: 10/11/2013

CLAUDIA WILKEN
United States District Judge