COOLEY LLP
MATTHEW J. BRIGHAM (191428) mbrigham@cooley.com
KYLE D. CHEN (239501) kyle.chen@cooley.com
LAM K. NGUYEN (265285) lnguyen@cooley.com
3000 El Camino Real
Five Palo Alto Square, 4th Floor
Palo Alto, California 94306
Telephone:    (650) 843-5000
Facsimile:    (650) 857-0663

Attorneys for Defendants/Third-Party Plaintiffs
ASUSTEK COMPUTER INC. and
ASUS COMPUTER INTERNATIONAL
[See signature page for additional counsel]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations LLC, | Case No.  4:10cv03724-CW |
| Plaintiff, | [Related Cases: 4:10cv05254-CW and 4:10cv03481-CW] |
| v. | |
| Acer, Inc., et al., | **DEFENDANTS AND THIRD-PARTY PLAINTIFFS ASUSTEK COMPUTER INC. AND ASUS COMPUTER INTERNATIONAL'S MEMORANDUM IN OPPOSITION TO THIRD-PARTY DEFENDANT SILICON INTEGRATED SYSTEMS CORPORATION'S MOTION TO DISMISS FIRST AMENDED THIRD-PARTY COMPLAINT** |
| Defendants. | |
| Intel Corp., Nvidia Corp., Marvell Semiconductor, Inc., Atheros Communications, Inc. and Broadcom Corp., | |
| Intervenors, | |
| ASUSTeK Computer Inc. and ASUS Computer International, | **JURY TRIAL DEMANDED** |
| Third-Party Plaintiffs, | DATE:          DECEMBER 19, 2013<br>TIME:          2:00 P.M.<br>COURTROOM: COURTROOM 2, 4TH FLOOR<br>JUDGE:        HON. CLAUDIA WILKEN |
| Silicon Integrated Systems Corp., | |
| Third-Party Defendant. | |

Third-Party Plaintiffs ASUSTeK Computer Inc. ("ASUSTeK") and ASUS Computer International ("ACI") (collectively "ASUS") hereby submit the following Memorandum in Opposition to Third-Party Defendant Silicon Integrated Systems Corporation's Motion To Dismiss First Amended Third-Party Complaint ("Opposition" or "Opp."). This Opposition is based on the facts and arguments contained herein, the attached declaration of Matthew J. Brigham in support of ASUS's Opposition ("Brigham Decl."), the record of the Court, and upon such other matters as may be presented to the Court.

## I.   INTRODUCTION

The Court granted ASUS leave to serve an amended complaint and seek jurisdictional discovery. (ECF No. 851 at 8.) Instead of allowing this process to proceed, Silicon Integrated Systems Corp. (Taiwan) ("SiS-TW") has chosen to ignore ASUS's documented efforts to go through the proper international channels for service of the amended complaint. Through its Motion to Dismiss First Amended Third-Party Complaint (ECF No. 904) ("Motion" or "Mot."), SiS-TW has also unilaterally decided that the ordered jurisdictional discovery is unnecessary. SiS-TW's motion is either inaccurate or incomplete but, regardless, it is improper and should be denied.

First, SiS-TW's motion contains basic misstatements of fact. SiS-TW represents that the Court has not issued an Order regarding a letter rogatory and "ASUS has not obtained a Court order directing any other means of service on SiS-TW." Mot. at 6 and 7. The Court's August 30 Order (ECF No. 880) and the request leading up to it (ECF No. 872) flatly contradict this assertion. Subsequent to filing the Motion, SiS-TW even confirmed that it was served through this letter rogatory process on November 4. Any discussion about whether service by Federal Express was proper is, therefore, irrelevant – ASUS properly served SiS-TW through the international letter rogatory process.

Second, SiS-TW's arguments regarding jurisdiction are nothing more than a motion for reconsideration in disguise. SiS-TW has simply copied, whole cloth, large swathes of its first motion to dismiss relevant to the jurisdictional issue and then announced that ASUS should not be entitled to any of the Court-ordered jurisdictional discovery. *Compare* ECF Nos. 731 and 904.

1   ASUS is entitled to limited jurisdictional discovery and the time has long passed for SiS-TW to

2   argue that the Court's August 7 finding was erroneous.

3   Finally, SiS-TW takes issue with the amendments to the complaint that were added to

4   support ACI's position as a third-party plaintiff, even though the facts are uncontroverted and

5   sufficient to survive a 12(b)(6) challenge because they state a plausible claim upon which relief

6   can be granted.   The Court should reject SiS-TW's attempts to evade its obligations to its

7   customers, evade this Court's jurisdiction, and reargue this Court's order allowing jurisdictional

8   discovery.

