IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, | No. C 10-3724 CW |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR PARTIAL RECONSIDERATION (Docket No. 882) |
| v. | |
| ACER, Inc., et al., | |
| Defendants. | |

_____/

Plaintiff U.S. Ethernet Innovations, LLC (USEI) moves for leave to file a motion for partial reconsideration of the Court's August 16th, 2013 Order (Docket No. 867) granting in part and denying in part Defendants' motion for partial summary judgment regarding marking.  Docket No. 882.  In the alternative, USEI moves the Court to certify the order for interlocutory appeal. Intervenor Defendant Intel opposes USEI's motion.  Docket No. 888. Having considered the papers submitted by the parties, the Court DENIES USEI's motion for leave to file a motion for partial reconsideration and denies the request to certify the order for interlocutory appeal.

I.   Leave to File a Motion for Reconsideration

Civil Local Rule 7-9(a) provides, "No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion."  A request for leave to file a motion for reconsideration may only be granted if the moving party

United States District Court
For the Northern District of California

shows: (1) that "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "the emergence of new material facts or change of law occurring after the time of such order"; or (3) "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."  Civil L.R. 7-9(b).

USEI bases its motion on IBM's sale of its personal computing business to Lenovo in May 2005.  USEI contends that Lenovo took over sales of the licensed, unmarked personal computers and, accordingly, Lenovo's sales of infringing products cannot be imputed to 3Com or USEI.  USEI claims that "as of mid-2005, unlicensed Lenovo – not IBM – was selling the laptop and desktop products that make up the vast majority of the allegedly unmarked, licensed products relied upon by Defendants to support their motion."  Pl's Mot. at 1.  USEI further contends that IBM sold fewer than 4,000 products incorporating accused Intel components after mid-2005.  Pl's Mot. at 3.

The Court finds that USEI's motion for leave fails to articulate any new material facts or any change of law after the order was issued.  Civil L.R. 7-9(b).  Lenovo's acquisition of part of IBM's computer business in 2005 was widely publicized, and USEI's recent decision to sue Lenovo for patent infringement does not render the underlying fact of the sale new.  USEI either knew

United States District Court
For the Northern District of California

1   or should have known with reasonable diligence of Lenovo's

2   acquisition well before the Court's order, and USEI has not

3   offered any explanation for why it could not have discovered the

4   acquisition earlier.  See Turner v. City and County of San

5   Francisco, 892 F. Supp. 2d 1188, 1220 (N.D. Cal. 2012) (denying

6   motion for leave under Local Rule 7-9(b) where plaintiff offered

7   no explanation for why he could not have discovered "new"

8   information in opposition to defendant's motion to dismiss).

9       USEI asserts that the IBM sales relied upon by Defendants and

10  the Court were actually sales by Lenovo and were not licensed

11  under 3Com's cross-license with IBM.  Pl's Mot. at 5.  However,

12  the Court's August 16th, 2013 Order rested its findings on the

13  fact that, between 2004 and 2009, IBM purchased more than twenty-

14  five million Intel components for more than $350 million.  Order

15  at 6 (citing Declaration of Thomas Insley ¶ 2, Ex. A).  The Court

16  noted that the "vast majority" of the components that IBM

17  purchased from Intel were incorporated into IBM products that it

18  subsequently sold to customers.  Order at 6.  Accordingly, USEI

19  has not demonstrated that the Lenovo sale is material to this

20  Court's finding.

21       Because USEI has not shown the emergence of any new material

22  facts or law after this Court issued its order, it has not shown

23  grounds for leave to file a motion for reconsideration under Local

24  Rule 7-9(b)(2).

3

United States District Court
For the Northern District of California

II.  Interlocutory Appeal

Pursuant to Title 28 U.S.C. § 1292(b), the district court may certify appeal of an interlocutory order if (1) the order involves a controlling question of law, (2) appealing the order may materially advance the ultimate termination of the litigation, and (3) there is substantial ground for difference of opinion as to the question of law.  The Court should construe the requirements for certification strictly, and grant a motion for certification only when exceptional circumstances warrant such action.  Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

USEI posits that a substantial ground for difference of opinion as to whether a broad, portfolio-wide cross-license, that does not identify specific products or specific patents, triggers a marking requirement for every patent within either party's portfolio.  The Court's August 16th, 2013 Order explained that the law is settled as to whether sales of a patented article on a cross-license agreement must be marked.  Order at 18-19.  The Court reasoned that the terms of 35 U.S.C. § 287(a) do not contain any express terms of exemption.  The Court further observed that the Federal Circuit has noted with approval the principle that marking obligations apply when a patentee authorizes sales of patented products, no matter what particular form the authorization takes.  See Amsted v. Buckeye, 24 F.3d 178, 185, n.2 (Fed. Cir. 1994).

4

The Court thus concludes that there is no substantial ground for difference of opinion as to the question of law.  An interlocutory appeal would accomplish nothing but delay.

CONCLUSION

For the reasons set forth above, this Court DENIES USEI's request for leave to file a motion for reconsideration and denies the request for certification for interlocutory appeal.

This order terminates Docket No. 882.

IT IS SO ORDERED.

Dated: 11/21/2013

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California