IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER, INC.; DELL, INC.; FUJITSU, LTD.; FUJITSU AMERICA, INC.; GATEWAY, INC.; HEWLETT PACKARD CO.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>       Defendants,<br><br>INTEL CORPORATION; NVIDIA CORPORATION; MARVELL SEMICONDUCTOR, INC.; ATHEROS COMMUNICATIONS, INC.; and BROADCOM CORPORATION,<br><br>       Intervenors.<br>_____/<br>AND ALL RELATED CLAIMS, COUNTERCLAIMS AND THIRD-PARTY CLAIMS<br>_____/ | No. C 10-3724 CW<br><br>ORDER ADDRESSING MOTIONS TO SEAL (Docket Nos. 852, 874, 884, 777, 887) |

   The Court addresses the pending motions to seal in the above captioned cases as follows:

I.   Docket No. 852:

   USEI moved to file under seal Exhibits A-F, J, and K attached to the Declaration of David Gann in support of its motion for leave to amend infringement contentions.  Docket No. 852.  USEI states that each of the documents contains information designated

by Intel as "Highly Confidential - Attorney's Eyes Only." On August 16th, 2013, Intel submitted the Declaration of Seth Sproul in support of USEI's motion to seal. Docket No. 868. Intel withdrew the designation of confidentiality for the materials included in Exhibits C-D, K to the Gann Declaration. Intel submits that the following exhibits contain proprietary Intel source code that should not be available to the public: Exhibits A at 4-5; B at 5; and F at 35, 37. Intel represents that public release could result in a competitive disadvantage for Intel and that Intel would be harmed if this material were made public. Dynetix Design Solutions Inc. v. Synopsys Inc., 2013 WL 2285210 (N.D. Cal.). Intel additionally represents that Exhibit J is confidential deposition testimony of Intel engineer Itamar Sharoni that discusses the proprietary technology contained in these exhibits. Intel has submitted a redacted version of these exhibits to the public record. Because these exhibits do contain proprietary source code and discuss confidential technology, Intel has provided good cause for sealing this content. Accordingly, these exhibits may be filed under seal.

Intel also states that Exhibits E at 1-20 and F at 1-34, 35, 37, 38 include portions of a confidential design document and a description of a source code not available to the public. Intel has submitted a redacted version of these exhibits to the public record. Because these exhibits do contain material that will result in a competitive disadvantage, they may be filed under seal.

Accordingly, the Court GRANTS USEI's motion to seal in regard to Exhibits A at 4-5; B at 5; E at 1-20; F at 1-35, 35, 37-38; J;

2

1 and K.  Within four days of the date of this order, USEI shall
2 file Exhibits C, D, and K in the public record.
3 II.  Docket No. 874
4     Intel moved to file under seal Exhibit K to the Declaration
5 of Justin Constant.  Docket No. 874.  Intel alleges that Exhibit K
6 contains a portion of a confidential draft design specification
7 for a product not released to the public.  Intel alleges that
8 public release could result in a competitive disadvantage for
9 Intel.  Upon review of this document, this Court GRANTS Intel's
10 motion to seal.
11 III. Docket No. 884:
12     USEI moved to file under seal Corrected Exhibit F and
13 Exhibits O, P, Q, R, S and U to the Second Declaration of David
14 Gann in support of its reply in support of its motion for leave to
15 amend infringement contentions.  Docket No. 884.  USEI stated that
16 the materials in these exhibits had been designated by Intel as
17 "Highly Confidential - Attorney's Eyes Only."  On September 11,
18 2013, pursuant to Civil Local Rule 79-5(d), Intel filed the
19 Declaration of Frank Albert in support of Linex's motion to seal.
20 Docket No. 893.  Intel withdrew the designation of confidentiality
21 for Exhibit U.  Intel testifies that the corrected Exhibit F
22 incorporates source code from portions of Exhibit O; Exhibit O is
23 an excerpt of source code from Intel's driver; Exhibit P provides
24 a detailed description of the confidential design of Intel's
25 networker controllers; Exhibit Q refers to a draft specification
26 for a design that was never released by Intel; and Exhibits R and
27 S provide descriptions of confidential design elements for
28 proposed products.  After reviewing these exhibits, the Court

3

finds that these documents contain proprietary information regarding Intel's technology.  Accordingly, these exhibits are sealable.  Within four days of the date of this order, USEI will submit Exhibit U to the Second Gann Declaration in the public record.

IV.  Docket No. 777

On May 28, 2013, Intel moved to file under seal Exhibit 2 to the Declaration of Seth M. Sproul in support of its opposition to USEI's motion regarding sanctions.  Docket No. 777.  In its motion and supporting declaration, Intel stated that Exhibit 2 consists of excerpts from the deposition "testimony from third-party subpoena recipient Richard Baker," which includes "confidential information of Mr. Baker, defendant Hewlett-Packard's predecessor in interest (3Com) and a third party customer of 3Com."  Mot. at 2; see also Sproul Decl. ¶ 2.

On August 14, 2013, the Court found that Intel had not identified the third-party customer of 3Com whose confidential information is in Exhibit 2 and had not provided proof of service of the motion or exhibit upon Mr. Baker or the third-party 3Com customer.  Docket No. 857 at 9-10.  The Court gave Intel one day to provide proof of service to Mr. Baker and the third-party 3Com customer.  The Court ordered that, within seven days thereafter, Mr. Baker and the third-party 3Com customer should file and serve with the Court a declaration establishing that Exhibit 2 is sealable.  On August 15, 2013, Intel provided the Court with proof of service on Mr. Baker and IBM.  Docket No. 864.  No party has submitted a declaration establishing that Exhibit 2 is sealable.  Accordingly, the Court DENIES Intel's motion to seal.  Within four

4

1  days of the date of this order, Intel shall file Exhibit 2 to the
2  Sproul Declaration in the public record.
3  V.    Docket No. 887
4       Intel moved to seal Exhibit A to the Declaration of Justin
5  Constant.  Docket No. 887.  Intel represents that Exhibit A
6  includes a portion of the transcript of the deposition of USEI and
7  that it was designated "highly confidential" by USEI.  In
8  addition, Intel files a redacted version of its opposition to
9  USEI's motion for leave to file motion for reconsideration because
10 it contains discussion of Exhibit A.
11      USEI has not filed a declaration in support of Intel's motion
12 to seal as required by Civil Local Rule 79-5(e).  Accordingly, the
13 Court DENIES Intel's motion to seal.  Within four days of the date
14 of this order, Intel shall file these exhibits to the declaration
15 and the unredacted version of its motion in the public record.

        IT IS SO ORDERED.

Dated: 11/22/2013

                                    CLAUDIA WILKEN
                                    United States District Judge

5