IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTEK COMPUTER, INC.; DELL, INC.; FUJITSU, LTD.; FUJITSU AMERICA, INC.; GATEWAY, INC.; HEWLETT PACKARD CO.; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.,<br><br>    Defendants,<br><br>INTEL CORPORATION; NVIDIA CORPORATION; MARVELL SEMICONDUCTOR, INC.; ATHEROS COMMUNICATIONS, INC.; and BROADCOM CORPORATION,<br><br>    Intervenors.<br>_____/<br>AND ALL RELATED COUNTERCLAIMS<br>_____/ | No. C 10-3724 CW<br><br>ORDER DENYING WITHOUT PREJUDICE THIRD-PARTY DEFENDANT'S MOTION TO DISMISS FIRST AMENDED THIRD-PARTY COMPLAINT, AGAIN ALLOWING JURISDICTIONAL DISCOVERY, AND SEVERING THIRD-PARTY ACTION (Docket No. 904) |

In the underlying patent infringement case, Plaintiff U.S. Ethernet Innovations, LLC (USEI) sued several defendants, including ASUSTeK Computer Incorporation (ASUSTek) and ASUS Computer International (ACI) (collectively, ASUS).  On January 17, 2013, Third-Party Plaintiff ASUS filed a third-party complaint against Third-Party Defendant Silicon Integrated Systems Corporation (Taiwan)(SIS-TW).  SIS-TW moved to dismiss, which the Court granted on August 7, 2013, with leave to amend.  On August

14, 2013, ASUS filed an amended third-party complaint (1ATPC). SIS-TW again moves to dismiss based on failure to serve, lack of jurisdiction, and failure to state a claim. ASUS opposes. Pursuant to Civil Local Rule 7-1(b), the Court finds that this matter is appropriate for resolution without oral argument. Having considered the papers submitted, the Court DENIES SIS-TW's motion without prejudice, ORDERS that SIS-TW must respond to jurisdictional discovery, and ORDERS that the third-party complaint be severed and filed under a new case number.

BACKGROUND

SIS-TW is a Taiwanese integrated circuit design corporation. Docket No. 731-1 (Chen Decl.) ¶ 2. It has filed a declaration asserting that its operations are based solely in Taiwan, and that it has no employees, officers, directors, or managing agents located in the United States. Id. ¶ 3-4. SIS-TW is not registered to do business in California or the United States, nor does it own property, pay taxes, maintain a bank account or other assets, have a mailing address, maintain service locations, or advertise or solicit business anywhere in the United States. Id. ¶¶ 3, 5-11, 22.

ASUSTek is a Taiwanese company. Docket No. 856, 1ATPC, at ¶ 2. ACI is a California company and ASUSTek's wholly-owned subsidiary. Id. ¶ 3.

On July 28, 2011, SIS-TW entered into a purchase agreement with ASUSTek in Taiwan for the sale of certain SIS-TW products. See Docket No. 731-2, Purchase Agreement; Chen Decl. ¶ 19. ASUS was not a party to the Purchase Agreement. In fulfilling the Purchase Agreement, SIS-TW manufactured the products in Taiwan and

2

delivered them to ASUSTek in Taiwan. Chen Decl. ¶ 13-14, 21. SIS-TW does not direct or control where ASUSTek's finished products are sold. Id. ¶ 15. The parties also signed an Indemnity Agreement which requires SIS-TW to defend and hold ASUSTek harmless if it is sued due to alleged intellectual property infringement by SIS-TW products supplied to ASUSTek. See 1ATPC ¶ 20.

USEI filed this case on October 9, 2009, alleging that ASUS infringed certain patents by incorporating products provided by SIS-TW. See Docket No. 1; 1ATPC ¶ 30. On January 17, 2013, ASUS filed a third-party complaint against SIS-TW for breach of contract and breach of warranty of title and warranty against infringement. On August 7, 2013, the Court quashed service as improper and dismissed ASUS' third-party complaint for lack of personal jurisdiction. Docket No. 851 at 6-8. However, the Court observed that it might be possible to establish jurisdiction through SIS-TW's assumption of SIS-US's sales in the United States, and authorized jurisdictional discovery on that issue. Id. at 8. The Court set a timeline as follows: an amended complaint was to be filed within seven days, service was to take place within twenty-one days, and jurisdictional discovery could take place after service was effected. Id. at 15. On August 14, 2013, ASUS filed its 1ATPC, which SIS-TW now seeks to dismiss.

DISCUSSION

1. Service of Process

SIS-TW argues that ASUS failed properly to serve SIS-TW. Because SIS-TW is a resident of Taiwan, the applicable requirements for service of process are found in Federal Rule of

