Garland T. Stephens, garland.stephens@weil.com
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Phone: 713-546-5000 / Fax: 713-224-9511

Jared Bobrow, SBN 133712, jared.bobrow@weil.com
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Phone: 650-802-3000 / Fax: 650-802-3100

Seth M. Sproul, SBN 217711, sproul@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070 / Fax: 858-678-5099

Attorneys for Intervenor Intel Corporation

*REMAINING COUNSEL FOR DEFENDANTS AND INTERVENORS LISTED ON SIGNATURE PAGES*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br>                Plaintiff,<br>vs.<br>Acer, Inc., *et al.*,<br>                Defendants,<br>Atheros Communications, Inc., *et al.*,<br>                Intervenors.<br><br>AT&T Mobility, LLC, *et al.*,<br>                Defendants. | Case No. 4:10-cv-03724-CW (LB)<br>Case No. 4:10-cv-05254-CW (LB)<br><br>**DEFENDANTS' AND INTERVENORS' CASE MANAGEMENT STATEMENT**<br><br>Judge: Honorable Claudia Wilken<br>Place: Courtroom 2, 4th Floor<br>Date: February 27, 2014<br>Time: 2:00 p.m. |

Pursuant to this Court's Order dated February 5, 2014 (Dkt. No. 981) and Local Rule 16-10(d), the Defendants and Intervenors in the above-referenced actions hereby submit this Case Management Statement. The Defendants and Intervenors proposed filing a joint statement with USEI as required by the Local Rules, but USEI declined. (February 25, 2014 Email fr. USEI counsel Herman to Intel counsel Seth Sproul, attached as Exhibit A.)

### A. Defendants' and Intervenors' Statement Proposals for the remainder of the case development process

The Defendants and Intervenors make the following suggestions to manage the remainder of this case:

1) Limit the total number of asserted claims to no more than sixteen to simplify issues for the remainder of discovery. This is the subject of the pending motion to limit claims. (Dkt. 947).

2) Prevent USEI from pursuing claims against different parties based on the same underlying facts. This issue is addressed by the pending motion to limit claims (Dkt. 947), and the pending motion to enjoin duplicative claims against Lenovo. (Dkt. 951, 955).

3) Prevent USEI from pursuing infringement claims against Computer Maker products that use licensed Ethernet controllers. For example, Broadcom and Nvidia have both settled, yet USEI continues to seek discovery and damages for OEM products that use licensed Broadcom and NVidia components for Ethernet connectivity, based on the theory that some of those products use accused Intel I/O Controller Hub chips for functions not related to Ethernet.

4) Prevent USEI from pursuing new infringement allegations against additional Sigma products. This issue is addressed in the pending motion to strike (Dkt. 484).

5) Maintain the existing schedule, but permit USEI to finish depositions that were noticed timely in the two weeks following the existing close of fact discovery.

### B. Changes Since the Last Case Management Statement

Pursuant to Local Rule 16-10(d), Defendants and Intervenors provide the following summary of changes since the last case management statement, filed on June 20, 2013.

### 1. Pending Motions

#### a. Motions Before Judge Wilken

##### (1) The *Acer* Action

1. Intervenors' and Defendants' Motion to Limit the Number of Asserted Claims (Dkt. 947).

2. Intervenors Intel's and Atheros's Motion to Enjoin Plaintiff From Pursuing Duplicative Claims in the Eastern District of Texas; Memorandum Of Points and Authorities (Dkt. 951).

##### (2) The *AT&T* Action

3. Sigma's Motion to Strike as Untimely USEI's Infringement Contentions Served on January 13, 2014 (Dkt. 484 at 10-5254).

#### b. Motions Before Magistrate Judge Beeler

##### (1) The *Acer* Action

1. Joint Discovery Dispute Letter Regarding Intel's Motion to Enforce the Stipulated Protective Order (Dkt. 954).

2. Discovery Dispute Letter Regarding USEI's Improperly Withheld Documents and Non-Compliant Privilege Log (Dkt. 1005).

##### (2) The *AT&T* Action

3. Joint Letter Regarding USEI's Motion to Compel Sigma's Response (Dkt. 498 at 10-5254).

### 2. Other Changes Since the Last Case Management Statement

On June 27, 2013, the Court held a case management conference. At that conference, the Defendants and Intervenors raised the issue of reducing the number of asserted claims. The Court noted that "You [] don't want to have all those claims in the case for the entire discovery and expert period and spend all kinds of money on claims that aren't ever going to be litigated." The Court then directed the parties to try to negotiate a reduction. (Transcript at 50).

