# Weil, Gotshal & Manges LLP

700 Louisiana, Suite 1600
Houston, TX 77002-2755
+1 713 546 5000 tel
+1 713 224 9511 fax

**Garland Stephens**
713-546-5011
garland.stephens@weil.com

BY ELECTRONIC FILING AND SERVICE

March 3, 2014

Magistrate Judge Laurel Beeler
U. S. District Court, Northern District of California
San Francisco Courthouse, Courtroom C, 15th floor
450 Golden Gate Ave.,
San Francisco, CA 94102

Re:   *U.S. Ethernet Innovations LLC v. Acer, Inc., et al.*
      Civil Action No. 5:10-cv-03724 JW (LB) ("the Acer case")

### Discovery Dispute Letter Regarding USEI's Improperly Withheld Documents

Dear Judge Beeler:

Defendant and Intervenor Intel brings this motion to compel Plaintiff USEI to produce documents improperly withheld as privileged or work product, which correspond to the USEI log entries in Stephens Decl. Ex. 16. The fact discovery deadline is March 7, 2014, and Intel needs these documents for the upcoming depositions of USEI's Larry Tedesco and USEI Principals David Kennedy and Larry Rosenberg, which are scheduled for March 11-13, 2014.

Intel served document requests on March 9, 2013.[1] USEI provided its privilege log on August 16, 2013.[2] On August 23, 2013, Intel wrote USEI regarding numerous deficiencies with USEI's log, including all issues raised herein.[3] Five months later, USEI finally responded to these issues on January 13, 2014, offering to produce a small fraction of the withheld documents, but largely failing to address the deficiencies.[4] Intel responded on January 21, 2014, identifying the numerous unresolved deficiencies—affecting hundreds of documents.[5] The parties met and conferred on February 11, 2014 but were unable to resolve their disputes. On that call, Intel informed USEI it would move to compel on the week of February 17, 2014. USEI served an Amended Privilege Log on February 18, 2014[6] that

---

[1] Stephens Decl. Ex. 1 (Intel's First Requests for Production).
[2] Stephens Decl. Ex. 2 (USEI's August 16, 2013 Privilege Log).
[3] Stephens Decl. Ex. 3 (Intel counsel's August 23, 2013 letter to USEI counsel).
[4] Stephens Decl. Ex. 4 (USEI counsel's January 13, 2014 letter to Intel counsel).
[5] Stephens Decl. Ex. 5 (Intel counsel's January 21, 2014 letter to USEI's counsel].
[6] Stephens Decl. Ex. 6 (USEI's February 18, 2014 Amended Privilege Log). USEI also sent a letter. Stephens Decl. Ex. 7 (USEI counsel's February 18, 2014 letter to Intel's counsel).

Letter to Magistrate Judge Laurel Beeler  **Weil, Gotshal & Manges LLP**
March 3, 2014
Page 2

remained deficient for the reasons set forth in Intel's February 20, 2014 response letter.[7]

On February 24, 2014, Intel filed a motion to compel after USEI refused to participate in the briefing in an apparent attempt to stall.[8] Exhibit 10 of Intel's February 24, 2014 motion included a detailed listing of USEI's deficient log entries.[9] USEI served its second amended privilege log ("USEI's Log") on February 24, 2014.[10] Intel responded by letter on February 26, 2014, detailing why USEI's Log failed to address the overwhelming majority of USEI's deficiencies identified in the "Exhibit 10" entries.[11] On the same day, this Court ordered the parties to meet and confer in person to attempt to resolve the disputed issues. (D1015).

Because USEI refused Intel's request to meet and confer while counsel were together in San Francisco for this case on February 27-28, 2014, Intel's counsel traveled from Houston to USEI's counsel's office in Atlanta for the meet and confer on March 2, 2014.[12] To narrow the issues before the meet and confer, Intel dropped requests on some of the disputed "Exhibit 10" entries and sent USEI a revised, narrower list of disputed entries on the evening of March 1, 2014.[13] After Intel traveled across the country to USEI's office, USEI's counsel refused to meet and confer in good faith about USEI's deficient entries, feigned a lack of awareness that the "Exhibit 10" entries were in dispute, and claimed that he was unprepared to meet and confer about them.[14] USEI instead wanted to stall this motion and delay addressing the disputed issues until March 16, 2014, which would guarantee that USEI's improperly withheld documents would be unavailable for Intel's deposition of USEI's witnesses (Tedesco, Kennedy, and Rosenberg) on March 11-13, 2014.[15] Despite USEI's gamesmanship, Intel has further narrowed the issues in this motion by dropping its requests on deficient USEI entries that were dated after the filing of the complaint, which Intel agrees need not be logged.[16]

Despite having had more than enough opportunities, USEI has failed to meet its burden of producing a privilege log that would allow Intel and this Court a meaningful assessment of its privilege claims. Intel respectfully requests that USEI be compelled to produce the following documents that USEI has improperly withheld.

