UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS LLC,<br><br>         Plaintiff,<br>   v.<br>ACER INC, *et al.*,<br><br>         Defendants.<br>_____/ | No. C 10-03724 CW (LB)<br><br>**ORDER RE DISCOVERY DISPUTE IN ECF NO. 1036** |

The first discovery issue is whether USEI is entitled to ask HP's 30(b)(6) witness questions about Topic 38, "The Patent and Sale Agreement" ("PSA"). *See* Joint Letter Brief, ECF No. 136. HP asks for a protective order because the information is not relevant. *See id.* HP assets a license defense that it obtained from 3Com to practice the patents-in-suit. *See id.* at 2. It argues that its defense does not put the PSA at issue, and USEI does not have standing to challenge the PSA. *See id.* USEI responds that HP's defense puts the PSA at issue. *See id.* at 3.

In an earlier order, the court discussed the PSA, which is the patent sales agreement for the sale by 3Com of the patents to Parallel Technology (before HP acquired 3Com). *See* 5/2/13 Order, ECF No. 747. The information is relevant because HP has raised it as a defense to USEI's patent infringement claims. *See id.*; Joint Letter Brief, ECF No. 1036 at 3. The court denies HP's motion to prevent any 30(b)(6) testimony about the PSA.

The next issue is whether USEI described "'with reasonable particularity the matters for

examination.'" Joint Letter Brief, ECF No. 1026 at 2 (quoting Fed. R. Civ. P. 30(b)(6)). HP argues that it does not because Topic 38 references only "the Patent and Sales Agreement." *Id.* at 3. In an email exchange, USEI said that the scope related to "any knowledge or actions by HP concerning" the PSA. *Id.* (emphasis omitted). HP says that this is too broad, and it also is concerned that USEI will question the 30(b)(6) deponent about the legal significance of the PSA's terms. *Id.* USEI responds that the full quote continues, ". . . and the factual bases for HP's position that, as of April 12. 2012, HP acquired a valid license to the patents at issue in this case pursuant to the PSA." *Id.* It also reassured HP's counsel that the questions would not be legal and "would instead focus on specific facts relating to the PSA provisions, which establish conditions precedent to the validity of the assignment of the PSA." *Id.* at 4.

At the hearing on March 31, 2014, USEI's counsel reaffirmed these limits, and the court orders them here. The court denies HP's motion for a protective order.

This disposes of ECF No. 1036.

**IT IS SO ORDERED.**

Dated: March 31, 2014

_____
LAUREL BEELER
United States Magistrate Judge

C 10-03724 CW (LB)
ORDER