UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS LLC, | No. C 10-03724 CW (LB) |
| Plaintiff, | |
| v. | **ORDER RE DISCOVERY DISPUTE IN ECF NO. 1050** |
| ACER INC, *et al.*, | |
| Defendants. | |

_____/

In this discovery dispute, Apple (on behalf of all defendants) wants USEI to produce depositions of third-party witnesses and sealed noninfringement summary judgment briefing designated as confidential in the Texas case. Joint Letter Brief, ECF No. 1050 at 1. Apple explains that Texas defendants filed noninfringement summary judgment briefs directed to the '094 patent, which also is being asserted against Apple, and Apple wants to see USEI's responses to forestall USEI's taking a potentially contrary position on the same patent here. *Id.* As to the third-party witnesses, Apple wants equal access to potentially relevant discovery. *Id.* at 1-2. USEI responds that it cannot produce the information under the terms of the protective order in place in the Texas litigation:

> 4. Use of Information. All materials containing "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" information shall be used solely for the purpose of this litigation only, including any appeal thereof, unless otherwise agreed to, in writing, by the producing party, or directed by a court of competent jurisdiction. Prohibited purposes include, but are not limited to, use of Confidential Information for competitive purposes or for any proceedings before the United States Patent and Trademark Office without seeking leave of Court. This Order has no effect upon, and shall not apply to, any

C 10-03724 CW (LB)
ORDER

producing Party's use of its own Confidential Information for any purpose. Furthermore, notwithstanding any provision of this Order to the contrary, with respect to Confidential Information, any person indicated on the face of the document to be its originator, author, a recipient of a copy thereof: or shown to previously have had access to the document may be shown the same.

*Id.* at 3 and ECF No. 1050-8 at 6.  USEI points out that the parties there designated the information confidential, it is not USEI's issue, and any request for relief from a protective order in place in ongoing litigation more appropriately directed at the designating party or the court issuing the protective order.  Joint Letter Brief, ECF No. 1050 at 3-4 (collecting cases, observing that the Ninth Circuit favors access to discovery in collateral litigation to avoid wasteful discovery, and noting the different concerns that arise for access to protected materials in an ongoing and separate litigation).  It points out that the defendants in this and the Texas actions are coordinating closely, raised a joint defense privilege, and have the ability to resolve the issue themselves without involving USEI.  *Id.*

The court held a hearing on March 31, 2014.  Apple said that the production of discovery for the Texas experts mostly satisfied its request, and the only additional issue is the depositions of the third-party witnesses, which it characterized generally as non-confidential.  USEI reiterated that its concern was only complying with the Texas protective order.

For the reasons discussed on the record, and based on the authorities cited by USEI (because Apple cited no authorities), the court denies Apple's motion to order disclosure of material designated as confidential under the Texas protective order.  The proper forum is the Eastern District of Texas, where the defendants there will have notice, an opportunity to respond, and a better ability to address any argument that the confidentiality designations are inappropriate.  At the hearing, USEI agreed to work with Apple to see if it could identify and produce any depositions that are not designated confidential.  Also, the court suggested pragmatic ways of addressing any confidentiality concerns that the Texas defendants might have, such as emailing them or filing a request with the Texas court.

This disposes of ECF No. 1050.

**IT IS SO ORDERED.**

Dated:  March 31, 2014

_____
LAUREL BEELER
United States Magistrate Judge