IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>ACER, INC., et al.,<br><br>          Defendants,<br><br>ATHEROS COMMUNICATIONS, INC., et al.,<br><br>          Intervenors.<br>_____/ | No. C 10-3724 CW<br><br>ORDER SUMMARIZING RULINGS ON MOTION TO LIMIT ASSERTED CLAIMS AND MOTION TO ENJOIN (Docket Nos. 947, 951) |
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>AT&T MOBILITY, LLC, et al.,<br><br>          Defendants,<br>_____/ | No. C 10-5254 CW<br><br>ORDER SUMMARIZING RULINGS ON MOTION TO LIMIT ASSERTED CLAIMS, MOTION TO ENJOIN, AND MOTION TO STRIKE (Docket Nos. 481, 484) |

In these patent infringement suits, on February 27, 2014, the Court held a case management conference and ruled on several motions brought by several Intervenors[1] and Defendants[2] in these cases. The rulings are summarized below.

---

[1] Intel Corporation, Marvell Semiconductor Inc., Atheros Communications Inc., and Sigma Designs, Inc.

[2] Acer Inc., Acer America Corporation, Apple, Inc., ASUS Computer International, Asustek Computer Inc., AT&T Services, Inc., Dell Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway Inc., Hewlett Packard Co., Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc.

In both Case No. 10-3724 (the Acer case) and Case No. 10-5254 (the AT&T case), Defendants and Intervenors move to limit the number of asserted claims asserted by Plaintiff U.S. Ethernet Innovations, LLC (USEI).  The Court finds that a two-tiered limitation is appropriate.  Accordingly, seven days after the close of fact discovery, USEI shall make an Initial Election of Asserted Claims limited to sixteen claims per chip supplier implicated in USEI's infringement contentions in these cases,[3] including those who are parties to the suit (Intervenors Intel, Marvell, Atheros, and Sigma) and those who are not (Oracle, SiS, and National Semiconductor).  USEI's initial election shall not exceed thirty claims total.

Ten days after USEI has made its Initial Election of Asserted Claims, Defendants shall make a Prior Art References Election of no more than twenty-five prior art references total.

Fourteen days after all dispositive orders have issued, USEI will further narrow its case to no more than twelve claims per chip supplier, whether present or not, for a total of no more than twenty claims against all parties.

The limits set by the Court are not immutable.  Claims may be reintroduced upon a good cause showing by USEI that those claims raise distinct issues of infringement and invalidity.

Next, Intervenor Intel and non-party Lenovo move to enjoin USEI from pursuing duplicative claims in the Eastern District of Texas against Lenovo (Lenovo case).  The Lenovo case is currently stayed at the parties' request, subject to either party reopening

---

[3] See Acer case, Docket No. 1009, Ex. A.

2

the case.[4]  At the hearing, Lenovo asserted that its potential liability to USEI in the Lenovo case would depend wholly on Lenovo's use of Intel's chip, and thus agreed to be bound by the infringement and invalidity findings in the Northern District of California litigation.  Therefore, the Court finds it appropriate to enjoin USEI from seeking to reopen the Lenovo case without first seeking this Court's approval.  If the parties agree to transfer the Lenovo case to this district, however, they may do so.

Lastly, Sigma moves to strike as untimely USEI's infringement contentions served on January 13, 2014.  USEI's January 13, 2014 infringement contentions exceed the bounds of Sigma's counterclaim for declaratory judgment of non-infringement and USEI has not shown good cause for amending its infringement theories.  Accordingly, the Court grants Sigma's motion to strike.

IT IS SO ORDERED.

Dated: 5/20/2014

CLAUDIA WILKEN
United States District Judge

---

[4] U.S. Ethernet Innovations, LLC v. Lenovo (United States) Inc., Case No. 6:13-cv-00612-JDL (E.D. Tex. 2013), Docket Nos. 63, 64.  The Texas court stayed the Lenovo case because the Northern District of California litigation before the undersigned "involves the same patents-in-suit and . . . is likely to moot . . . or, at a minimum, streamline the issues presented" in the Lenovo case. Id., Docket No. 64 at 1.