Garland T. Stephens, garland.stephens@weil.com
Douglas Wayne McClellan, *pro hac vice*, doug.mcclellan@weil.com
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1700
Houston, TX 77002
Phone: 713-546-5000 / Fax: 713-224-9511

Jared Bobrow, SBN 133712, jared.bobrow@weil.com
Sonal N. Mehta, SBN 222086, sonal.mehta@weil.com
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Phone: 650-802-3000 / Fax: 650-802-3100

Brian E. Ferguson, *pro hac vice*, brian.ferguson@weil.com
Weil, Gotshal & Manges, LLP
1300 Eye Street NW, Suite 900
Washington, DC 20005-3314
Phone:  202-682-7077

Seth M. Sproul, SBN 217711, sproul@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070 / Fax: 858-678-5099

Thad C. Kodish, *pro hac vice,* tkodish@fr.com
Fish & Richardson P.C.
1180 Peachtree Street, N.E., Suite 2100
Atlanta, GA 30309
Phone: 404-892-5005 / Fax: 404-892-5002

Attorneys for Intervenor Intel Corporation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br><br>　　　　Plaintiff,<br>　　v.<br>Acer, Inc., et al.,<br>　　　　Defendants,<br><br>Atheros Communications, Inc., et al.,<br>　　　　Intervenors. | Case No. 4:10-cv-03724 CW (LB)<br><br>INTERVENORS' AND DEFENDANTS' MOTION FOR CLARIFICATION OF THE COURT'S ORDER REGARDING CLAIM AND PRIOR ART ELECTIONS<br><br>Judge:　　Hon. Claudia Wilken<br>Courtroom:　2, 4th floor<br>Hearing:　July 10, 2014 |

Intervenors' and Defendants' Motion for　　　　　　　　　　　　　　　　Case No. 4:10-cv-03724 CW (LB)
Clarification of the Court's Order Regarding
Claim and Prior Art Elections

Notice is hereby given to Plaintiff US Ethernet Innovations, LLC ("USEI") that on June 19, 2014, or as soon thereafter as this matter may be heard by the Court, Intervenors and Defendants (hereinafter, "Defendants") move to clarify of the Court's Order regarding claim and prior art elections. Defendants support this Motion with the following Memorandum of Points and Authorities and the pleadings and record in this case.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On May 20, 2014, the Court issued an Order (the "Order Summary," Docket No. 1110) summarizing rulings during a Case Management Conference on February 27, 2014 (the "Case Management Conference"). Defendants respectfully submit that the Order Summary included a significant error. Specifically, it states that "ten days after USEI has made its Initial Election of Asserted Claims, Defendants shall make a Prior Art References Election of no more than **[25]** prior art references total."[1] This summary, which results in fewer than one prior art reference per asserted claim, is not consistent with the understanding of all parties of the instructions issued during the Case Management Conference that created the following two-stage schedule:

(1) USEI would limit the number of asserted claims to 30. After 14 days, the Defendants would then elect no more than **90** prior art references (3 references per claim × 30 claims).

(2) After the dispositive orders were issued, USEI would limit the number of asserted claims to 20. After 14 days, the Defendants would elect no more than **60** prior art references, as stated by the Court:

> THE COURT: YEAH, THAT'S NOT HOW THE CLAIMS ARE COMING OUT. I'M NOT LIMITING THE CLAIMS BY PATENT, SO IT WOULDN'T MAKE ANY SENSE TO LIMIT THE PRIOR ART BY PATENT. WE'LL JUST GO WITH THAT . . .
>
> THE COURT: WELL, LET'S DO <u>90</u> A WEEK AFTER THEY GIVE YOU THEIR FIRST CUT A<u>ND</u> CUT IT DOWN TO <u>60</u> A WEEK AFTER THEY GIVE YOU THEIR SECOND CUT.[2]

---

[1] Order Summary, Dkt. No. 1110 at 2:13–15.
[2] Declaration of Justin Constant in Support of Intervenors' and Defendants' Motion for Clarification of the Court's Order Regarding Claim and Prior Art Elections, dated May 30, 2014 ("Constant Decl.") Ex. 2 at 57:8–58:14 (CMC Transcript).

1  Both parties have proceeded under this direction from the Court by exchanging the initial
2  round of elections (30 claims by USEI and 90 prior art references by Defendants), followed by
3  opening expert reports.[3]

4  After these exchanges, the Court issued its Order Summary which is, unfortunately,
5  inconsistent with the directions under which the parties had been operating.

