UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS LLC,<br><br>    Plaintiff,<br>  v.<br>ACER INC, *et al.*,<br>    Defendants.<br>_____/ | No. C 10-03724 CW (LB)<br><br>**ORDER RE DISCOVERY DISPUTE IN ECF NO. 1112** |

Intel has moved to an order to preclude USEI's consultant Bruce Sanders's testimony or, in the alternative, to compel USEI to produce him for a deposition. *See* Joint Letter Brief, ECF No. 1112.[1]

*First*, regardless of whether Intel had sufficient notice, USEI must disclose Mr. Sanders's contact information.

*Second*, precluding testimony is not necessary given that Mr. Sanders was disclosed (both under Rule 26, albeit without his contact information, and as a trial witness in Texas in December 2013). Mr. Sanders can be made available for a deposition. Under the five-factor test for imposing sanctions under Rule 26, (1) there is no surprise, (2) even if there were, it is cured by the deposition, (3) the trial (now set for January 2015) will not be disrupted, (4) the evidence is (according to USEI) important context, and (5) the explanation given by USEI is sufficient to allow the conclusion that

---

[1] The court finds this matter suitable for determination without a hearing under Civil Local Rule 7-1(b),

preclusion is not an appropriate sanction. *See San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (five-factor test); Joint Letter Brief, ECF No. 1112 at 4-6 (USEI's explanation). Any harm is obviated by the deposition.

USEI also cites three docket entries for the proposition that the Texas court rejected Intel's position three times. Two entries are minutes from a pretrial conference and jury trial that do not provide detail of when or why the Texas court took a position on this issue. *See* E.D. Tx. Dkt 6:11-cv-491, Nos. 277, 324. The third entry is an unreleased, redacted transcript of the pretrial conference proceedings that will not be available on PACER until July 7. *See id.*, No. 313. In any event, given the ability to cure any harm, on the merits, the undersigned denies Intel's motion to preclude testimony and grants its motion for a deposition.

This disposes of ECF No. 1112.

**IT IS SO ORDERED.**

Dated: June 15, 2014

_____
LAUREL BEELER
United States Magistrate Judge