UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS LLC,<br><br>        Plaintiff,<br>   v.<br>ACER INC, *et al.*,<br><br>        Defendants. | No. C 10-03724 CW (LB)<br><br>**ORDER RE DISCOVERY DISPUTE IN ECF NO. 1113** |

Intel has moved to an order to compel discovery regarding the due diligence USEI performed before purchasing the asserted patents or, in the alternative, to preclude USEI from introducing evidence about the due diligence at trial. *See* Joint Letter Brief, ECF No. 1113.[1] USEI asserted privilege about its due diligence during discovery, but Intel contends that USEI waived that privilege by the following trial testimony by its CEO David Kennedy in Texas on April 9, 2014:

> Q: Would you tell the jury your conclusion after this due diligence? What -- what decision did you reach at the conclusion of the five-month period?
>
> A. Well, the conclusion was that parallel tasking had been wildly successful, generated billions of dollars in revenues, and that the patents behind that parallel tasking technology were -- were **valid, were valuable**, and that 3Com had had a success in licensing those patents in addition to selling the products behind them.
>
> Q. And in reaching that conclusion, I think you may have heard Dr. Mihran testify earlier that it took him about 10 hours to decide that the patents were invalid in this case.

---

[1] The court finds this matter suitable for determination without a hearing under Civil Local Rule 7-1(b),

1  A. I heard his testimony. I didn't quite understand it, but I heard the reference to the 10 hours. The testimony at issue is by USEI's expert David Kennedy that Intel asserts was used to bolster the validity of the patents. *See id.* at 2.

Q. How much time did it take you and your team to reach the conclusion to actually enter the deal that 3Com was proposing?

A. I don't know how many hours, but it was a full-time effort. Most -- weeks or a lot of weeks, seven days a week between November and May 29th when we closed on the transaction. And that was not just myself and other members of USEI. We had a team of patent attorneys, contract attorneys, due diligence-type technical experts that we consulted with. We spent hundreds of thousands of dollars analyzing these patents before we bought them. And, you know, at that point -- before we were going to invest millions of dollars in them, **we wanted to make sure we felt like the patents were valid and the technology had been success**ful.

*Id.* at 4-5. Intel contends that this testimony was an attempt to bolster the validity of the patents, and the reference to the due diligence was about USEI's conclusions based on attorneys' advice that the patents were valid. *Id.* at 2.. This, USEI concludes, waives the privilege as to the underlying due diligence. *Id.* USEI responds that (1) the waiver argument is predicated on Mr. Kennedy's use of the word  the use of the word "valid," and the context of his testimony shows he meant "valuable," (2) the testimony is that of an investor describing the process by which Parallel, USEI's parent company, purchased the patents, and the full context shows that Mr. Kennedy was describing the commercial success of the 3Com technology and 3Com's ability to license the technology, and (3) the non-specific reference did not disclose the contents of the diligence investigation or the advice of counsel and instead was about Mr. Kennedy's conclusions as an investor. *Id.* at 5-6. USEI also points out that TI said that they would file a similar motion in front of the trial court in Texas that heard the testimony, and that motion will be heard before that trial starts on June 16, 2014. *Id.* at 6.

Given the upcoming trial in Texas before the court that heard the testimony, it is appropriate to let the court there consider the issue first. If TI does not file the motion, or if the parties otherwise want the matter heard after any Texas ruling, then the parties may renew this dispute by filing a one-page document cross-referencing ECF No. 1113 and attach any order.

Given this procedural context, the court denies ECF No. 1113 without prejudice.

**IT IS SO ORDERED.**

Dated: June 15, 2014

_____
LAUREL BEELER
United States Magistrate Judge

C 10-03724 CW (LB)
ORDER

2