Garland T. Stephens, garland.stephens@weil.com
Douglas Wayne McClellan, *pro hac vice*, doug.mcclellan@weil.com
Weil, Gotshal & Manges LLP
700 Louisiana, Suite 1700
Houston, TX 77002
Phone: 713-546-5000 / Fax: 713-224-9511

Jared Bobrow, SBN 133712, jared.bobrow@weil.com
Sonal N. Mehta, SBN 222086, sonal.mehta@weil.com
Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Phone: 650-802-3000 / Fax: 650-802-3100

Brian E. Ferguson, *pro hac vice*, brian.ferguson@weil.com
Weil, Gotshal & Manges, LLP
1300 Eye Street NW, Suite 900
Washington, DC 20005-3314
Phone:  202-682-7077

Seth M. Sproul, SBN 217711, sproul@fr.com
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Phone: 858-678-5070 / Fax: 858-678-5099

Thad C. Kodish, *pro hac vice,* tkodish@fr.com
Fish & Richardson P.C.
1180 Peachtree Street, N.E., Suite 2100
Atlanta, GA 30309
Phone: 404-892-5005 / Fax: 404-892-5002

Attorneys for Intervenor Intel Corporation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br><br>          Plaintiff,<br>     v.<br>Acer, Inc., et al.,<br><br>          Defendants,<br><br>Atheros Communications, Inc., et al.,<br><br>          Intervenors.<br><br>AT&T Mobility, LLC, et al.,<br><br>          Defendants. | Case No. 4:10-cv-03724 CW (LB)<br>Case No. 4:10-cv-05254 CW (LB)<br><br>INTERVENOR INTEL CORPORATION'S L.R. 7-11 ADMINISTRATIVE MOTION TO FILE CERTAIN DOCUMENTS UNDER SEAL<br><br>Judge: Hon. Claudia Wilken<br>Courtroom: 2, 4th floor<br>Hearing: August 14, at 2:00 p.m. |

1       Pursuant to Civil L.R. 7-11, Intel's counsel met and conferred with USEI's counsel regarding this motion to seal. USEI does not oppose Intel's Administrative Motion to File Documents Under Seal relating to Intervenors' and Defendants' Motions for Summary Judgment and Opposition to Plaintiff's Dispositive Motions as a procedural mechanism for filing portions of Intel's papers under seal. USEI reserves the right to challenge any proposed redactions to the extent it believes those redactions improperly seal non-confidential information. Within seven days of USEI filing its declaration in support of sealing, the parties will prepare and Intel will file a final consolidated and conformed copy of its papers identifying what information parties have supported sealing in their declarations.

      Pursuant to Civil Local Rules 7-11 and 79-5, and this Court's General Order No. 62, Intervenor Intel Corporation ("Intel") hereby submits this Motion for Administrative Relief for permission to file supporting documents and declarations under seal. Intel makes this motion mindful of the Court's direction in its May 17 Order that documents should not be filed under seal absent compelling reasons. Intel requests permission to file each of the following documents under seal, for the reasons specified below:

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Intervenors' and Defendants' Motions for Summary Judgment and Opposition to Plaintiff's Dispositive Motions ("Motion"). Portions of the Motion contain confidential Intel technical and financial information not available to the public, and public release could result in a competitive disadvantage for Intel. Intel would be harmed if the material were made public. Specifically, Section I contains financial and sales information pertaining to the amounts and sales of specific types of products. It also contains confidential technical information pertaining to Intel product features. This information is not public. Further, portions of the motion contain information designated by USEI as at least "confidential."

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibits 1, 8, 10, 11, 16, 17, 20, 34-40, and 63-65 of the Declaration of Justin L. Constant In Support of Intervenors' and Defendants' Motions for Summary Judgment and Opposition to Plaintiff's Dispositive

Motions ("C.Decl."). Exhibits 1, 8, 10, 11, 16, 17, 20, 34-40, and 63-65 are documents and transcripts that have been designated by USEI as at least "confidential."

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 1 of the C.Decl. Exhibit 1 is a chart prepared from the information in Mr. Bratic's Damages Report (Exhibit 5) and an exhibit Mr. Mitzenmacher's Expert Report regarding Intel (Exhibit 8). Both exhibits have been designed by USEI as at least "confidential."

