UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS LLC,<br><br>  Plaintiff,<br>  v.<br>ACER INC, *et al.*,<br><br>  Defendants.<br>_____/ | No. C 10-03724 CW (LB)<br><br>**ORDER RE DISCOVERY DISPUTE IN ECF NO. 1186**<br><br>[RE: ECF No. 1186] |

## INTRODUCTION

This dispute is about USEI's Rule 45 subpoena to Lenovo, the defendant in a stayed patent infringement case that USEI filed in the Eastern District of Texas. *U.S. Ethernet Innovations, LLC v. Lenovo (United States) Inc.*, No. C 13-00612 MHS. As part of the January 2014 agreement to stay that case, Lenovo agreed to produce limited discovery by the end of March 2014. *See* 7/18/14 Joint Letter Brief, ECF No. 1186 at 1; Trusso Decl. Ex. 12, ECF No. 1186-16. That never happened. On March 4, 2014, three days before fact discovery closed here, USEI served a Rule 45 subpoena on Lenovo in the Eastern District of North Carolina. *Id.* at 1-2. Lenovo refused to produce the previously-agreed-upon limited discovery unless USEI withdrew the subpoena. *See* Trusso Decl. Ex. 2, ECF No. 1186-2 at 2. On March 24, 2014, Lenovo moved to quash, and USEI moved to transfer the motion here. 4/18/14 Joint Letter Brief, ECF No. 1186 at 1. The court there has not ruled yet on the motions. *See id.* Because USEI's opposition to the pending summary judgment motions is due on July 31, 2014, USEI asks this court for relief. *See id.* at 1-3. The court held a

hearing on July 24, 2014 and rules as follows.

## ANALYSIS

The first issue is whether the court can do anything about the pending subpoena.  Under Rule 45, the Eastern District of North Carolina is the only court with jurisdiction to enforce or quash the subpoena.  *See* Fed. R. Civ. P. 45(d)(2)(B)(i) and 45(d)(3)(A).  The only exception would be if that court transferred the motion to this district, and it has not yet ruled on the motion to transfer.  Thus, this court has no power to enforce the subpoena and does not reach the issue of whether – given Lenovo's agreement to produce information – there is good cause to excuse the timing of USEI's subpoena, which was issued without enough time for Lenovo to respond before the close of fact discovery.

From a case management perspective, however, the right solution appears to be for USEI to withdraw its subpoena and for Lenovo to produce the information that it said it would.  That information is in its January 22, 2014 email, which is an exhibit to the letter brief.  *See* Trusso Decl. Ex. 13, ECF No. 1186-17.  That was the agreement, a court might find good cause for the timing of the subpoena given the back-and-forth emails (a good illustration of why picking up the phone is better), and a court might narrow the subpoena in precisely this way.  At the hearing, USEI seemed inclined to agree to this process.  Lenovo's counsel said that she needed to talk with her client.  The court's observation is that from Lenovo's perspective, it seems more cost-effective to produce the information it agreed to produce in return for the withdrawal of the subpoena than to continue to litigate the issue.

Lenovo's counsel also expressed concern about how fast she could produce the information. Generally, the discovery is the volume of Lenovo products identified in the January 6 infringement contentions that Lenovo shipped from 2005 to 2012.  That seems ascertainable from spreadsheets. As to the drivers, the court cannot tell.  That being said, Lenovo agreed in January to produce information in March, and presumably it was preparing its production to meet that deadline before the subpoena was served.  But in the end, and assuming it agrees to produce information, Lenovo's time frame for production need only be reasonable, and USEI has to live with the timing of its raising the dispute here and the effect on its opposition.

1  At the hearing, Lenovo's counsel agreed to talk with her client and noted that she had no interest
2 in creating disputes and instead was more inclined to resolve them. She noted that she might not be
3 able to talk with her client until Tuesday because she has a summary judgment motion due today.
4 The court allowed that timeline but asked that she try to contact her client as soon as the summary
5 judgment motion is filed. If there is a reasonable way to get USEI information at a time when it can
6 be used, the court's preference is that that should happen. Counsel must inform USEI of the
7 outcome as soon as possible and in any event by Tuesday.

**CONCLUSION**

This disposes of ECF No. 1186.

**IT IS SO ORDERED.**

Dated: July 24, 2014

LAUREL BEELER
United States Magistrate Judge