IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

U.S. ETHERNET INNOVATIONS, LLC,

      Plaintiff,

  v.

ACER, INC., et al.,

      Defendants.

  and

ATHEROS COMMUNICATIONS, INC., et al.,

      Intervenors.
_____/

No. C 10-3724 CW

ORDER ON ADMINISTRATIVE MOTIONS TO SEAL

(Docket Nos. 1162, 1165, 1168, 1183, 1192, 1195, 1196, 1217, 1221, 1225, 1238, 1255, 1258, 1261 and 1279)

U.S. ETHERNET INNOVATIONS, LLC,

      Plaintiff,

  v.

AT&T MOBILITY, LLC, et al.,

      Defendants.
_____/

No. C 10-5254 CW

ORDER ON ADMINISTRATIVE MOTIONS TO SEAL

(Docket Nos. 525, 526, 532, 536, 537, 545, 553, 556, 559 and 568)

Before the Court are numerous administrative motions to seal filed by multiple parties.

Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Any sealing request must be narrowly tailored to cover only sealable material. Id. The request must be supported by the designating

United States District Court
For the Northern District of California

party's declaration establishing that the information is sealable. Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point."  Id.

A party seeking to seal records attached to a dispositive motion bears the burden of establishing "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-79.  This is because dispositive motions represent "the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events."  Id. at 1179.

The strong presumption in favor of access does not apply with equal force to non-dispositive motions, which may be only "tangentially related" to the underlying cause of action.  Id. at 1179-80.  A party seeking to seal materials related to non-dispositive motions must show good cause by making a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed.  Id.; Fed. R. Civ. P. 26(c).  "[B]road, conclusory allegations of potential harm" will not suffice.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003).  These different standards are applied as relevant to the documents addressed below.

1  The Court provides the following rulings on the parties'
2  motions to seal, as articulated in the table below.
3  Case No. 10-3724

United States District Court
For the Northern District of California

| Docket No. | Ruling |
|------------|--------|
| 1162 | Intervenor Atheros seeks permission to file under seal Exhibits 1 and 2 to the Declaration of John W. McCauley, IV in support of Intervenors' and Defendants' Motions for Summary Judgment and Opposition to Plaintiff's Dispositive Motions. These documents contain references to and excerpts from Atheros product specifications including source code.<br><br>If Atheros seeks permission to seal these documents in their entirety, the motion is DENIED for failure to comply with Civil Local Rule 79-5(b), which requires that requests to seal be narrowly tailored.<br><br>However, if Atheros intended to file these documents with only confidential information redacted (as suggested by its statement that "[t]he exhibits contain information that has been marked as [confidential]"), Atheros fails to file redacted versions of these documents as required by Civil Local Rule 79-5(d)(1)(C). |

United States District Court
For the Northern District of California

Accordingly, the motion is DENIED (Docket No. 1162).
Atheros may resubmit a modified and narrowly
tailored version of this sealing request no later
than seven days from the date of this order.  If it
does not do so, the documents must be filed in the
public record.

1165    Defendant Hewlett Packard (HP) moves to file under
seal all or parts of the following two documents:
Exhibit 1 and 2 to the Declaration of Cameron A.
Zinsli (Zinsli Declaration).  HP has not provided
any justification for why these documents should be
sealed.  Accordingly, the motion is DENIED (Docket
No. 1165).  Within seven days of the date of this
order, HP shall file a declaration justifying its
request, or, in the alternative, file unredacted
versions of these documents in the public record.

1168    Intervenor Marvell Semiconductor (MSI) moves to file
under seal all or part of the following documents
filed in support of Intervenors' and Defendants'
Motions for Summary Judgment and Opposition to
Plaintiff's Dispositive Motions:
    1. Intervenors' and Defendants' Motions for
        Summary Judgment and Opposition to Plaintiff's
        Dispositive Motion.  The motion is GRANTED
        because MSI has limited its request to

confidential information.

