IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

U.S. ETHERNET INNOVATIONS, LLC,

      Plaintiff,

    v.

ACER, INC., et al.,

      Defendants,

    and

ATHEROS COMMUNICATIONS, INC., et al.,

      Intervenors.

_____/

No. C 10-3724 CW

ORDER ON
ADMINISTRATIVE
MOTIONS TO SEAL

(Docket Nos.
1296, 1305, 1306
and 1309)

U.S. ETHERNET INNOVATIONS, LLC,

      Plaintiff,

    v.

AT&T MOBILITY, LLC, et al.,

      Defendants,

    and

ATHEROS COMMUNICATIONS, INC., et al.,

      Intervenors.

_____/

No. C 10-5254 CW

ORDER ON
ADMINISTRATIVE
MOTIONS TO SEAL

(Docket Nos. 574,
575 and 576)

    Before the Court are numerous administrative motions to seal filed by multiple parties.

    Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise

entitled to protection under the law." Civ. L.R. 79-5(b). Any sealing request must be narrowly tailored to cover only sealable material. Id. The request must be supported by the designating party's declaration establishing that the information is sealable. Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point." Id.

A party seeking to seal records attached to a dispositive motion bears the burden of establishing "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-79. This is because dispositive motions represent "the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." Id. at 1179.

The strong presumption in favor of access does not apply with equal force to non-dispositive motions, which may be only "tangentially related" to the underlying cause of action. Id. at 1179-80. A party seeking to seal materials related to non-dispositive motions must show good cause by making a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed. Id.; Fed. R. Civ. P. 26(c). "[B]road, conclusory allegations of potential harm" will not suffice. Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d

2

1122, 1131 (9th Cir. 2003).  These different standards are applied as relevant to the documents addressed below.

The Court provides the following rulings on the parties' motions to seal, as articulated in the table below.

Case No. 10-3724

**United States District Court**
For the Northern District of California

| Docket No. | Ruling |
|---|---|
| 1296 <br><br> (575 in 10-5254) | Intervenor Intel seeks permission to file under seal unredacted versions of Exhibit 15, and certain attachments to that exhibit, to the Declaration of Sean Nation in support of Plaintiff USEI's Notice of Supplemental Authority and Motion to Supplement. <br><br> 1. Exhibit 15 is USEI's Supplemental Expert's Report regarding damages and exhibits for the various Defendants and Intervenors.  The redacted portions of this document contain confidential sales information of Defendants and Intervenors.  It also contains information regarding a confidential business agreement. <br><br> 2. The redacted portions of the accompanying exhibits to Exhibit 15 contain highly specific and recent financial information regarding sales about each of the Defendants and Intervenors. <br><br> All Defendants and Intervenors have filed declarations in support of this request.  The motion to file under seal unredacted versions of these |

| | |
|---|---|
| | documents is GRANTED because the request is associated with a non-dispositive motion and because Intel and the declarants have limited the redacted information to confidential information only (Case No. 10-3724, Docket No. 1296 and Case No. 10-5254, Docket No. 575).  For those documents for which the request to file under seal was granted, within four days of the date of this Order, Intel shall electronically file under seal unredacted versions of these documents, and shall file redacted versions of these documents in the public record. |
| 1305<br><br>(576 in<br>10-5254) | Intervenor Intel moves to file under seal all or parts of the following documents in connection with Intervenors' and Defendants' Motions for Summary Judgment and Opposition to Plaintiff's Dispositive Motions:<br><br>  1. The Motion and Opposition itself.  The redacted portions of these documents contain references to confidential business agreements, detailed sales information and product specifications.  The motion to file under seal unredacted versions of these documents is GRANTED because Intel limits the redacted material to confidential information only.<br>  2. Exhibits 1, 8, 10, 11, 16, 17, 20, 34-40 and 63-65 to the Constant Declaration.  Intel |

4

**United States District Court**
For the Northern District of California

represents that USEI has designated these
documents as confidential, but there appears to
be no declaration from USEI as to why these
documents should be filed under seal.
Accordingly, with regard to these documents,
the motion is DENIED.  Within seven days, USEI
must file a declaration justifying why these
documents are sealable.  If USEI fails to do
so, unredacted versions of these documents must
be filed in the public record.

3. Exhibits 2-7, 9, 12-14, 21, 23, 25, 27, 29-32,
53 and 55-58 to the Constant Declaration.
These documents comprise excerpts of other
documents and contain confidential technical,
financial and/or business information.  The
motion to file these documents under seal, in
their entirety, is GRANTED because the
documents contain only confidential
information.

