IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>ACER, INC., et al.,<br><br>    Defendants.<br><br>  and<br><br>ATHEROS COMMUNICATIONS, INC., et al.,<br><br>    Intervenors. / | No. C 10-3724 CW<br><br>ORDER ON ADMINISTRATIVE MOTIONS TO SEAL<br><br>(Docket Nos. 1342 and 1344) |
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>AT&T MOBILITY, LLC, et al.,<br><br>    Defendants. / | No. C 10-5254 CW<br><br>(Docket No. 591) |

    Before the Court is Intervenor Marvell Semiconductors, Inc.'s (MSI) administrative motion to seal (Case No. 10-3724, Docket No. 1342) and Plaintiff U.S. Ethernet Innovations, LLC's (USEI) administrative motion to seal (Case No. 10-3724, Docket No. 1344; Case No. 10-5254, Docket No. 591).

    Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise

entitled to protection under the law." Civ. L.R. 79-5(b).  Any sealing request must be narrowly tailored to cover only sealable material.  Id.  The request must be supported by the designating party's declaration establishing that the information is sealable.  Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point."  Id.

A party seeking to seal records attached to a dispositive motion bears the burden of establishing "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure."  Id. at 1178-79.  This is because dispositive motions represent "the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events."  Id. at 1179.

The strong presumption in favor of access does not apply with equal force to non-dispositive motions, which may be only "tangentially related" to the underlying cause of action.  Id. at 1179-80.  A party seeking to seal materials related to non-dispositive motions must show good cause by making a "particularized showing" that "specific prejudice or harm will result" should the information be disclosed.  Id.; Fed. R. Civ. P. 26(c).  "[B]road, conclusory allegations of potential harm" will not suffice.  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d

2

1122, 1131 (9th Cir. 2003). These different standards are applied as relevant to the documents addressed below.

| | |
|---|---|
| Case No. 10-3724, Docket No. 1342 | In its December 19, 2014 Order, the Court denied MSI's motion to seal Exhibits K.1-K.3 of Exhibit 15 to the Declaration of Sean Nation in Support of USEI's Notice of Supplemental Authority and Motion to Supplement (Nation Declaration). The Court held that MSI's request was not narrowly tailored as required by Civil Local Rule 79-5(b). The Court permitted MSI to resubmit a modified and narrowly tailored request within seven days of the date of that Order.<br><br>In the present motion, again MSI seeks leave to file under seal an unredacted version of Exhibits K.1-K.3 of Exhibit 15 to the Nation Declaration. The document contains highly specific and recent financial information regarding sales of MSI products. The motion is GRANTED because MSI limits the redacted information to confidential financial and sales information. |
| Case No. 10-3724, Docket No. 1344 Case No. | USEI seeks leave to file under seal certain exhibits to its Motion to Alter or Amend the Court's November 7, 2014 Summary Judgment Order.<br>    1. Exhibit A to the Declaration of Robert J. Leonard in support of USEI's Motion to Alter or Amend the Court's November 7, 2014 Summary |

3

| | | |
|---|---|---|
| 1 | 10-5424, | Judgment Order (Leonard Declaration). |
| 2 | Docket No. | Exhibit A is a Joint Defense and |
| 3 | 591 | Confidentiality Agreement between Intel |
| 4 | | Corporation and Texas Instruments in the |
| 5 | | cases <u>U.S. Ethernet Innovations, LLC v. Acer,</u> |
| 6 | | <u>Inc. et al.</u>, Civil Action No. 5:10-CV-03724, |
| 7 | | and <u>U.S. Ethernet Innovations, LLC v. Texas</u> |
| 8 | | <u>Instruments, Inc.</u>, Civil Action No. 6:11-cv- |
| 9 | | 491-LED-JDL.  Intervenor Intel has filed a |
| 10 | | declaration stating that the document is |
| 11 | | sealable, in its entirety, because it |
| 12 | | contains information not available to the |
| 13 | | public.  Specifically, Intel states that the |
| 14 | | document contains the terms of a |
| 15 | | confidentiality agreement with regard to |
| 16 | | shared information between Defendants and |
| 17 | | Intervenors.  Upon reviewing the document, |
| 18 | | the Court finds that there does not appear to |
| 19 | | be any sealable information in the document. |
| 20 | | Accordingly, USEI's motion for leave to file |
| 21 | | this document under seal is DENIED. |
| 22 | | 2. Exhibit L to the Leonard Declaration. |
| 23 | | Exhibit L is an excerpt of the Rebuttal |
| 24 | | Expert Report of Dr. Leonard Forys regarding |
| 25 | | the non-infringement of the patents-in-suit. |
| 26 | | USEI seeks to file under seal the entire |
| 27 | | excerpt.  USEI states that this document has |
| 28 | | |

been designated highly confidential by one or more of the parties in this litigation; however, no party has filed a declaration stating why this excerpt is sealable as required by Civil Local Rule 79-5(e). Furthermore, there does not appear to be any sealable information in the excerpt. The excerpt refers only to the Court's claim construction orders, which are available in the public record. Accordingly, USEI's motion for leave to file this document under seal is DENIED.

3. Exhibit M to the Leonard Declaration. Exhibit M is an excerpt of the transcript of the July 9, 2014 videotaped deposition of Dr. Forys on behalf of USEI. USEI seeks to file under seal the entire excerpt. USEI states that this document has been designated highly confidential by one or more of the parties in this litigation; however, no party has filed a declaration stating why this excerpt is sealable as required by Civil Local Rule 79-5(e). Furthermore, there does not appear to be any sealable information in the excerpt. The excerpt refers to the Court's claim construction and page numbers of the rebuttal report, but does not contain any source code

|   |   |
|---|---|
|   | or other sealable information.  Accordingly, USEI's motion for leave to file this document under seal is DENIED.<br>4. Exhibit O to the Leonard Declaration. Exhibit O is an excerpt of the transcript of the July 22, 2014 videotaped deposition of Dr. Ian Crawford.  USEI states that this document has been designated highly confidential by one or more of the parties in this litigation; however, no party has filed a declaration stating why this excerpt is sealable as required by Civil Local Rule 79-5(e).  Accordingly, USEI's motion for leave to file this document under seal is DENIED.<br>Thus, USEI's administrative motion for leave to file under seal is DENIED (Case No. 10-3724, Docket No. 1344; Case No. 10-5424, Docket No. 591). |

CONCLUSION

For the reason set forth above, MSI's Administrative Motion to File Under Seal (Docket No. 1342) is GRANTED.  Accordingly, within four days of the date of this Order, MSI shall electronically file under seal an unredacted version of this document, and shall file a redacted version in the public record.

USEI's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1344; Case No. 10-5254, Docket No. 591) is DENIED.  The denial is without prejudice.  USEI, or the designating party, must submit, within seven days, a revised

6

declaration remedying the deficiencies noted above.  If the designating party does not file a declaration justify sealing, the document must be filed in the public record.  If the designating party does file a declaration justifying sealing, USEI may refile the motion to seal and the Court will decide if the deficiencies noted above have been remedied.

IT IS SO ORDERED.

Dated:   January 12, 2015

_____
CLAUDIA WILKEN
United States District Judge