IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>ACER, INC., et al.,<br><br>      Defendants.<br><br>  and<br><br>ATHEROS COMMUNICATIONS, INC., et al.,<br><br>      Intervenors. | No. C 10-3724 CW<br><br>ORDER ON ADMINISTRATIVE MOTIONS TO SEAL<br><br>(Docket No. 1360) |
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>AT&T MOBILITY, LLC, et al.,<br><br>      Defendants. | No. C 10-5254 CW<br><br>(Docket No. 603) |

    Before the Court is Plaintiff U.S. Ethernet Innovations, LLC's (USEI) administrative motion to seal (Case No. 10-3724, Docket No. 1360; Case No. 10-5254, Docket No. 603).

    Under Civil Local Rule 79-5, a document may be filed under seal only if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). Any sealing request must be narrowly tailored to cover only sealable

material.  Id.  The request must be supported by the designating party's declaration establishing that the information is sealable. Id. subsection (d).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point."  Id.

A party seeking to seal records attached to a dispositive motion bears the burden of establishing "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-79.  This is because dispositive motions represent "the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events."  Id. at 1179.

| Case No. 10-3724 Docket No. 1360 Case No. 10-5254 Docket No. 603 | USEI seeks leave to file under seal certain exhibits to its Motion to Alter or Amend the Court's November 7, 2014 Summary Judgment Order.<br>1. Exhibit B to the Declaration of Robert J. Leonard in support of USEI's Motion to Alter or Amend the Court's November 7, 2014 Summary Judgment Order (Leonard Declaration).  Exhibit B comprises excerpts of the Corrected Expert Report regarding infringement of the patents-in-suit by Intervenor |

2

|   |   |
|---|---|
|   | Intel, prepared by Dr. Michael Mitzenmacher, USEI's infringement expert.  The motion is GRANTED because USEI has limited its request to excerpts containing confidential source code. |
|   | 2. Exhibit C to the Leonard Declaration.  Exhibit C comprises an excerpt of the May 29, 2014 Deposition of Dr. Michael Mitzenmacher, USEI's infringement expert.  There does not appear to be any sealable information in this document.  Accordingly, USEI's request for leave to file this document under seal is DENIED. |

CONCLUSION

For the reason set forth above, USEI's Administrative Motion to File Under Seal (Case No. 10-3724, Docket No. 1360; Case No. 10-5254, Docket No. 603) is GRANTED in part and DENIED in part. For the document for which the motion is GRANTED, within four days of the date of this Order, USEI shall electronically file it under seal.  For the document for which the motion is DENIED, the denial is without prejudice.  USEI must submit, within seven days of the date of this Order, a revised declaration justifying why the document is sealable.  Otherwise, USEI must file the document in the public record.

IT IS SO ORDERED.

Dated: February 3, 2015

CLAUDIA WILKEN
United States District Judge

3