9   **II.**   **FACTUAL BACKGROUND**

10   On August 7, 2013, the Court granted SiS-TW's motion to quash and dismiss, but ordered

11   the following:

12   > ASUSTeK and ASI [sic] are granted leave to file an amended third party
   > complaint within seven days of the date of this Order and shall serve it within
13   > twenty-one days thereafter. After service is effectuated, and provided that it is not
   > quashed, they may engage in limited jurisdictional discovery with SiS.
14

15   (ECF No. 851.)   On August 14, pursuant to this Order, ASUS filed an Amended Third-Party

16   Complaint.  (ECF No. 856.)

17   On August 22, ASUS filed a Request for Judicial Assistance Letter Rogatory.  (ECF No.

18   872.)  SiS-TW's counsel was served with a copy of this document.  Brigham Decl., Ex. 1 (SiS-

19   TW counsel highlighted).  A summons was issued that same day.  (ECF No. 873.)  On August 28,

20   ASUS sent by overnight mail a copy of the Amended Complaint and related documents to SiS-

21   TW and SiS-TW's counsel.  (ECF No. 877.)   On August 30, the Court granted the request for

22   Judicial Assistance.  (ECF No. 880.)  SiS-TW's counsel was served with a copy of this Order.

23   Brigham Decl., Ex. 2 (SiS-TW counsel highlighted).

24   After receiving the Court's signed letter rogatory requesting assistance from the judicial

25   authorities of Taiwan, ASUS mailed the appropriate paper work to the U.S. Department of State,

26   Bureau of Consular Affairs in accordance with that department's guidelines on its website.[1]

27   (Brigham Decl., ¶¶ 4-7; Exs.3-5.)  Counsel for ASUS has been informed by the relevant person at

28   [1] http://travel.state.gov/law/judicial/judicial_669.html.

ASUS'S OPP'N TO SIS'S MOTION
TO DISMISS FIRST AMENDED THIRD-
PARTY COMPLAINT

the State Department that service via Letter Rogatory could take six months to a year to complete. (Brigham Decl., Ex. 6.)

On November 4, counsel for ASUS contacted SiS-TW's counsel about the Motion. (Brigham Decl., ¶ 9.)  In particular, ASUS's counsel noted the international service procedures that were followed and documented on the Court's docket.  SiS-TW's counsel acknowledged that SiS-TW had been served on November 4 through these international channels.[2]  *Id.*  SiS-TW's counsel refused, however, to withdraw, amend, or re-file the Motion.  (Brigham Decl., ¶ 10.)

## III.  ARGUMENT

### A.    ASUS Properly Served SiS-TW With the Amended Complaint

SiS-TW's Motion baldly states that "Rule 4(f)(2)(B) does not apply because Taiwan has not directed a method of service in response to a letter rogatory *nor has this Court issued one to be sent to Taiwan*."  (Mot. at 6 (emphasis added).)  This statement is inaccurate.  ASUS filed its request for a letter rogatory from this Court on August 22, 2013.  (ECF No. 872.)  SiS-TW's U.S.-based counsel received notification of this filing.  (Brigham Decl., Ex. 1.)  SiS-TW's counsel was further apprised that service via letter rogatory was forthcoming when it received notification on August 30, 2013 that this Court had signed and issued a letter rogatory.  (ECF No. 880; Brigham Decl., Ex. 2.)  Tellingly, however, SiS-TW makes no mention of ASUS's efforts to serve via letter rogatory in its Motion.  SiS-TW has neither amended its motion to correct this mistake nor informed the Court that SiS-TW has in fact received service via letter rogatory. (Brigham Decl., ¶¶ 9-10.)  SiS-TW's motion should be denied in its entirety on this basis alone.

In a further attempt at gamesmanship, rather than withdrawing or amending its motion, SiS-TW has apprised ASUS, through counsel, that it now intends to argue that service via letter rogatory was untimely (even though that argument lacks merit and appears nowhere in SiS-TW's Motion).  (Brigham Decl., ¶ 10.)  Having chosen not to withdraw or update its Motion, SiS-TW should be precluded from making such a new argument in a reply brief.  SiS-TW's counsel

---

[2] ASUS is still waiting for a copy of the proof of service from the U.S. Department of State.

ASUS'S OPP'N TO SIS'S MOTION
TO DISMISS FIRST AMENDED THIRD-
PARTY COMPLAINT

1   received notice of ASUS's attempts to serve via letter rogatory and, thus, could have raised any

2   untimeliness argument in its opening brief.  (*See, e.g.,* Brigham Decl., Ex. 1.)

3        Nevertheless, even if allowed, SiS-TW's new argument should be rejected.  Service via

4   letter rogatory (which SiS-TW argues is the only possible way to effect service in Taiwan) cannot

5   be accomplished within 21 days, as SiS-TW now claims it is reading this Court's Order.  *See*

6   Brigham Decl., Ex. 6 (confirmation, with respect to Taiwan specifically, by Linda P. McFadyen,

7   Desk Officer for North and South Korea and Taiwan, Department of State, Bureau of Consular

8   Affairs.)  ASUS did everything within its control to serve promptly and within the time period.

9   ASUS also did everything it could to put SiS-TW on notice, including by sending copies of the

10  amended complaint to SiS-TW and its counsel.  SiS-TW has no grounds to argue that service was

11  improper or untimely.  The Court should therefore deny SiS-TW's motion.