3

1   Civil Procedure 4(f).  Taiwan is not a member of the Hague
2   Convention.  See Fed. R. Civ. P. 4(f)(1).  SIS-TW asserts that
3   Article 123 of the R.O.C. Code of Civil Procedure establishes that
4   the only way for a United States company to serve a Taiwanese
5   company is by requesting the assistance of the clerk of the
6   Taiwanese court.  See Docket 904, Exs. 1, 5, 6 (declaration of
7   Vanessa Weng, licensed attorney in Taiwan, and applicable statutes
8   and case law).  If SIS-TW is correct (and ASUS does not challenge
9   SIS-TW's finding), then ASUS cannot effect service by mail under
10  Rule 4(f)(2)(C) because doing so would be prohibited by the
11  foreign country's law.  ASUS must instead seek the assistance of
12  the clerk of the Taiwanese court, either directly or through a
13  letter rogatory issued by the United States District Court, under
14  Rule 4(f)(2)(A) or (B).
15       ASUS was not able timely to serve SIS-TW under the procedures
16  laid out above.  ASUS first mailed a copy of the summons and
17  complaint to SIS-TW under Rule 4(f)(2)(C), which was received
18  within the twenty-one day deadline for service set by the Court.
19  However, SIS-TW rejected service as improper, insisting that the
20  only method of proper service was through the assistance of the
21  Taiwanese court system.  ASUS then initiated that process by
22  asking this Court for a letter rogatory, which the Court granted
23  and issued on August 30, 2013.  See Docket No. 880.  ASUS
24  consequently mailed the Court's letter rogatory to the United
25  States Department of State to be processed.  See Docket No. 920,
26  Ex. 5.  On November 4, 2013, sixty-one days after the Court-
27  mandated deadline, SIS-TW received service by way of the letter
28  rogatory.  Although proper service did not take place until sixty-

4

one days after the Court-ordered deadline for service, ASUS diligently pursued this matter by trying to serve SIS-TW's office by registered mail first. SIS-TW does not dispute that it received the summons and complaint by mail, but rejected it as procedurally invalid. ASUS then diligently sought to serve SIS-TW through government channels, which required additional time to process.[1] In this situation, it would be harsh to bar ASUS from bringing suit against SIS-TW because service was late. SIS-TW admits to receiving a copy of service by mail beforehand and has had full notice of this lawsuit, so SIS-TW's due process rights have not been harmed.

2. Jurisdictional Discovery

In its opposition to SIS-TW's first motion to dismiss, ASUS requested jurisdictional discovery to show that SIS-TW was an alter ego or agent of SIS-US, citing SIS-TW's previous statement that it had "assumed responsibility" for SIS-US sales in the United States after 2008. Docket No. 782 at 8. The Court agreed, allowing limited discovery after effective service: "While there is not presently evidence of ongoing sales, in light of SIS-TW's admitted assumption of responsibility for United States sales in 2008, jurisdictional discovery is appropriate here." Docket No. 851 at 8, 15.

No discovery has taken place. SIS-TW argues it has sufficiently addressed the need for jurisdictional discovery by

---

[1] Neither party sought leave from the Court to depart from certain Court orders. In the future, the parties must seek leave from the Court to do so under Civil Local Rule 6-1 and Federal Rule of Civil Procedure 37. Otherwise, the parties run the risk of penalties for noncompliance.

filing a one-paragraph declaration by Tina Chen, director of legal affairs at SIS-TW.  See Docket No. 904-8 (Chen Decl.) ¶ 1.  The declaration states that SIS-TW's sales in California since 2008 were unsolicited, were for products not accused in this lawsuit, and have accounted for less than $175,000 between 2008 and 2011.  The declaration further alleges that in 2012 and 2013, SIS-TW has not sold any products in California.  Id. ¶ 2.  SIS-TW concludes this is not enough to find general jurisdiction in California.  ASUS takes issue with SIS-TW's "self-serving" declaration, arguing that SIS-TW has blatantly defied the Court's order.  ASUS contends that it is entitled to take jurisdictional discovery.  The Court agrees.  Because the Court ordered limited jurisdictional discovery, ASUS is entitled to exercise that right, in the form of its own choosing.  ASUS does not have to settle for SIS-TW's chosen replacement for jurisdictional discovery.

3.   Severance

Although the Court previously permitted ASUS to file a third-party complaint, as the underlying action and the third-party action have developed, it now appears that the third-party action would be better litigated as a separate action.  See Fed. R. Civ. P. 14(4)("Any party may move to strike the third-party claim, to sever it, or to try it separately"); id. Advisory Committee Notes ("the court has discretion to strike the third-party claim if it . . . can only delay or prejudice the disposition of the plaintiff's claim . . . or accord it separate trial if confusion or prejudice would otherwise result").  See also Sw. Administrators, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986) ("It is not an abuse of discretion to deny an

6

application for impleader where it will disadvantage the existing action."). The underlying patent infringement action involves many defendants and has already been significantly delayed. Adjudicating the numerous third-party indemnification claims in this action runs the risk of causing confusion to the jury and additional delay, affecting other unrelated parties with no indemnification issues. The Court therefore sua sponte severs the third-party action between ASUS and SIS-TW.

## CONCLUSION

The Court holds that service has been properly effected. The third-party action between ASUS and SIS-TW shall be severed from the underlying action. The Clerk of the Court shall assign a new case number to the third-party action and transfer the third-party complaint, related motions to dismiss, and related Court orders to the new action's docket. The new action shall remain assigned to the undersigned and shall not result in a statistical credit.

For sixty days following this order, ASUS may take limited jurisdictional discovery regarding SIS-TW's assumption of SIS-US sales in the United States. SIS-TW shall serve any discovery requests within fourteen days of this order. After the sixty-day period has expired, ASUS has one week to serve an amended third-party complaint.

IT IS SO ORDERED.

Dated: 12/18/2013

CLAUDIA WILKEN
United States District Judge