Since the June 27, 2013 case management conference, Defendants and Intervenors have met and conferred with USEI and USEI has refused to reduce the number of claims asserted before discovery closes, or to fewer than 16 claims for each the 21 Defendants and Intervenors.

On August 9, 2013, the Court denied AT&T Services, Inc.'s Motion for Leave to File a Motion for Reconsideration regarding the Court's Order denying a stay of the claims to the extent they are based on the AT&T U-verse set-top boxes. (Dkt. 465)

On August 18, 2013, the Court granted in part and denied in part Defendants' and Intervenors' Motion for Partial Summary Judgment Addressing Marking and Nominal Damages. (Dkt. 867).

On August 30, 2013, in response to the August 18, 2013 Order, USEI filed a new litigation against Lenovo in the Eastern District of Texas on two of the four patents in this suit. (Dkt. 882-3)  On the same day, USEI filed a motion for reconsideration of the August 18, 2013 Order, alleging that its Lenovo suit constituted "new facts" warranting reconsideration. (Dkt. 882)

On October 11, 2013, the Court granted USEI's motion for leave to amend its infringement contentions against Intel, while finding that "USEI was not diligent in proposing its amendment sooner."  (Dkt. 903 at 6).   USEI's amendment increased the number of claims at issue in this case to 61.On October 15, 2013, the Texas Court denied in part USEI's motion to compel discovery finding that "Discovery needs to close, and USEI has failed to demonstrate diligence despite impending deadlines." (E.D.Tex. Case No. 6:12-cv-00235, Dkt. 333, at 2).

On November 21, 2013, this Court denied USEI's motion for reconsideration of the August 18, 2013 Order granting partial summary judgment on marking.

On December 4, 2013, USEI filed a motion to extend all deadlines in this case by six months based solely on the schedule in its co-pending Texas cases.  (Dkt. 931).  The motion makes no mention of any delay caused by parties in this case.

On December 12, 2013, USEI served infringement contentions against Lenovo based solely on Ethernet components provided by Nvidia.  (Dkt. 952-6).

DEFENDANTS' AND INTERVENORS' CASE MANAGEMENT STATEMENT - 3 -
Case Nos. 4:10-cv-03724-CW(LB), 4:10-cv-05254-CW(LB)

On December 9, 2013, the Court dismissed Broadcom from this case after reaching settlement with USEI (Dkt. 932).

On December 13, 2013, Apple and Oracle moved to stay the claims between Apple and Oracle via a stipulation filed on December 13, 2013 (Dkt. No. 939). The Court granted the stay and severed the third party action between Apple and Oracle on December 18, 2013 (Dkt. No. 942).

On January 6, 2014, the Court dismissed Nvidia from this case after reaching settlement with USEI (Dkt. 946).

Also on January 6, 2014, USEI served new infringement contentions on Lenovo without seeking leave from the Texas Court based on Lenovo's use of Intel and Atheros components already at issue in this case. (Dkt. 952-1). Each of the claims asserted against Lenovo is already asserted in this case: 1, 3, 5, 21, and 23 of United States Patent No. 5,434,872, and claims 1, 3, 5, 7, 9, 10, 13, 14, 16, 17, and 19 of United States Patent No. 5,299,313. (Compare Dkt. 952-1 at 3 with Dkt. 952-7 at 3).

On January 10, 2014, Intel filed the pending motion to enjoin USEI from pursuing duplicative claims against Lenovo in the Eastern District of Texas. (Dkt. 951).

On January 13, 2014, USEI served new infringement contentions on Sigma, despite USEI's proposal that "USEI [] serve infringement contentions on Sigma: July 17, 2013" in USEI's Case Management Statement for the Further Case Management Conference scheduled to be held on June 27, 2013 (Dkt. 460 at 10-5254).

On January 20, 2014, Sigma filed the pending Motion to Strike as Untimely USEI's Infringement Contentions Served on January 13, 2014 (Dkt. 484). A hearing on this motion is set for February 27, 2014. Since the filing of Sigma's Motion to Strike, a number of discovery disputes have arisen between Sigma and USEI that relate to the proper scope of discovery given that USEI seeks to include 15 new Sigma chips as accused products in the infringement contentions served on January 13, 2014. For example, a joint letter brief regarding the scope of document requests was submitted to the Court on February 18, 2104.