---

[7] Stephens Decl. Ex. 8 (Intel counsel's February 20, 2014 letter to USEI's counsel).
[8] Stephens Decl. Ex. 9 (Intel's February 24, 2014 Letter Brief and February 26, 2014 Reply).
[9] Stephens Decl. Ex. 10 ("Exhibit 10" from Intel's February 24, 2014 Letter Brief).
[10] Stephens Decl. Ex. 11 (USEI's February 24, 2014 Second Amended Privilege Log).
[11] Stephens Decl. Ex. 12 (Intel's counsel February 26, 2014 letter to USEI's counsel).
[12] Stephens Decl. Ex. 13 (Intel's counsel March 01, 2014 email to USEI's counsel).
[13] Stephens Decl. Ex. 14 (Narrowed list of log entries supplied to USEI for meet and confer).
[14] Stephens Decl. Ex. 15 at, e.g., 4:8-23; 6:4-14; 8:22-9:8; 10:11-15; 16:1-17:4; 18:12-20:8; 22:17-24:4; 24:22-25:9; and 64:9-19. (Excerpts from transcript of March 02, 2014 meet and confer).
[15] *Id.* at 39:9-40:2.
[16] Intel is still seeking production of USEI's settlement negotiation documents (whether occurring before or after the complaint), but Intel and USEI have agreed to take that issue up separately.

Letter to Magistrate Judge Laurel Beeler  **Weil, Gotshal & Manges LLP**
March 3, 2014
Page 3

### I. Documents for Which USEI Attorneys Are Not Included or Identified on Entries[17]

For these documents, USEI's Log entries lack even the most basic information required by the Standing Order to enable Intel to assess USEI's claims of privilege and work product.[18] In particular, USEI's Log contains hundreds of entries purporting to withhold documents based on attorney-client privilege where the entries only involve non-lawyer USEI representatives (*e.g.,* USEI Principals, David Kennedy and Larry Rosenberg, as well as Ashlie Monahan and Larry Tedesco).[19] For these entries, USEI fails to meet its burden of demonstrating privilege or work product—they provide insufficient detail to show that the documents involve legal advice from an attorney or were drafted at the direction of an attorney. They also fail Your Honor's Standing Order requirements: (i) the position of the authors and recipients; (ii) a fact summary; (iii) document location; and (iv) steps taken to ensure confidentiality ("the Standing Order Information"). Because USEI has failed its privilege log obligations raised in Intel's August 23, 2013 letter (Stephens Decl. Ex. 3), and reiterated multiple times, most recently in Intel's February 26, 2014 letter (Stephens Decl. Ex. 12), the time to meet its burden has passed.

*Relief Sought*: USEI should be ordered to produce these withheld documents which are listed in Stephens Decl. Ex. 16, "List 1."

### II. Documents Communicated to Third Parties[20]

USEI is withholding various communications between USEI non-attorney representatives and unidentified third parties, for whom USEI has not specified any position or affiliation, and other Standing Order Information. *See* Stephens Decl. Ex. 16, "List 2." USEI has not made any showing that there is any "common interest privilege" between it and any of these third parties.

*Relief Sought*: USEI should be ordered to produce these improperly withheld communications which are listed in Stephens Decl. Ex. 16, "List 2."

### Plaintiff USEI's Portion

This is simply not a good faith discovery dispute. As reflected in the record, USEI has made every effort to address Intel's concerns regarding USEI's privilege log, despite the fact that Intel's log is replete with the same types of "issues" cited by Intel as deficiencies in USEI's log. Intel's dogged insistence in raising these issues with the Court – even doing so unilaterally, in violation of this Court's Standing Order – strongly suggests that this is a manufactured, lawyer- driven attempt to put unnecessary burdens on USEI (as well as the Court) at a time when USEI is attempting to complete discovery in this case while at the same time preparing for trial in a closely related case.

---

[17] *See* Stephens Decl. Exhibits: Ex. 3 (p. 1); Ex. 5 (pp. 1-2), Ex. 8 (p. 2), and Ex. 12 (pp. 1-3).
[18] *See, e.g., Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc*., C07-1359 PJH (JL), 2008 WL 5214330 (N.D. Cal. Dec. 12, 2008).
[19] Stephens Decl. Ex. 16, "List 1" isolating the salient entries from Stephens Decl. Ex. 11.
[20] *See* Stephens Decl. Exhibits: Ex. 3 (pp. 3-4); Ex. 5 (p. 3), Ex. 8 (pp. 4-5), and Ex. 12 (pp. 1-3).

Letter to Magistrate Judge Laurel Beeler                                          **Weil, Gotshal & Manges LLP**
March 3, 2014
Page 4

**Background**

After Intel first raised a number of issues concerning hundreds of specific documents in USEI's privilege log in its August 23, 2013 letter, USEI went through these documents one by one in response letters, addressing *every single document Intel raised*.[21] For example, in USEI's response dated January 13, 2014 USEI removed hundreds of documents from its privilege log and produced them.[22] Additionally, USEI provided additional details regarding other documents, including those that were communications with our client and/or contained the advice of counsel.