6  Although USEI's counsel explicitly conceded during a meet and confer that the Court did
7  not require the Defendants to limit the number of prior art references to 25 at the Case
8  Management Conference, USEI has now demanded that the Defendants immediately limit the
9  prior art references on which they rely to 25 pursuant to the Court's Order Summary.

10  Because (1) the Court required the Defendants to limit the number of asserted prior art
11  references to 90, (2) there are still almost 30 claims in this case, and (3) the parties have been
12  proceeding under this Court's originally ordered schedule, Defendants respectfully request that the
13  Court's Order Summary (Docket No. 1110) be clarified to reflect the Court's original intended
14  two-tiered schedule with limits of 90 and 60 prior art references. In the alternative, Defendants
15  request that the Court order USEI to limit its asserted claims to no more than 16 total, with no
16  more than 4 per asserted patent, to match the 25 reference limit imposed on the Defendants.

## II. THE COURT'S RULING AT THE CASE MANAGEMENT CONFERENCE ALLOWED AN INITIAL ELECTION OF NINETY (90) PRIOR ART REFERENCES

19  At the Case Management Conference, this Court ruled on the Defendant's Motion to Limit
20  Claims by scheduling a staged reduction of both asserted claims and asserted prior art in this case.
21  Initially, USEI would be required by March 14, 2014 to limit the number of claims to a total of 30,
22  with no more than 16 per chip manufacturer.

> THE COURT: "OKAY. WELL, WHAT I'M THINKING ABOUT DOING WITH THAT REFINEMENT ABOUT THE ORPHANS IS A WEEK FROM THE CLOSE OF DISCOVERY, WHICH IS THE REAL CLOSE OF DISCOVERY, MARCH 14TH, WE WOULD **LIMIT THE CLAIMS TO 16 PER INTERVENOR -- 16 PER CHIP MANUFACTURER**. AS YOU SAY, WHETHER

---

[3] Constant Decl. Ex. 1 (USEI's limitation of asserted claims, Defendants' limitation of prior art references).

Intervenors' and Defendants' Motion for Clarification  2   Case No. 4:10-cv-03724 CW (LB)
of the Court's Order Regarding Claim and Prior Art
Elections

> THEY'RE IN OR OUT OF THE CASE, 16 PER CHIP MANUFACTURER FOR -- AND **A TOTAL OF 30 OVERALL**.[4]

On March 28, 2014, two weeks after this reduction, the Defendants then would be required to reduce the amount of prior art reference to no more than 90 total.

> COURT: WELL, LET'S DO **90 A WEEK AFTER THEY GIVE YOU THEIR FIRST CUT** AND CUT IT DOWN TO 60 A WEEK AFTER THEY GIVE YOU THEIR SECOND CUT.[5]

In the second stage of the reduction after the dispositive motion orders,[6] the Court indicated that USEI would be required to limit the number of claims to a total of 20, with no more than 12 per chip manufacturer.

> THE COURT: . . . AND THEN AFTER THE SUMMARY JUDGMENT ORDER COMES OUT, WE WOULD REDUCE IT DOWN TO 12 PER CHIP MANUFACTURER AND 20 OVERALL.[7]

Soon after, the Defendants would be required to reduce the amount of prior art references to no more than 60 total.[8] For each of these stages, the Court calculated the total amount of prior art references by multiplying the number of asserted claims by 3.

> THE COURT: THREE PER CLAIM, WHICH WOULD GIVE YOU A TOTAL OF 60, 3 TIMES 20 IS 60, BUT YOU CAN -- LET ME SAY IT DIFFERENTLY -- 60 ALL TOGETHER AND YOU CAN USE THEM HOWEVER YOU WANT.[9]

The clerical error likely resulted from earlier discussion during the Case Management Conference regarding the Defendants' original proposed limit of 25 prior art references.[10] However, that limitation was contingent on the Plaintiff being limited to 16 claims with no more than 4 per patent. In fact, the initial limitation of 25 prior art references was identified by USEI and explicitly rejected by the Court.

---

[4] Constant Decl. Ex. 2 at 30:17–23 (CMC Transcript).
[5] Constant Decl. Ex. 2 at 58:12–14 (CMC Transcript).
[6] Constant Decl. Ex. 2 at 58:23–25 (CMC Transcript) ("THE COURT: -- THE SECOND CUT IS GOING TO BE AFTER THE SUMMARY JUDGMENT ORDER COMES OUT, WHICH IS GOING TO BE TWO MONTHS BEFORE TRIAL").
[7] Constant Decl. Ex. 2 at 30:24–31:1 (CMC Transcript).
[8] Constant Decl. Ex. 2 at 58:12–14 (CMC Transcript).
[9] Constant Decl. Ex. 2 at 56:13–26 (CMC Transcript).
[10] Constant Decl. Ex. 2 at 24:24–5 (CMC Transcript).