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 2 of the C.Decl. Exhibit 2 is excerpts from the transcript of the Deposition of Walter Bratic dated June 10-11, 2014. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel and security concerns for Intel and its customers. Intel would be harmed if the material were made public. Specifically, this exhibit contains highly confidential financial information regarding Intel's sales of specific products. Additionally, this exhibit contains the confidential information of several of the Intervenors and Defendants.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 3 of the C.Decl. Exhibit 3 is excerpts from the Expert Report of Walter Bratic Base Report dated April 25, 2014. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel. Intel would be harmed if the material were made public. Specifically, this exhibit contains highly confidential financial information regarding Intel's sales of specific products. Additionally, this exhibit contains the confidential information of several of the Intervenors and Defendants.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 4 of the C.Decl. Exhibit 4 is excerpts from the Expert Report of Walter Bratic – Appendix J with Respect to Intel Corporation dated April 25, 2014. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel. Intel would be harmed if the material were made public. Specifically, this exhibit contains highly confidential financial information regarding Intel's sales of specific products.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 5 of the C.Decl. Exhibit 5 is excerpts from Exhibit J2 from the Expert Report of Walter Bratic with Respect to Intel Corporation dated April 25, 2014. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel. Intel would be harmed if the material were made public. Specifically, this exhibit contains highly confidential financial information regarding Intel's sales of specific products. Exhibit J2 is a chart detailing the units sold of each of the accused Intel products broken out on a FY basis between 2004 and 2012. Given the recency of the time frame, this information is especially sensitive.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 6 of the C.Decl. Exhibit 6 is excerpts from the Deposition of Michael Mitzenmacher dated May 29–31, 2014. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel and security concerns for Intel and its customers. Intel would be harmed if the material were made public. Specifically, this exhibit contains highly sensitive non-public technical information about Intel's products.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 7 of the C.Decl. Exhibit 7 is Corrected Expert Report of Dr. Michael Mitzenmacher regarding Infringement of U.S. Patent Nos. 5,434,872, 5,732,094, 5,307,459, and 5,299,313 by Intervenor Intel Corporation dated April 25, 2014. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel and security concerns for Intel and its customers. Intel would be harmed if the material were made public. Specifically, this exhibit contains highly sensitive non-public technical information about Intel's products.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 9 of the C.Decl. Exhibit 9 is the Rebuttal Damages Report of Robert E. Hall on Behalf of Intel Corporation dated June 6, 2014. This exhibit contains financial information not available to the public, and public release could result in a competitive disadvantage for Intel. Intel would be

harmed if the material were made public. Specifically, this exhibit contains detailed financial information about Intel product sales that is not available to the public. For example, there are detailed charts breaking out sales of types of components on a year by year basis from 2004-2012. Given the recency of the time frame, this information is especially sensitive.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 12 of the C.Decl. Exhibit 12 is excerpts from the Expert Non-Infringement Report of Ian Crayford dated June 6, 2014. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel and security concerns for Intel and its customers. Intel would be harmed if the material were made public. Specifically, this exhibit contains highly sensitive non-public technical information about Intel's products.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 13 of the C.Decl. Exhibit 13 is excerpts from the Deposition of Dr. Stephen B. Wicker dated June 25, 2014. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel and security concerns for Intel and its customers. Intel would be harmed if the material were made public. Specifically, this exhibit contains highly sensitive non-public technical information about Intel's products.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 14 of the C.Decl. Exhibit 14 is excerpts from the Expert Report of Dr. Stephen B. Wicker dated April 25, 2014. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel and security concerns for Intel and its customers. Intel would be harmed if the material were made public. Specifically, this exhibit contains highly sensitive non-public technical information about Intel's products.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 21 of the C.Decl. Exhibit 21 is excerpts from the Deposition of Mike Anzilotti dated February 18, 2014. This information in this exhibit is not available to the public, and public release could

1 result in a competitive disadvantage for Intel and security concerns for Intel and its
2 customers. Intel would be harmed if the material were made public. Specifically, this
3 exhibit contains highly sensitive non-public technical information about Intel's products.