2. Exhibits 1—5 to the Declaration of Michael
   Flynn-O'Brien in Support of Intervenors' and
   Defendants' Motions for Summary Judgment and
   Opposition to Plaintiff's Dispositive Motion
   (Flynn Declaration).  These exhibits contain
   detailed MSI sales and financial information.
   The motion is GRANTED because MSI has limited
   its request to confidential information.

3. Exhibits 6-8 to the Flynn Declaration.  These
   documents comprise excerpts from the expert
   report and deposition of Dr. Mitzenmacher, and
   quote MSI's highly confidential technical
   documentation.  The motion is GRANTED because
   MSI has limited its request to confidential
   information.

4. Exhibit 9 to the Flynn Declaration.  Exhibit 9
   comprises excerpts from the deposition
   transcript of MSI's Rule 30(b)(6) technical
   witness, Manfred Kunz.  The motion is GRANTED
   because MSI has limited its request to
   confidential information.

5. Exhibit 10 to the Flynn Declaration.  Exhibit
   10 comprises excerpts from the deposition
   transcript of Dr. Thomas M. Conte, USEI's
   expert regarding validity.  The motion is
   GRANTED because MSI has limited its request to

confidential information.

6. The Declaration of Manfred Kunz (Kunz
   Declaration), in its entirety.  Portions of the
   Kunz Declaration contain MSI's confidential
   technical documentation and source code for the
   accused products.  The motion is GRANTED
   because MSI has limited its request to
   confidential information.

7. Exhibit 1 to the Kunz Declaration.  Exhibit 1
   is an excerpt from MSI's internal and
   confidential correspondence regarding analysis
   of certain MSI and third party products.  The
   motion is GRANTED because MSI has limited its
   request to confidential information.

Accordingly, MSI's motion to seal is GRANTED (Docket
No. 1168).

| 1183 | Defendant Apple moves to file under seal all or part |

Defendant Apple moves to file under seal all or part
the following documents in Support of its Motion for
Partial Summary Judgment of Non-Infringement of the
094 Patent:

1. Exhibit 1 to the Declaration of Chris Cravey
   (Cravey Declaration).  The document contains
   technical material from Sun Microsystem's (now
   Oracle America, Inc.) proprietary literature
   describing the structure, configuration, and
   operation of the Sun Ethernet technology.  The
   motion is GRANTED because Apple has limited its

**United States District Court**
For the Northern District of California

request to confidential information.

2. Exhibit 2 to the Cravey Declaration.  Exhibit 2
   is a detailed summary of Apple's Ethernet
   components and software.  The motion is GRANTED
   because Apple has limited its request to
   confidential information.

3. Exhibit 3 to the Cravey Declaration.  Exhibit 3
   contains highly sensitive information regarding
   how certain aspects of the Sun Ethernet
   technology was utilized and implemented in
   certain Apple products.  The motion is GRANTED
   because Apple has limited its request to
   confidential information.

4. Exhibit 4 to the Cravey Declaration.  Exhibit 4
   comprises excerpts from the Sun GEM Gigabit
   Ethernet ASIC Specification.  The motion is
   GRANTED because Apple has limited its request
   to confidential information.

5. Exhibit 5 to the Cravey Declaration.  Exhibit 5
   comprises portions of Apple's Ethernet driver
   source code for the accused Sun Ethernet
   technology utilized in certain Apple products.
   The motion is GRANTED because Apple has limited
   its request to confidential information.

6. Exhibit 6 to the Cravey Declaration.  Exhibit 6
   comprises certain excerpts from the May 31,
   2014 deposition of USEI technical expert

Michael Mitzenmacher.  The motion is GRANTED because Apple has limited its request to confidential information.

7. Apple's Motion for Partial Summary Judgment, as found in Docket No. 1167-2 (redacted) and 1167-3 (unredacted).  The motion is GRANTED because Apple has limited its request to confidential information.