Intervenor Intel also moves to file under seal:

4. Exhibit 29 to the Justin L. Constant
Declaration in Support of its Motion for
Administrative Relief to Seal Confidential
Information.  This document is an excerpt of
the deposition of Reid Kells, an Intel
employee.  The redacted portions of this
document refer to confidential customer lists,

business practices and testing procedures.   The
motion to file under seal an unredacted version
of this document is GRANTED because the request
is associated with a non-dispositive
declaration and because Intel limits the
redacted material to confidential information
only.

Intervenor Intel moves to file under seal all or
parts of the following documents in connection with
USEI's Notice of Supplemental Authority and Motion
to Supplement:

5. Exhibit 1 to the Declaration of Sean Nation in
   Support of USEI's Notice of Supplemental
   Authority and Motion to Supplement (Nation
   Declaration).   This document is the Expert's
   Report of Dr. Michael Mitzenmacher, USEI's
   infringement expert, and accompanying exhibits
   regarding alleged infringement by Intervenor
   Intel.   The unredacted version of this document
   is filed under seal at Docket Nos. 1238-3 and
   1238-4.   In Docket No. 1305, Intel has filed
   this document in six parts.

   a. Part One is the Base Report.  The redacted
      portions of this document contain
      confidential source code and internal
      documentation.  The motion to file under
      seal an unredacted version of this

document is GRANTED because the request is associated with a non-dispositive motion and because Intel limits the redacted material to confidential information only.

    b. Parts Two through Six comprise Dr. Mitzenmacher's resume and the patent applications for the patents-in-suit. There does not appear to be any sealable information in this document. Accordingly, the motion to file under seal, with regards to this document, is DENIED.

6. Exhibit 2 to the Nation Declaration. This document is the Corrected Expert Report of Dr. Michael Mitzenmacher, USEI's Infringement Expert, for Intervenor Intel. The unredacted version of this document is filed under seal at Docket Nos. 1238-5 and 1238-6. In Docket Nos. 1305-10 and 1306-11, Intel has filed this document in two parts. The redacted portions of both of these documents contain confidential source code, descriptions of confidential source code and internal documentation. The motion to file under seal an unredacted version of this document is GRANTED because the request is associated with a non-dispositive motion and because Intel limits the redacted material to

**United States District Court**
For the Northern District of California

confidential information only.

7. Exhibit 11 of the Nation Declaration.  This
document is the Supplemental Expert Report of
Dr. Michael Mitzenmacher, USEI's Infringement
Expert, for Intervenor Intel.  The unredacted
version of this document is filed under seal at
Docket No. 1238-13.  The redacted portions of
this document contain confidential source code.
The motion to file under seal an unredacted
version of this document is GRANTED because the
request is associated with a non-dispositive
motion and because Intel limits the redacted
material to confidential information only.

8. Exhibit 14 to the Justin L. Constant
Declaration in support of Intervenors' and
Defendants' Opposition to USEI's Motion to
Supplement the Record and for Leave to Serve
Supplemental Reports (Constant Declaration).
Exhibit 14 is the First Supplemental Expert
Report of Walter Bratic, USEI's Damages Expert.
The redacted portions of this document contain
confidential details regarding a commercial
agreement between Intel, 3Com, and Xircom.  The
motion to file under seal an unredacted version
of this document is GRANTED because the request
is associated with a non-dispositive motion and
because Intel limits the redacted material to

only confidential information.

9. Exhibit 15 to the Constant Declaration.
   Exhibit 15 is the Second Supplemental Expert
   Report of Walter Bratic, USEI's Damages Expert.
   This document contains confidential details
   regarding a commercial agreement between Intel,
   3Com, and Xircom and contains confidential
   sales information.  The motion to file under
   seal an unredacted version of this document is
   GRANTED because the request is associated with
   a non-dispositive motion and because Intel
   limits the redacted material to only
   confidential information.

Accordingly, Intel's motion to seal is GRANTED in
part and DENIED in part, as set forth above (Case
No. 10-3724, Docket No. 1305; Case No. 10-5254,
Docket No. 576).  For those documents for which the
request to file under seal was granted, within four
days of the date of this Order, Intel shall
electronically file under seal unredacted versions
of these documents, and shall file redacted versions
of these documents in the public record.  For those
documents for which the motion to file under seal is
denied, the denials are without prejudice.  Intel
must submit, within seven days, a revised
declaration remedying the deficiencies above.  For
those documents designated as confidential by

another party, the designating party must file, within four days of the date of this Order, a declaration justifying why the document is sealable. Any document for which these requirements are not met must be filed in the public record.