12            **B.        Jurisdictional Discovery Is Still Warranted**

13        SiS-TW's non-service-related jurisdictional arguments are nothing more than an improper

14  motion for reconsideration of the August 7 order granting jurisdictional discovery.  SiS-TW

15  argues that ASUS's claims should be dismissed without the Court-ordered jurisdictional

16  discovery by relying on a self-serving declaration.  SiS-TW's attempts to circumvent the Local

17  Rules is sufficient grounds for the Court to deny SiS-TW's Motion as the Local Rules require a

18  motion for leave before filing a motion for reconsideration.  Civil L.R. 7-9(a).

19        Even if leave were sought, SiS-TW cannot meet the standards on a motion for

20  reconsideration as it does not make any of the specific showings required under the Local Rules.

21  *See* Civil L.R. 7-9(b)(1-3).  As demonstrated by comparing SiS-TW's original motion (ECF No.

22  731) and the present Motion, SiS-TW has simply copied large portions of its arguments on

23  jurisdiction.  Thus, it has not pointed to a material difference in fact or law not considered by the

24  Court at the time of the original hearing that could not have been discovered through the exercise

25  of reasonable diligence, nor has it pointed to the emergence of new material facts or a change of

26  law.  Civil L.R. 7-9(b)(1-2).[3]  Instead, SiS-TW's Motion attempts to unfairly prejudice ASUS by

27

28  [3] Civil Local Rule 7-9(b)(3) also provides for reconsideration upon a specific showing of: "A
    manifest failure by the Court to consider material facts or dispositive legal arguments which were

1   substituting a one-sided declaration for the discovery ordered by the Court. Such a two paragraph

2   declaration cannot overcome this Court's previous finding that jurisdictional discovery is

3   warranted.

4       As the Court has already ordered, ASUS is entitled to inquire into jurisdictional facts

5   relevant to this case. At most, SiS-TW has started the discovery process through its new

6   declaration but ASUS is entitled to investigate further. The Court should deny SiS-TW's attempt

7   to skirt the Court's order and allow the discovery to proceed once service is effectuated.[4]

8   ### C.   ASUS Computer International Has Standing to Sue Under the Indemnity Agreement

9

10       As the Court directed, ACI has now pled that it is a member of the class of entities

    expressly covered by the Indemnity Agreement at issue. (ECF No. 856, ¶¶ 20-21.) ACI's

11   pleadings "contain sufficient factual matter, accepted as true, to state a claim to relief that is

12   plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).

13   ACI has pled that it is a wholly-owned-subsidiary of ASUSTeK. (ECF No. 856, ¶ 3.) ACI has

14   further pled that it is plainly covered by a provision of the agreement that extends the agreement

15   to cover entities other than ASUSTeK. (*Id.* at ¶ 21.) These facts, accepted as true, state a

16   plausible claim sufficient to survive a 12(b)(6) motion.

17

18       SiS-TW apparently takes issue with the fact that the classes of entities covered by the

    Indemnity Agreement do not include "subsidiaries." (Mot. at 21.) However, the mere fact that

19   ACI is a subsidiary and a group called "subsidiary" is not listed, does not mean that ACI is not

20   also among at least one of the other classes of enumerated entities. In fact, ACI has pled that it is.

21   Similarly, SiS-TW's arguments regarding governing law and SiS-TW's intent in entering into the

22   agreement go to issues of dispute that may be litigated, not whether sufficient facts have been

23   alleged. SiS-TW's straw-man arguments should thus be rejected by the Court.

24

25

26   _____

    presented to the Court before such interlocutory order.

27   [4] While SiS-TW has acknowledged that it received service in Taiwan, ASUS is still waiting for the proof of service from the Taiwan judicial system in order for service to be formally complete.

28   *See* Brigham Decl., Exh. 6.

ASUS'S OPP'N TO SIS'S MOTION
TO DISMISS FIRST AMENDED THIRD-
PARTY COMPLAINT

**IV.    CONCLUSION**

For the foregoing reasons, SiS-TW's motion to dismiss based under Fed. R. Civ. P. 12(b)(2), 12(b)(5) and 12(b)(6) should be denied.

Dated:  November 15, 2013

Respectfully submitted,

COOLEY LLP
MATTHEW J. BRIGHAM
KYLE D. CHEN
LAM K. NGUYEN

By:  /s/  Matthew Brigham
Attorneys for Defendants/Third-Party Plaintiffs
ASUSTEK COMPUTER INC. and
ASUS COMPUTER INTERNATIONAL

Additional Counsel:

COOLEY LLP

THOMAS J. FRIEL, JR. (80065)
(tfriel@cooley.com)
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:      (415) 693-2222

JAMES P. BROGAN (155906)
(jbrogan@cooley.com)
380 Interlocken Crescent, Suite 900
Broomfield, CO  80021-8023
Telephone:     (720) 566-4000
Facsimile:      (720) 566-4099

1192200 v4/HN

6.