DEFENDANTS' AND INTERVENORS' CASE MANAGEMENT STATEMENT - 4 -
Case Nos. 4:10-cv-03724-CW(LB), 4:10-cv-05254-CW(LB)

Also on January 20, 2014, the defendants in the Texas case filed a motion for summary judgment of invalidity of the '872 and '094 patents asserted in this case. That motion is set for hearing on February 28, 2014.

On January 28, 2014, the Texas Court stayed USEI's case against Lenovo on joint motion by the parties, expressly noting that "either party may move to reopen the case at the appropriate time." (Dkt. 974-1, Exhibit B).

On February 12, 2014, the Texas Court ruled on the defendants' emergency motions to strike USEI's pretrial disclosures, ordered lead counsel for USEI and defendants to meet and confer in the courtroom concerning pretrial disclosures, finding that "Due to the unreasonable conduct of the parties, as evidenced by these submissions, counsel are hereby put on notice that continuing such conduct before this Court or at meet and confers may result in sanctions." (E.D.Tex. Case No. 6:12-cv-00235, Dkt. 571, at 2).

### 3. Discovery

Between the last case management statement on June 20, 2013 and December 5, 2013, USEI did not seek any depositions or inspect any source code of any Defendant or Intervenor except 3Com successor Hewlett-Packard. On December 6, 2013, USEI served Rule 30(b)(6) notices on Defendants Dell, Inc., Apple Inc., Acer Inc., and Acer America, Inc.

After the Court denied USEI's motion to extend the case schedule by six months on December 12, 2013, USEI waited almost another month to begin seeking depositions from the remaining Defendants and Intervenors. In particular, on January 10, 2014, USEI simultaneously served 30(b)(6) deposition notices on <u>fourteen</u> of the Defendants: ASUSTeK Computer Inc., ASUS Computer International, Gateway, Inc., Hewlett-Packard Co., AT&T Mobility, LLC,[1] AT&T Services, Inc., Fujitsu America, Inc., Fujitsu Ltd., Toshiba America, Inc., Toshiba

---

[1] All claims against AT&T Mobility, LLC are currently stayed, as the only non-stayed claims (i.e. the claims relating to the Sigma Designs-produced chips in the AT&T U-Verse Set-Top Box) are the responsibility of AT&T Services, Inc.

DEFENDANTS' AND INTERVENORS' CASE MANAGEMENT STATEMENT - 5 -
Case Nos. 4:10-cv-03724-CW(LB), 4:10-cv-05254-CW(LB)

America Information Systems, Inc., Toshiba Corporation, Sony Electronics Inc., Sony Corporation of America, Sony Corporation.

On January 15, 2014, USEI for the first time served deposition notices on Intervenors Atheros, Marvell and Sigma Designs.

On January 16, 2014, USEI served a deposition notice on Intervenor Intel.

USEI has since taken few of the noticed depositions, despite being offered many deposition dates by Defendants and Intervenors. USEI's near-simultaneous service of deposition notices on numerous topics on nearly all of the Defendants and Intervenors resulted in a substantial number of witnesses being offered to USEI in the weeks leading up to the close of discovery. Defendants and Intervenors have been prepared to proceed with the offered depositions, but USEI had declined many of them.

USEI's delay in seeking depositions from the foreign Defendants has also caused discovery disputes. For example, USEI noticed a 30(b)(6) deposition on Sony Corporation, a Japanese company headquartered in Toyko, on January 10, 2014. Japanese law requires depositions in Japan occur on U.S. soil, i.e., at the U.S. Embassy in Tokyo or at one of the U.S. Consulates. The Embassy, however, is unavailable to host a deposition until April. Although Sony Corporation agreed to have the deposition occur in Japan after the close of discovery, USEI did not reserve a time at the embassy or consulates. When Sony Corporation reserved a room for April 17, 2014, on behalf of USEI to ensure the deposition occurred before expert reports became due on April 24, 2014, USEI refused the date and instead demanded that Sony Corporation make its witness available in the Northern District of California. Unless USEI completes the necessary procedures for finalizing the reservation at the Embassy by March 5, 2014, the reservation will be lost.

Also on January 10, 2014, USEI noticed a 30(b)(6) deposition of Fujitsu Limited, a Japanese corporation headquartered in Tokyo, Japan. Fujitsu Limited responded to USEI's deposition notice by stating that witnesses would be made available in Japan according to the laws governing depositions in Japan following a meet and confer with USEI regarding the dates,

locations and arrangements for these depositions. USEI has not met and conferred with Fujitsu Limited regarding these issues. To the best of Fujitsu Limited's knowledge, USEI has not reserved a time at the U.S. Embassy or U.S. Consulates to depose Fujitsu Limited.