In USEI's letter dated February 18, 2014, USEI included an amended privilege log, confirmed that a number of documents were privileged or work product, and indicated that a number of entries were simply duplicates of the same document.[23] Finally, in USEI's February 24, 2014 letter, USEI indicated that a number of communications were with our client regarding litigation strategy and that a number of other documents either had already been produced or would be produced.[24] Thus, despite Intel's refusal to address any of USEI's discovery concerns, USEI has been diligent in responding to each and every one of Intel's issues raised and is willing to similarly address its newly raised issues.

Notwithstanding USEI's efforts to address Intel's concerns, Intel chose to violate this Court's Standing Order and submitted a unilateral motion to compel. In a plain attempt to keep their manufactured crisis alive, Intel raised issues with hundreds of new documents for the first time in its motion to compel. USEI requested fourteen (14) days to review and respond to these new documents and to avoid an unnecessary burden on the Court, but Intel insisted that this motion be filed. Rather than attempting in good faith to narrow the issues and avoid motion practice, Intel has consistently acted in a manner designed to further motion practice and waste the time of the parties and the Court. Notably, Intel's August 2013 privilege log contains the same level of detail as USEI's privilege log, for which Intel now complains is insufficient.[25]

Even Intel's very scheduling of the meet and confer ordered by this Court on this issue evidences Intel's bad faith tactics.[26] Eventually, the parties agreed to meet and confer in Atlanta on March 2, 2014. Despite the appearance of Intel's counsel, Thad Kodish, who has been actively involved in this case for years and whose office (like USEI's trial counsel's) is located in Atlanta, Intel chose to fly counsel Doug

---

[21]   Leonard Decl. Ex. 1A-C, USEI's Response Letters, dated January 13, 2014; February 18, 2014; and February 24, 2014.
[22]   Leonard, Decl. Ex. 1A, USEI's Response Letter dated, January 13, 2014.
[23]   Leonard, Decl. Ex. 1B, USEI's Response Letter, dated February 18, 2014.
[24]   Leonard, Decl. Ex. 1C, USEI's Response Letter, dated February 24, 2014.
[25]   Leonard Decl. Ex. 2, Intel Corporation's Privilege Log, dated August 1, 2013.
[26]   Leonard Decl. Ex. 3, Email exchange between John Herman and counsel for Intel, dated February 26, 2014 – March 2, 2014.

Letter to Magistrate Judge Laurel Beeler  **Weil, Gotshal & Manges LLP**
March 3, 2014
Page 5

McClellan from Houston to attend the meet and confer. Intel then complained that it had expended substantial travel expenses in its trip to Atlanta, even though Garland Stephens joined the meet and confer by telephone. Thus, there was no need for Mr. McClellan to fly to Atlanta.

### Intel's Motion

Intel's motion raises a number of issues regarding USEI's privilege log. First, Intel raises questions about "third party" documents. For newly identified documents, USEI has not had a meaningful opportunity to review each and every one of these documents but can and will do so in short order. Nevertheless, USEI suspects that, much like the documents it has already addressed, these are not communications with third parties but rather communications about third parties. Second, as for documents not listing an attorney, USEI first notes that Intel's privilege log is similarly deficient.[27] USEI also notes that many of these documents are likely attorney work product, which would not necessarily list an attorney. Again, USEI has not had a meaningful opportunity to review these newly raised issues, but is willing to address these new issues just as it has done with the previous issues raised by Intel.

Intel further complains that when it violated the Court's Standing Order by its unilateral filing, it had to file USEI's privilege log under seal. USEI notes that, had Intel complied with the Court's Standing Order, this would have been unnecessary. Thus, to the extent that anyone is entitled to fees associated with Intel's improvident filing, it is USEI, not Intel. USEI would much rather focus its efforts on more substantive issues and working to reach a good faith resolution on these issues.

Intel's actions demonstrate that Intel has no interest in resolving these disputes but has chosen instead to force the parties to trouble the Court when the parties would be better served completing discovery and preparing for trial. USEI has offered to address the hundreds of newly raised issues by Intel for the first time in their motion to compel, but it will need time to do so. Having made a good faith effort to address every issue that Intel has raised, USEI requests that Intel's motion be denied so that the parties may continue to work through these issues.

Respectfully Submitted,                                                      Respectfully Submitted,

*/s/ Garland T. Stephens*                                                    */s/ Robert J. Leonard*

Garland T. Stephens                                                          Robert J. Leonard
Attorney for Intervenor Intel Corporation                                    Attorney for Plaintiff USEI

---

[27]   *See* Leonard Decl. Ex. 2.