> MR. HERMAN: YOUR HONOR, 60 -- 60 PRIOR ART REFERENCES -- THEIR SUGGESTION WAS A TOTAL OF 25 AND 9 PER PATENT. THAT'S WHAT THE DEFENDANTS PROPOSED IN THIS CASE.
>
> **THE COURT: WELL, BUT THAT WAS ONLY IF THERE WERE ONLY 16 CLAIMS, AND I'VE GIVEN YOU MORE THAN 16 CLAIMS.**[11]

### III. THE PARTIES HAVE BEEN OPERATING IN ACCORDANCE WITH THE COURT'S ORIGINAL RULINGS

Pursuant to the Court's rulings at the Case Management Conference, the parties have already completed the first stage reduction of claims and prior art. As required, USEI reduced the number of claims on March 14, 2014 to less than 30 claims. Two weeks later, the Defendants served their Notice of Elected Prior Art which contained a total of 90 references. For two months, USEI did not complain or suggest that the Defendants were acting outside of the scope of the Court's orders. Further, on April 25, 2014, the parties exchanged initial expert reports wherein the Defendants relied on their election of 90 prior art references. Again, USEI made no suggestion that the Defendants had violated this Court's orders on the number of prior art references.

Only after the Order Summary (Docket No. 1110) was issued on May 20, 2014 did USEI demand that the Defendants reduce the number of prior art references to 25 with no corresponding reduction of asserted claims. However, during a meet and confer, USEI's counsel conceded that this was not what was ordered by this Court at the Case Management Conference.[12] Nevertheless, USEI has continued to insist that Defendants and Intervenors elect 25 prior art references and has now threatened to file a motion in front of Judge Beeler to enforce this erroneous restriction.[13] Accordingly, Defendants seek clarification through this motion.

### IV. ALTERNATIVELY, USEI SHOULD BE LIMITED TO SIXTEEN (16) TOTAL ASSERTED CLAIMS, WITH NO MORE THAN FOUR (4) PER PATENT

The Defendants original proposal to the Court before the Case Management Conference was that Defendant's would identify 25 total prior art references. However, this was in the context

---

[11] Constant Decl. Ex. 2 at 58:20–24 (CMC Transcript).
[12] Constant Decl. at ¶ 4.
[13] Constant Decl. Ex. 3 (Email from Sean Nation at Robbins Geller Rudman & Dowd LLP dated May 29, 2014).

of only allowing USEI 16 total asserted claims, with no more than four per patent.  As USEI is now only limited to 30 total claims, limiting the Defendants to 25 references (fewer than one per claim) is inconsistent with the Court's prior rulings and the proposal made by Defendants.  If the Court is inclined to limit the number of prior art references to 25, the Defendants request the Court adopt the original proposal that USEI first be required to limit the number of asserted claims to 16, with no more than 4 per patent.

## V.     CONCLUSION

Defendants respectfully request that the Order Summary (Dkt. No. 1110) be clarified to reflect the Court's rulings at the February 27, 2014 Case Management Conference as follows:

1) Fourteen days after USEI makes it Initial Election of Asserted Claims, Defendants shall make a Prior Art References Election of no more than 90 prior art references total, and

2) Fourteen days after all dispositive orders have issued, USEI will further narrow its case to no more than twelve claims per chip supplier, whether present or not, for a total of no more than 20 claims against all parties.

3) Ten days after USEI makes its Second Election of Asserted Claims, Defendants shall make a Second Prior Art References Election of no more than 60 prior art references total.

Alternatively, if the Court does choose to limit the Defendant's prior art to 25 total references, then the Defendant's respectfully request that the Court require USEI to first limit its asserted claims to no more than 16 total, with no more than 4 per patent.

Dated:  May 22, 2014             WEIL, GOTSHAL & MANGES LLP

By: */s/ Garland T. Stephens*
       Garland T. Stephens

Counsel for Intervenor INTEL CORPORATION

Intervenors' and Defendants' Motion for Clarification    5          Case No. 4:10-cv-03724 CW (LB)
of the Court's Order Regarding Claim and Prior Art
Elections