4 - Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 23 of the C.Decl.
5 Exhibit 23 is excerpts from the deposition of Jesse Brandeburg dated June 7, 2013. This
6 information in this exhibit is not available to the public, and public release could result in a
7 competitive disadvantage for Intel and security concerns for Intel and its customers. Intel
8 would be harmed if the material were made public. Specifically, this exhibit contains
9 highly sensitive non-public technical information about Intel's products.

10 - Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 25 of the C.Decl.
11 Exhibit 25 is excerpts of the transcript from the Deposition of Aaron Carkin dated March
12 11, 2014. This information in this exhibit is not available to the public, and public release
13 could result in a competitive disadvantage for Intel and security concerns for Intel and its
14 customers. Intel would be harmed if the material were made public. Specifically, this
15 exhibit contains highly sensitive non-public technical information about Intel's products.

16 - Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 27 of the C.Decl.
17 Exhibit 27 is excerpts from the transcript of the Deposition of Michael Conover dated
18 February 20, 2014. This information in this exhibit is not available to the public, and
19 public release could result in a competitive disadvantage for Intel and security concerns for
20 Intel and its customers. Intel would be harmed if the material were made public.
21 Specifically, this exhibit contains highly sensitive non-public technical information about
22 Intel's products.

23 - Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 28 of the C.Decl.
24 Exhibit 28 is excerpts from the transcript of the Deposition of Thomas Insley dated
25 February 28, 2014. This information in this exhibit is not available to the public, and
26 public release could result in a competitive disadvantage for Intel and security concerns for
27 Intel and its customers. Intel would be harmed if the material were made public.

28

Specifically, this exhibit contains highly sensitive non-public technical information about Intel's products..

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 29 of the C.Decl. Exhibit 29 is excerpt from the transcript of the Deposition of Reid Kells dated February 7, 2014. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel and security concerns for Intel and its customers. Intel would be harmed if the material were made public. Specifically, this exhibit contains information pertaining to confidential customer lists and testing procedures.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 30 of the C.Decl. Exhibit 30 is excerpts from the transcript of the Deposition of Dan Wartski dated March 7, 2014. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel. Intel would be harmed if the material were made public. Specifically, the exhibit contains information about confidential business processes regarding product design.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 31 of the C.Decl. Exhibit 31 is excerpts from the transcript of the Deposition of Itamar Sharoni dated June 5, 2013. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel. Intel would be harmed if the material were made public. Specifically, the exhibit contains information about confidential business relationships.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 32 of the C.Decl. Exhibit 32 is the Declaration of Itamar Sharoni, a software engineer at Intel and includes sensitive and proprietary technical information related to the accused products. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel. Intel would be harmed if the material were made public.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 53 of the C.Decl. Exhibit 53 is an excerpt from the base expert report of USEI's infringement expert, Dr. Mitzenmacher, that includes Intel's sensitive and proprietary technical information related to the accused products. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel and security concerns for Intel and its customers. Intel would be harmed if the material were made public.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 55 of the C.Decl. Exhibit 55 is a confidential technical Intel architectural specification. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel because it contains Intel's confidential technical information. Intel would be harmed if the material were made public.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 56 of the C.Decl. Exhibit 56 is a confidential technical Intel architectural specification. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel because it contains Intel's confidential technical information. Intel would be harmed if the material were made public.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 57 of the C.Decl. Exhibit 57 is an email chain from October 1992. This information in this exhibit is not available to the public, and public release could result in a competitive disadvantage for Intel and security concerns for Intel and its customers because it contains confidential information regarding Intel's business processes and technical information. Intel would be harmed if the material were made public.

- Pursuant to L.R. 79-5(d), Intel seeks leave to file under seal Exhibit 58 of the C.Decl. Exhibit 58 is a July 25, 1991 email from an Intel employee, Adler Rhoda, to other Intel employees. This information in this exhibit is not available to the public, and public release could result in placing Intel at a competitive disadvantage because it contains

proprietary information about Intel's business processes. Intel would be harmed if the material were made public.

Where designated as confidential and filed under seal, the exhibits and information contained within the declarations have been marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order entered in this case.

For the foregoing reasons, Intel respectfully requests that the Court grant this narrowly tailored request to file the above documents under seal.

Dated: July 15, 2014  WEIL, GOTSHAL & MANGES LLP

By: *s/ Justin L. Constant*
Justin L. Constant

Counsel for Intervenor INTEL CORPORATION