Accordingly, Apple's motion to seal is GRANTED (Docket No. 1183).

| 1192 | Defendant Intel seeks permission to file Exhibit 1 to the Declaration of Melissa Hotze (Hotze Declaration) in Support of its Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge.  Exhibit 1 contains excerpts from the videotaped disposition of Laurence Rosenberg.  Intel has not provided any reason why this document should be filed under seal, and there does not appear to be any sealable material in the document.  Accordingly, Intel's motion to seal is DENIED (Docket No. 1192).  Within seven days of the date of this order, Intel may file a declaration justifying its request, or, in the alternative, file an unredacted version of this document in the public record. |

| 1195 | USEI seeks permission to file under seal, in its entirety, its  Reply in Support of its Motions for |

United States District Court
For the Northern District of California

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18 | (536 in<br>10-5254) | Summary Judgment and Response in Opposition to Intervenors' and Defendants' Motions for Summary Judgment.  USEI does not limit its request to only confidential material, and the document contains unsealable information.  Accordingly, the motion is DENIED (Docket No. 1195) for failure to comply with Civil Local Rule 79-5(b), which requires that requests to seal be narrowly tailored.  USEI may resubmit a modified and narrowly tailored version of this sealing request no later than seven days from the date of this order.  Because this document has been designated confidential both by USEI and Defendants, USEI must also provide proof of service to Defendants.  Within four days of being served, Defendants must file a declaration establishing that the document is sealable.  If the parties fail to do so, the document must be filed in the public record. |
| 19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 1196<br><br>(537 in<br>10-5254) | USEI seeks permission to file under seal all or part of numerous documents in support of its Motions for Summary Judgment:<br>　1. Exhibits 2, 9, 13—16, 22—25, 27, 29, 31, 32,<br>　　　35—37, 39—47, 50—52, 54, 55, 58, 61—65, 67, 69<br>　　　and 70 to the Declaration of D. Sean Nation<br>　　　(Nation Declaration). These documents comprise<br>　　　excerpts of confidential technical information,<br>　　　including, in some cases, source code.  The |

28

**United States District Court**
For the Northern District of California

1    motion is GRANTED with regard to these

2    documents because USEI has limited its request

3    to confidential technical information.

4    2. Exhibits 4, 27, 34, 48, 53, 57, 66 and 68 to

5    the Nation Declaration.  The motion is DENIED

6    with regard to these documents for failure to

7    comply with Civil Local Rule 79-5(b), which

8    requires that requests to seal be narrowly

9    tailored.  USEI may resubmit a modified and

10   narrowly tailored version of this sealing

11   request no later than seven days from the date

12   of this order.  If it does not do so, these

13   documents must be filed in the public record.

14   3. Exhibits 3, 11, 38 and 56 to the Nation

15   Declaration.  These documents contain

16   confidential design and technical information

17   about Intel's products.  As the designating

18   party, Intel has provided redacted and

19   unredacted versions of these documents in

20   Docket No. 1207.  The motion is GRANTED with

21   regard to these documents because Intel limits

22   the redacted material to confidential technical

23   information.  The redacted versions of these

24   documents can be filed under seal.

25   4. Exhibit 59 to the Nation Declaration. The

26   motion is DENIED with regard to this document

27   because the document discusses issues that are

28

in the public record.  USEI may file a

declaration justifying its sealing request no

later than seven days from the date of this

order.  If it does not do so, these documents

must be filed in the public record.

Accordingly, USEI's motion to seal is GRANTED in

part and DENIED in part, as set forth above (Docket

No. 1196).

1217 | Defendant Apple seeks permission to file under seal

all or part of the following documents in Support of

the Reply in Support of Intervenors' and Defendants'

Motions for Summary Judgment and Opposition to

Plaintiff's Dispositive Motion:

1. Exhibit 7 to the Cravey Declaration.  Exhibit 7

   contains excerpts from the May 31, 2014

   deposition of USEI's technical expert Michael

   Mitzenmacher.  The motion is GRANTED because

   Apple has limited its request to confidential

   information.