1306    Intervenor Atheros moves to file under seal all or part of the following documents in support of Intervenors' and Defendants' Motions for Summary Judgment and Opposition to Plaintiff's Dispositive Motions:

1. Exhibit 1 to the Declaration of John W. McCauley (McCauley Declaration). Exhibit 1 is the Rebuttal Report of Dr. Bill Lin. The redacted portions of this document contain confidential source code. The motion to file under seal an unredacted version of this document is GRANTED because Atheros limits the redacted material to confidential information only.

2. Exhibit 2 to the McCauley Declaration. Exhibit 2 is the Expert Witness Report of Dr. Michael Mitzenmacher Regarding Infringment of the '313 Patent by Atheros. The redacted portions of this document contain confidential source code. The motion to file under seal an unredacted version of this document is GRANTED because

United States District Court
For the Northern District of California

1    Atheros limits the redacted material to

2    confidential information only.

3  Intervenor Atheros also moves to file under seal all

4  or part of the following documents in support of

5  Intervenors' and Defendants' Opposition to USEI's

6  Motion to Supplement the Record and for Leave to

7  Serve Supplemental Reports:

8    3. Exhibit 1 to the Declaration of John W.

9       McCauley (McCauley Declaration).  Exhibit 1 is

10      the Rebuttal Report of Dr. Bill Lin.  The

11      redacted portions of this document contain

12      confidential source code.  The motion to file

13      under seal an unredacted version of this

14      document is GRANTED because the document is

15      filed in connection with a non-dispositive

16      motion and because Atheros limits the redacted

17      material to confidential information only.

18   4. Exhibit 5 to the McCauley Declaration is the

19      Expert Witness Report of Dr. Michael

20      Mitzenmacher Regarding Infringment of the '313

21      Patent by Atheros.  The redacted portions of

22      this document contain confidential source code.

23      The motion to file under seal an unredacted

24      version of this document is GRANTED because the

25      document is filed in connection with a non-

26      dispositive motion and because Atheros limits

27      the redacted material to only confidential

28

United States District Court
For the Northern District of California

information.

5. Exhibit 13 to the Declaration of D. Sean Nation in support of Plaintiff's Motion to Supplement the Record and Notice of Supplemental Authority.  The redacted portions of Exhibit 13 contain confidential source code.  The motion to file under seal an unredacted version this document is GRANTED because the document is filed in connection with a non-dispositive motion and because Atheros limits the redacted material to confidential information only.

Accordingly, Intervenor Atheros's motion to seal is GRANTED (Docket No. 1306).  Within four days of the date of this Order, Atheros shall electronically file under seal unredacted versions of these documents, and shall file redacted versions of these documents in the public record.

1309   Intervenor Marvell (MSI) moves to file under seal all or part of the following documents in support of Intervenors' and Defendants' Motions for Summary Judgment and Opposition to Plaintiff's Dispositive Motions:

1. Exhibit 66 is MSI's Supplemental Objections and Responses to USEI's First Set of Interrogatories (Nos. 1- 13).  This document was previously sealed, but in connection with a

non-dispositive motion (Docket No. 1220).  In its December 1, 2014 Order, the Court denied MSI's motion to seal this document because the request was filed in connection with a dispositive motion and was not narrowly tailored as required by Civil Local Rule 79-5(b).  However, in Docket No. 1261, MSI's request to file under seal an unredacted version of this document was narrowly tailored, and that request was granted, albeit in connection with a non-dispositive motion.  In any case, MSI may file, in the public record, the redacted version of this document as it appears in Docket No. 1261 because MSI limits the redacted material to confidential source code information only.

2. Exhibit 68 is MSI's Objections and Reponses to USEI's First Requests for Admission (Nos. 1-55).  The redacted portions of this document describe the proprietary structure and operation of the accused Yukon Ethernet Controllers.  The motion to file under seal an unredacted version of this document is GRANTED because MSI limits the redacted material to confidential information only.