USEI also noticed a 30(b)(6) deposition on Toshiba Corporation on January 10, 2014. Similar to Sony Corporation and Fujitsu Limited, Toshiba Corporation is a Japanese corporation headquartered in Tokyo, Japan. Toshiba Corporation notified USEI its 30(b)(6) designees would be available to be deposed in Japan on February 19th and 26th. USEI has not reserved a time at the Embassy to depose Toshiba Corporation to Toshiba Corporation's knowledge.

The issue of foreign depositions is not new to USEI, as USEI asked the Texas Court to require the defendants in the Texas cases to make their Rule 30(b)(6) witnesses available in the U.S. and the Court declined to do so. (E.D.Tex. Case No. 6:12-cv-00235, Dkt. 326 at 4, filed October 8, 2013).

### C. ADR and Settlement

The Court ordered the parties to participate in mediation by November 15, 2013. The parties completed mediation as ordered. Broadcom and Nvidia have settled.

## II. RELATED CASES

There was one related case that has been resolved:

> *3COM Corporation v. D-Link Systems, Inc.,* U.S. District Court, California Northern District, Case No. 3:03-cv-02177-VRW.

There are five related cases that are currently pending in this District:

(1) *U.S. Ethernet Innovations, LLC vs. Acer, Inc., et al.*, U.S. District Court, California Northern District, Case No. 4:10-cv-03724-CW(LB);

(2) *U.S. Ethernet Innovations, LLC vs. AT&T Mobility, LLC, et al.*, U.S. District Court, California Northern District, Case No. 4:10-cv-05254-CW(LB);

(3) *Zions Bancorporation vs. U.S. Ethernet Innovations LLC,* U.S. District Court, California Northern District, Case No. 4:10-cv-03481-CW(LB).

(4) *Apple Inc. v. Oracle America Inc.*, U.S. District Court, California Northern District, Case No. 4:13-cv-05883-CW(LB).

(5) *ASUSTeK Computer Inc. and ASUS Computer Int'l v. Silicon Integrated Systems Corp.*, U.S. District Court, California Northern District, Case No. 4:10-cv-05882-CW.

There are four related cases still pending in the Eastern District of Texas:

*USEI v. Lenovo (United States) Inc.,* U.S. District Court, Eastern District of Texas, Case No. 6:13cv612. As explained in Intel's and Atheros' pending motion to stay the claims in this case (Dkt. 951, 955), the claims in the *Acer* case in this Court are entirely duplicative of claims in the *Lenovo* case in Texas.

*USEI v. Ricoh Americas Corporation,* U.S. District Court, Eastern District of Texas, Case No. 6:12cv235. This related cases below are consolidated with this case for pretrial and a joint trial on invalidity to be set for trial in April, 2014. The '872 and '094 patent claims asserted in the *Ricoh* case overlap with the '872 and '094 patent claims asserted in the *Acer* case in this Court.

*USEI v. STMicroelectronics N.V. et al.,* U.S. District Court, Eastern District of Texas, Case No. 6:12cv481.

*USEI v. Texas Instruments Incorporated,* U.S. District Court, Eastern District of Texas, Case No. 6:11cv491.

### III.     SCHEDULING

The Court has already established the following deadlines:

| Event | Date |
|---|---|
| Close of fact discovery | March 7, 2014 |
| Deadline to disclose identities and reports of expert witnesses | April 24, 2014 |
| Deadline to disclose identities and reports of rebuttal expert witnesses | May 23, 2014 |
| Close of expert discovery | June 4, 2014 |

| | |
|---|---|
| Deadline for Plaintiff to file its motion for judgment on the pleadings and any other dispositive motion, contained in a single brief of twenty-five pages or less | Thursday, June 26, 2014 |
| Deadline for Defendants and Intervenors to file their motion for summary judgment on remaining issues and their opposition to Plaintiff's dispositive motions, contained in a single joint brief of twenty-five pages or less. | Thursday, July 10, 2014 |
| Deadline for Plaintiff to file its reply in support of its dispositive motion and its opposition to Defendants' and Intervenors' dispositive motion, contained in a single brief of fifteen pages or less. | Thursday, July 24, 2014 |
| Deadline for Defendants and Intervenors to file their joint reply in support of their dispositive motion, contained in a single brief of fifteen pages or less. | Thursday, July 31, 2014 |
| Case Management Statement due | Thursday, August 7, 2014 |
| Hearing on dispositive motions and further case management conference | Thursday, August 14, 2014 at 2:00 p.m. |
| Final pretrial conference | Wednesday, December 17, 2014, at 2:00 p.m. |
| Jury trial to begin | Monday, January 5, 2015, at 8:30 a.m. |

## IV. TRIAL

Each Intervenor requests a separate jury trial on issues triable by jury as of right.