2. Portions of Apple's Reply in Support of its

   Motion for Partial Summary Judgment of Non-

   Infringement of the '094 Patent.  The document

   contains information about Apple's acquisition

   of the Sun Ethernet technology and the

   technical configuration and settings of the Sun

   Ethernet technology.  The motion is GRANTED

   because Apple has limited its request to

**United States District Court**
For the Northern District of California

| | |
|---|---|
| | confidential information. |
| | Accordingly, Apple's motion to seal is GRANTED |
| | (Docket No. 1217). |
| 1221<br><br>(545 in<br>10-5254) | Defendant Intel seeks permission to file under seal all or part of the following documents in support of Intervenors' and Defendants' Reply In Support of Motions for Summary Judgment:<br><br>1. The Reply itself.  Portions of the document contain confidential Intel financial information and sales information pertaining to the sales of PHY chips and ICH2 products.  The motion is GRANTED with regard to this document because Intel has limited its request to confidential information.<br><br>2. Exhibit 67 to the Constant Reply Declaration.  Exhibit 67 contains discussion of a settlement agreement.  Intel does not, however, provide the name of the party who designated the document confidential, nor has it articulated a compelling reason why it should be sealed.  Accordingly, with regard to Exhibit 67, this motion is DENIED.  With seven days, Intel must file a declaration justifying its request and identifying the party that designated the document confidential, along with proof of service on that party.  If Intel fails to do so, the document must be withdrawn.  The |

designating party must file, within four days
of being served, a declaration justifying why
the document is sealable.  If it does not do
so, the document must be filed in the public
record.

3. Exhibit 68 to the Constant Reply Declaration.
Exhibit 68 is the supplemental expert report of
Walter Bratic.  This document refers to a
confidential agreement between Intel, Xircom
and 3Com.  The motion is GRANTED with regard to
this document because Intel has limited its
redactions to only confidential information.

4. Exhibits 69 and 70 to the Constant Reply
Declaration.  These are exhibits to USEI's
Damages Expert's First and Supplemental Report
regarding Intel.  Intel seeks to seal these
documents in their entirety due to the
confidential financial information contained
therein.  The motion is GRANTED with regard to
this document because Intel has limited its
request to confidential information.

Accordingly, Intel's motion to seal is GRANTED in
part and DENIED in part, as set forth above (Docket
No. 1221).

| 1225 | Intervenor MSI seeks permission to file under seal all or part of the following documents filed in |

connection with the Reply in Support of Intervenors'
and Defendants' Motions for Summary Judgment and
Opposition to Plaintiff's Dispositive Motions:

1. The Reply itself.  MSI represents that the
   document discusses detailed financial and
   technical information about MSI.  However, MSI
   has failed to file both the redacted and
   unredacted versions of the document as required
   by Local Civil Rule 79-5(d)(1).  Accordingly,
   with regard to this document, the motion is
   DENIED.  Within seven days, MSI must file a
   declaration accompanied by the unredacted and
   redacted versions of this document, or, in the
   alternative, file an unredacted version of this
   document in the public record.

2. Exhibits 11-12 to the Flynn Declaration.  These
   documents contain excerpts from the Rebuttal
   Expert Report of Dr. Leonard J. Forys Re: Non-
   Infringement.  The motion is GRANTED with
   regard to these documents because MSI has
   limited its request to confidential
   information.

3. Exhibit 13 to the Flynn Declaration.  Exhibit
   13 is a sealed "Order on Marvell's Motion for
   Summary Judgment" from France Telecom S.A. v.
   Marvell Semiconductor, Inc., Case No. 12-cv-
   04967-WHO (N.D. Cal.).  The order contains

confidential business contacts, locations, and
financial information, and was sealed in that
case.  The motion is GRANTED with regard to
this document because MSI limits its request to
only confidential information and the
information was previously sealed.