Intervenor MSI also moves to file under seal all or part of the following documents filed in connection

with USEI's Notice of Supplemental Authority and
Motion to Supplement:

3. Exhibit 4 is the Expert Witness Report of Dr.
   Michael Mitzenmacher regarding Infringement by
   MSI.  The redacted portions of this document
   contain confidential source code.  The motion
   to file seal an unredacted version of this
   document is GRANTED because the document is
   filed in connection with a non-dispositive
   motion and MSI limits the redacted material to
   confidential information only.

4. Exhibit 12 is the Supplemental Expert Witness
   Report of Dr. Michael Mitzenmacher regarding
   Infringement by MSI.  The redacted portions of
   this document contain confidential source code.
   The motion to file under seal an unredacted
   version of this document is GRANTED because the
   document is filed in connection with a non-
   dispositive motion and MSI limits the redacted
   material to confidential information only.

5. Exhibit 15 is the Supplemental Expert Witness
   Report of Walter Bratic, USEI's damages expert.
   Exhibits K1-K3 of this document contain MSI's
   confidential financial information.  USEI
   previously moved to file this document under
   seal (Docket No. 1238).  That request was
   denied for failure to comply with Civil Local

**United States District Court**
For the Northern District of California

Rule 79-5(b), which requires that requests to seal be narrowly tailored.  MSI has not filed, in connection with this motion, a narrowly tailored request that seeks to seal confidential information only.  Accordingly, the motion to file this document under seal is DENIED.  MSI may resubmit a modified and narrowly tailored version of this sealing request no later than seven days from the date of this order.  If it does not do so, the document must be filed in the public record.

Accordingly, MSI's motion to seal is GRANTED in part and DENIED in part, as set forth above (Docket No. 1309).  For those documents for which the request to file under seal was granted, within four days of the date of this Order, MSI shall electronically file under seal unredacted versions of these documents, and shall file redacted versions of these documents in the public record.  For those documents for which the motion to file under seal is denied, the denial is without prejudice.  MSI must submit, within seven days of the date of this Order, a revised declaration remedying the deficiencies above.  Any document for which these requirements are not met must be filed in the public record.

Case No. 10-5254

| | |
|---|---|
| 574 | Defendant AT&T Services (ATTS) moves to file under seal an excerpt from the transcript of Walter Bratic's June 10-11, 2014 Deposition filed in support of Intervenors' and Defendants' Motions for Summary Judgment.  The redacted portions of the excerpt contain confidential sales and financial information of ATTS.  The motion to file under seal an unredacted version of this document is GRANTED (Docket No. 574) because ATTS limits the redacted material to confidential information.  Within four days of the date of this Order, ATTS shall electronically file under seal an unredacted version of this document, and shall file a redacted version of this document in the public record. |

CONCLUSION

For the reasons set forth above, Intervenor Intel's motion to file under seal unredacted versions of USEI's Supplemental Expert's Report regarding damages, and its accompanying exhibits, is GRANTED (Case No. 10-3724, Docket No. 1296; Case No. 10-5254, Docket No. 575); Intervenor Intel's motion to file under seal various documents associated with Intervenors' and Defendants' Motions for Summary Judgment and Opposition to Plaintiff's Dispositive Motion, and USEI's Notice of Supplemental Authority and Motion to Supplement, is GRANTED in part and DENIED in part (Case No. 10-3724, Docket No. 1305; Case No. 10-5254, Docket No.

**United States District Court**
For the Northern District of California

16

**United States District Court**
For the Northern District of California

576); Intervenor Atheros's motion to seal is GRANTED (Case No. 10-3724, Docket No. 1306); Intervenor MSI's motion to seal is GRANTED in part and DENIED in part (Case No. 10-3724, Docket No. 1309); and Intervenor ATTS's motion to seal is GRANTED (Case No. 10-5254, Docket No. 574).

As noted above, for the documents for which the motion to seal has been granted, within four days of the date of this Order, the parties shall file under seal the unredacted versions of those documents, and file redacted versions of these documents in the public record.

With regard to those documents where the motion to file under seal was denied, the denials are without prejudice. The party requesting sealing must submit, within seven days, a revised declaration remedying the deficiencies noted above. If the document has been designated confidential by a party other than the party requesting sealing, the requesting party must also provide proof of service on the designating party. The designating party must file, within four days of receiving notice, a declaration justifying why the document is sealable. Any document for which these requirements are not met must be filed in the public record if the designating party has not justified sealing, or if the deficiencies noted above are not remedied.

IT IS SO ORDERED.

Dated:  December 19, 2014

CLAUDIA WILKEN
United States District Judge