USEI's assertion of patents from the early 1990s against products that go back as far as 1995 gives rise to certain equitable defenses. Intel and Marvell, for instance, intend to seek leave to file motions for summary judgment, or in the alternative, short bench trials based on the issue that USEI's claims against them and their OEM-customer Defendants are barred by the equitable doctrine of laches.

Defendants and Intervenors request that, as the Court suggested at the June 27, 2013 case management conference, trials of any remaining claims against the Defendants be scheduled to begin after the Intervenor trials are completed. Defendants request that, at an appropriate point, the case against them be stayed pending the completion of the Intervenors' trials.

1  DATED:  February 25, 2014    FISH & RICHARDSON P.C.

2                               By:  /s/ Seth M. Sproul
3                                    Seth M. Sproul, sproul@fr.com
                                 Counsel for Intervenor INTEL CORPORATION
4
                                 QUINN EMANUEL URQUHART & SULLIVAN LLP
5
                                 By: /s/ Ray R. Zado
6                                    Ray R. Zado, rayzado@quinnemanuel.com
                                 Counsel for Intervenor Marvell Semiconductor, Inc.
7
                                 REED SMITH LLP
8
                                 By: /s/ Jonah D. Mitchell
9                                    Jonah D. Mitchell, jmitchell@reedsmith.com
                                 Counsel for Intervenor Atheros Communications, Inc.
10
                                 TECKNOWLEDGE LAW GROUP LLP
11
                                 By: /s/ Fatima Alloo
12                                   Fatima Alloo, falloo@techknowledgelaw.com
                                 Counsel for Acer, Inc., Acer America Corporation,
13                               and Gateway, Inc.

14                               WILLIAMS MORGAN & AMERSON PC

15                               By:  /s/ Drew Kim
                                     Drew Kim, dkim@wmalaw.com
16                               Counsel for Apple Inc.

17                               COOLEY LLP

18                               By: /s/ Lam Nguyen
                                     Lam Nguyen, lnguyen@cooley.com
19                               Counsel for ASUS Computer International and
                                 ASUSTeK Computer Inc.
20

21                               WINSTON & STRAWN
                                 FARELLA BRAUN & MARTEL LLP
22
                                 By: /s/ Kathleen B. Barry
23                                   Kathleen B. Barry, kbarry@winston.com
                                 Counsel for Dell Inc.
24

25                               MORRISON & FOERSTER

26                               By: /s/ Daniel C. Hubin
                                     Daniel C. Hubin, dhubin@mofo.com
27                               Counsel for Fujitsu Limited and Fujitsu America, Inc.

28

DEFENDANTS' AND INTERVENORS' CASE MANAGEMENT STATEMENT                          - 10 -
Case Nos. 4:10-cv-03724-CW(LB), 4:10-cv-05254-CW(LB)

K&L GATES LLP

By: */s/ Roderick B. Williams*
    Roderick B. Williams, rick.williams@klgates.com
Counsel for Hewlett Packard Co.

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

By: */s/ Michael V. Young, Sr.*
    Michael V. Young, Sr., michael.young@finnegan.com
Counsel for Sony Corp., Sony Corp. of America and Sony Electronics Inc.

KNOBBE MARTINS OLSON & BEAR LLP

By: */s/ Brian Claassen*
    Brian Claassen, brian.claassen@kmob.com
Counsel for Toshiba Corp., Toshiba America, Inc. and Toshiba America Information Systems, Inc.

**AT&T DEFENDANTS:**

VINSON & ELKINS LLP

By: */s/ Mike Schuster*
    Mike Schuster, wschuster@velaw.com
Counsel for AT&T Services, Inc.

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: */s/ David A. Jakopin*
    David A. Jakopin, david.jakopin@pillsburylaw.com
Counsel for Intervenor Sigma Designs, Inc.

## DECLARATION OF CONSENT

Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the parties hereto.

DATED: February 25, 2014    FISH & RICHARDSON P.C.

By: */s/ Seth M. Sproul*
    Seth M. Sproul, sproul@fr.com

Counsel for Intervenor INTEL CORPORATION