4. Exhibit 14 to the Flynn Declaration.  Exhibit
14 is the sealed "Plaintiff's Opposition to
Defendant's Motion for Summary Judgment" filed
in France Telecom S.A.  Exhibit 14 contains
confidential sales, business, and financial
information.  The motion is GRANTED with regard
to this document because MSI limits its request
to only confidential information and the
information was previously sealed.

5. Exhibit 16 to the Flynn Declaration.  Exhibit
16 is Exhibit 2 of Deposition of Kenny Tam,
which contains two copies of a license
agreement between MSI, MAPL, and 3Com.  The
motion is GRANTED with regard to this document
because MSI has limited its request to
confidential information.

6. Exhibit 17 to the Flynn Declaration.  Exhibit
17 contains excerpts from the Rebuttal Expert
Witness Report and Disclosure of Julie L.
Davis.  The motion is GRANTED with regard to
this document because MSI has limited its

United States District Court
For the Northern District of California

request to confidential information.

7. Exhibit 19 to the Flynn Declaration.  Exhibit
   19 is the deposition transcript of MSI's Rule
   30(b)(6) technical witness, Manfred Kunz.  The
   motion is GRANTED with regard to this document
   because MSI limits its request to only
   confidential information.

Accordingly, MSI's motion to seal is GRANTED in part
and DENIED in part, as set forth above (Docket No.
1225).

| 1238 | USEI seeks permission to file under seal all or part |
|------|------|
| (553 in 10-5254) | of the following documents: |

1. Exhibits 1-6 and 11-14 contain the reports of
   USEI's primary infringement expert, Dr.
   Mitzenmacher, which USEI seeks to file under
   seal in their entirety.  These exhibits are the
   base and supplemental infringement reports
   prepared by Dr. Mitzenmacher for Defendants and
   Intervenors.  The motion with regard to these
   documents is DENIED for failure to comply with
   Civil Local Rule 79-5(b), which requires that
   requests to seal be narrowly tailored.  USEI
   may resubmit a modified and narrowly tailored
   version of this sealing request no later than
   seven days from the date of this order.  If it
   does not do so, the documents must be filed in

**United States District Court**
For the Northern District of California

the public record.

2. Exhibit 9 is pages 49-52 of the report of
   USEI's expert Dr. Thomas Conte.  USEI
   represents that Exhibit 9 has been designated
   by Defendants as highly confidential.
   Defendants have not filed declarations in
   support of USEI's motion to seal as required by
   Civil Local Rule 79-5(e).  Accordingly, with
   regards to Exhibit 9, the motion is DENIED.
   Defendants must file, within four days of the
   date of this order, a declaration justifying
   why this document is sealable.  If Defendants
   fail to do so, USEI must file this document in
   the public record.

3. Exhibit 15 is a report of Dr. Walter Bratic,
   USEI's damages expert.  The motion is DENIED
   with regard to this document for failure to
   comply with Civil Local Rule 79-5(b), which
   requires that requests to seal be narrowly
   tailored.  USEI may resubmit a modified and
   narrowly tailored version of this sealing
   request no later than seven days from the date
   of this order.  If it does not do so, the
   document must be filed in the public record.

Accordingly, the motion is DENIED (Docket 1238).

| 1255 | Intervenor Atheros moves to seal, in their entirety, Exhibits 1 and 5 to the Declaration of John W. |
|---|---|

**United States District Court**
For the Northern District of California

McCauley (McCauley Declaration) in support of its opposition to USEI's motion to supplement the record and for leave to serve supplemental reports.  The documents contain references to and excerpts from Atheros product specifications, which include source code.  The motion (Docket No. 1255) is DENIED for failure to comply with Civil Local Rule 79-5(b), which requires that requests to seal be narrowly tailored.  Atheros may resubmit a modified and narrowly tailored version of this sealing request no later than seven days from the date of this order. If it does not do so, the documents must be filed in the public record.

| 1258 (556 in 10-5254) | Intervenor Intel seeks permission to file under seal all or part of the following documents in connection with Intervenors' and Defendants' Opposition to USEI's Motion to Supplement the Record and for Leave to Serve Supplemental Reports: |

1. The Opposition itself.  The motion is GRANTED with regard to this document because the materials are related to a non-dispositive motion and because Intel limits the redacted material to only confidential information.

2. Exhibits 2, 4, 9, 11, 19 and 20 to the Declaration of Justin L. Constant (Constant Declaration).  Intel does not provide any

justification for why these documents should be
sealed.  Accordingly, with regard to these
documents, the motion is DENIED.  Within seven
days of the date of this order, Intel may file
a declaration justifying its request, or, in
the alternative, file unredacted versions of
these documents in the public record.  Because
these documents have been designated
confidential by USEI, Intel must also provide
proof of service to USEI.  Within four days of
receiving notice, USEI must file a declaration
establishing that these documents are sealable.
If the parties fail to do so, these documents
must be filed in the public record.

3. Exhibits 3, 5, 13, 16, 17 to the Constant
   Declaration.  These are varying versions of Mr.
   Bratic's Expert Report exhibits J2 and J5.  The
   motion is GRANTED with regard to these
   materials because the materials are related to
   a non-dispositive motion and because Intel
   limits its request to only confidential
   information.

4. Exhibit 6 to the Constant Declaration.  This is
   a chart showing calculations based on unit
   sales in Mr. Bratic's Expert Report.  The
   motion is GRANTED with regard to this document
   because the materials are related to a non-

dispositive motion and because Intel limits its
request to only confidential information.

5. Exhibit 8 to the Constant Declaration.  Exhibit
8 comprises a portion of the Base Expert
Witness Report of Dr. Michael Mitzenmacher
(Mitzenmacher Report).  The motion is GRANTED
because the materials are related to a non-
dispositive motion and because Intel limits its
request to only confidential information.

6. Exhibits 14 and 15 to the Constant Declaration,
which Intel seeks to file under seal in their
entirety.  These are Mr. Bratic's First and
Second Supplemental Base Reports.  The motion
is DENIED with regard to these documents for
failure to comply with Civil Local Rule 79-
5(b), which requires that requests to seal be
narrowly tailored.  Intel may resubmit a
modified and narrowly tailored version of this
sealing request no later than seven days from
the date of this order.  If it does not do so,
and USEI does not either, these documents must
be filed in the public record.

The motion is GRANTED in part and DENIED in part, as
set forth above (Docket No. 1258).

| 1261 | Intervenor Marvell (MSI) seeks permission to file under seal all or part of the following documents in connection with Intervenors' And Defendants' |

**United States District Court**
For the Northern District of California

Opposition To USEI's Motion To Supplement The Record
And For Leave To Serve Supplemental Reports:

1. The Opposition itself.  MSI represents that the
   document discusses detailed financial and
   technical information about itself.  However,
   MSI has failed to file both the redacted and
   unredacted versions of the document in
   connection with this motion as required by
   Local Civil Rule 79-5(d)(1).  Accordingly, with
   regard to this document, the motion is DENIED.
   Within seven days, MSI must file a declaration
   accompanied by the unredacted and redacted
   versions of this document, or, in the
   alternative, file an unredacted version of this
   document in the public record.

2. Exhibits 2—8 to the Declaration of Michael
   Flynn-O'Brien (Flynn Declaration).  These
   exhibits comprise highly confidential
   technical, financial, and business information.
   The motion is GRANTED with regard to these
   materials because they are related to a non-
   dispositive motion and because MSI limits its
   request to only confidential information.

MSI's motion to seal is GRANTED in part and DENIED
in part, as set forth above (Docket No. 1261).

| | |
|---|---|
| 1279 | USEI moves to seal the entire Supplemental Report of Walter Bratic and its Exhibits.  Mr. Bratic's report |

<table>
<tr><td>(568 in 10-5254)</td><td>and exhibits include information on the number of accused products sold during the damages period and a chart, for each product, stating which patent each product is accused of infringing.  Most of this document is sealable.  Accordingly, USEI's motion to seal is GRANTED (Docket No. 1279).</td></tr>
</table>

Case No. 10-5254

<table>
<tr><td>525</td><td>Intervenor Sigma Designs, Inc. (Sigma) seeks permission to file under seal all or part of the following documents in support of Intervenors' and Defendants' Motions for Summary Judgment and Opposition to Plaintiff's Dispositive Motions:

1. Rebuttal Expert Report of Dr. Lin.
2. Amended Expert Witness Report of Dr. Michael Mitzenmacher Regarding Infringement of U.S. Patent No. 5,299,313 by Intervenor Sigma Designs, Inc. and Defendant AT&T Services.

The motion (Docket No. 525) is DENIED for failure to comply with Civil Local Rule 79-5(b), which requires that requests to seal be narrowly tailored.  Sigma may resubmit a modified and narrowly tailored version of this sealing request no later than seven days from the date of this order.  If it does not do so, the documents must be filed in the public record.</td></tr>
</table>

**United States District Court**
For the Northern District of California

526   Defendant AT&T Services (ATTS) seeks permission to file under seal all or part of the following documents in support of Intervenors' and Defendants' Motions for Summary Judgment and Opposition to Plaintiff's Dispositive Motions:

1. Excerpt from the April 28, 2014 Amended Expert Witness Report of Dr. Michael Mitzenmacher regarding Infringement of U.S. Patent No. 5,299,313 by Intervenor Sigma Designs, Inc. and Defendant ATTS.  The motion is GRANTED with regard to this document because ATTS limits its request to only confidential information.

2. Excerpt from Appendix M of the April 25, 2014 Expert Report of Walter Bratic.  The excerpt contains confidential, nonpublic, and sensitive financial information of ATTS.  The motion is GRANTED with regard to this document because ATTS limits its request to only confidential information.

3. Excerpt from Appendix I of the April 25, 2014 Expert Report of Walter Bratic.  The excerpt contains confidential, nonpublic, and sensitive financial information of Sigma.  The motion is GRANTED with regard to this document because ATTS limits its request to only confidential information.

4. Excerpt from the transcript of Walter Bratic's

**United States District Court**
For the Northern District of California

June 10-11, 2014 Deposition.  The excerpt
contains confidential, nonpublic, and sensitive
information of USEI, Sigma and/or ATTS.  It
also contains considerable non-sealable
information.  The motion is DENIED with regard
to this document for failure to comply with
Civil Local Rule 79-5(b), which requires that
requests to seal be narrowly tailored.  ATTS
may resubmit a modified and narrowly tailored
version of this sealing request no later than
seven days from the date of this order.
Because this document has been designated
confidential by USEI, Sigma and ATTS, Sigma
must also provide proof of service to USEI and
ATTS.  Within four days of being served, USEI
and ATTS must file a declaration establishing
that the document is sealable.  If the parties
fail to do so, the document must be filed in
the public record.

5. Excerpt from the transcript of Michael
Mitzenmacher's May 31, 2014 Deposition.  The
excerpt contains confidential, nonpublic, and
sensitive information of USEI, Sigma and ATTS.
The motion is GRANTED with regard to this
excerpt because ATTS limits its request to only
confidential information.

ATTS's motion to seal is GRANTED in part and DENIED

| | | |
|---|---|---|
| 1 | | in part, as set forth above (Docket No. 526). |
| 2 | 532 | Intel seeks permission to file under seal all or part of the following documents in connection with Intervenors' and Defendants' Motions for Summary Judgment and Opposition to Plaintiff's Dispositive Motions: |

1. The Motion and Opposition itself.  The motion is GRANTED with regard to this document because Intel limits the redacted material to only confidential information.

2. Exhibits 1, 8, 10, 11, 16, 17, 20, 34-40 and 63-65 to the Constant Declaration.  Intel represents that USEI has designated these documents as confidential, but there appears to be no declaration from USEI as to why these documents should be filed under seal. Accordingly, with regard to these documents, the motion is DENIED.  Within seven days, Intel must file a declaration justifying its request, and USEI must file a declaration justifying why these documents are sealable.  If the parties fail to do so, unredacted versions of these documents must be filed in the public record.

3. Exhibits 1-7, 9, 12—14, 21, 23, 25, 27, 29—32, 53 and 55-58 to the Constant Declaration. These documents comprise excerpts of other documents and contain confidential technical,

United States District Court
For the Northern District of California

financial and/or business information.  With regard to these documents, the motion is GRANTED because Intel limits its request to only confidential information.

4. Exhibit 29 of the Constant Declaration.  With respect to this exhibit, the motion is DENIED because the document does not appear to contain any confidential information.  Within seven days, Intel may file a declaration justifying why this document is sealable, or, in the alternative, it must file an unredacted version of this document in the public record.

Accordingly, the motion is GRANTED in part and DENIED in part, as set forth above (Docket No. 532).

559   Intervenor Sigma seeks permission to file under seal all or part of the following documents relating to Intervenors' and Defendants' Opposition To USEI's Motion to Supplement the Record and for Leave to Serve Supplemental Reports:

1. Exhibits 1, 2, and 4 to the Declaration of Keren Hu (Hu Declaration).  These exhibits contain references to and excerpts from Sigma product specifications, which include source code.  The motion is GRANTED with regard to these documents because the materials are related to a non-dispositive motion and because Sigma limits its request to only confidential

information.

2. Exhibit 3 to the Hu Declaration.  The motion is DENIED with regard to this document because it does not appear to contain any confidential information.  Within seven days, Sigma may file a declaration justifying why this document is sealable, or, in the alternative, it must file an unredacted version of this document in the public record.

Accordingly, the motion is GRANTED in part and DENIED in part, as set forth above (Docket No. 559).

CONCLUSION

For the reasons set forth above, Atheros' Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1162) is DENIED; HP's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1165) is DENIED; MSI's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1168) is GRANTED; Apple's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1183) is DENIED; Intel's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1192) is DENIED; USEI's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1195; Case No. 10-5254, Docket No. 536) is DENIED; USEI's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1196) is GRANTED in part and DENIED in part, as set forth above; Apple's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1217) is GRANTED; Intel's Administrative Motion to File Under Seal (Case No. 10-3724, Docket

**United States District Court**
For the Northern District of California

No. 1221; Case No. 10-5254, Docket No. 545) is GRANTED in part and DENIED in part, as set forth above; MSI's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1225) is GRANTED in part and DENIED in part, as set forth above; USEI's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1238; Case No. 10-5254, Docket No. 553) is DENIED; Atheros' Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1255) is DENIED; Intel's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1258) is GRANTED in part and DENIED in part, as set forth above; MSI's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1261) is GRANTED in part and DENIED in part, as set forth above; USEI's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1279) is GRANTED; Sigma's Administrative Motion to File Under Seal (Case No. 10-5254, Docket No. 525) is DENIED; ATTS' Administrative Motion to File Under Seal (Case No. 10-5254, Docket No. 526) is GRANTED in part and DENIED in part, as set forth above; Intel's Administrative Motion to File Under Seal (Case No. 10-5254, Docket No. 532) is GRANTED in part and DENIED in part, as set forth above; Sigma's Administrative Motion to File Under Seal (Case No. 10-5254, Docket No. 559) is GRANTED in part and DENIED in part, as set forth above.

With regard to those documents where the motion to file under seal was denied, the denials are without prejudice. The party requesting sealing must submit, within seven days, a revised declaration remedying the deficiencies noted above. If the document has been designated confidential by a party other than the party requesting sealing, the requesting party must also provide proof of service on the designating party. The

designating party must file, within four days of receiving notice, a declaration justifying why the document is sealable.  Any document for which these requirements are not met must be filed in the public record if the designating party has not justified sealing.

　　　IT IS SO ORDERED.

Dated:  November 24, 2014

CLAUDIA WILKEN
United States District Judge