UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>　　　　Plaintiff,<br>　v.<br>ACER, INC. et al,<br><br>　　　　Defendants.<br>_____/ | No. 4:10-cv-03724-CW (LB)<br><br>ORDER TAXING COSTS<br><br>[RE: ECF Nos. 1433, 1434, 1444, 1445] |

**INTRODUCTION**

U.S. Ethernet Innovations ("USEI") is the losing party in this patent infringement case. The district court entered judgment in favor of, and ordered recovery of costs for, the prevailing parties. (Amended Judgment, ECF No. 1311)[1] USEI challenges the clerk's taxing of costs on the grounds that (1) the defendants are not entitled to costs attributable to claims it settled with intervenors Broadcom, Nvidia, and Atheros, and (2) certain costs for HP, Intel, and Marvell are not taxable under 28 U.S.C. § 1920. (USEI Motions, ECF Nos. 1433, 1434, and 1445.) USEI also asks to stay enforcement of the costs pending appeal. (USEI Motions, ECF Nos. 1433 at 5, 1434 at 14, 1445 at 5.) Marvell moves for an award of costs for the technical expert; the clerk's office disallowed the cost based on an invoice that suggested that there was a credit for the expense. (Marvell Motion, ECF No. 1444.) The district judge referred the motions to the undersigned. (ECF Nos. 1435, 1447.)

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

ORDER (No. 4:10-cv-03724-CW (LB))

1 The court (1) eliminates costs attributable to the Atheros depositions for the computer defendants
2 Acer, Asus, HP, Sony, and Toshiba, and directs them to submit their revised costs no later than
3 September 11, 2015, (2) reduces certain electronic discovery costs for HP and Intel, (3) taxes the
4 costs for the intervenors and the other computer defendants set forth at the end of this order, and (4)
5 denies the motion to stay execution of the costs without prejudice to USEI's refiling it before the
6 trial judge no later than two weeks after the court enters its final order taxing costs.

**STATEMENT**

USEI sued computer manufacturers for infringing its patents related to ethernet technology, including the following defendants implicated by the cost motions: the Acer entities (collectively, "Acer"), Apple, Inc., the Asus entities (collectively, "Asus"), Dell Inc., the Fujitsu entities (collectively, "Fujitsu"), Gateway, Inc., Hewlett-Packard Company ("HP"), the Sony entities (collectively, "Sony"), and the Toshiba entities (collectively, "Toshiba"). (*See* Summary Judgment Order, ECF No. 1289 at 3; First Amended Complaint ("FAC"), ECF No. 214; Motions, ECF Nos. 1433, 1434, 1444, and 1445.) Chip suppliers, including Intel Corporation, Nvidia Corporation, Marvell Semiconductor, Inc., Atheros Communication, Inc., and Broadcom Corporation, intervened. (*See* Summary Judgment Order, ECF No. 1289 at 4; ECF Nos. 224, 233, 265, 475.)

USEI settled with intervenors Broadcom and Nvidia in December 2013 and January 2014, respectively, with the parties bearing their own fees and costs. (ECF Nos. 929, 932 (Broadcom), 943, 945 (Nvidia).) The Nvidia dismissal covered encompassed USEI's claims against the defendants to the extent that their accused products used the infringing Nvidia technology. (ECF No. 943 at 2.) The district judge (1) granted summary judgment in November 2014 to the defendants and to intervenors Intel, Marvell, Atheros, and (not relevant to this order) Sigma Designs and (2) entered judgment on December 2, 2014 in their favor, providing that "[t]hese parties shall recover from Plaintiff U.S. Ethernet Innovations, LLC their costs of action." (Summary Judgment Order, ECF No. 1289; Amended Judgment, ECF No. 1311.) USEI settled with Atheros in April 2015, with the parties bearing their own fees and costs. (ECF No. 1375.) The dismissal included claims attributable to Atheros accused products incorporated into the defendants' accused products and had this clause:

> For the avoidance of doubt, this stipulation shall have no [e]ffect or impact on any other claims, counterclaims and affirmative defenses pending between USEI and the Atheros OEM

UNITED STATES DISTRICT COURT
For the Northern District of California

1  Defendants, including any claims, counterclaims and affirmative defenses based upon or relating
2  to networking technology of suppliers other than Atheros which is or was incorporated into the
   Atheros OEM Defendants['] products that are accused of infringement in this action.

(*Id.* at 2-3.)

## GOVERNING LAW

"Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption in favor of awarding costs to a prevailing party." *Association of Mexican-Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). The losing party has the burden of overcoming the presumption by affirmatively showing that the prevailing party is not entitled to costs. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).

A district court has discretion to deny costs, but it must specify its reasons for doing so. *Association of Mexican-Am. Educators,* 231 F.3d at 591-92. Examples of reasons that support denying costs include some impropriety on the part of the prevailing party (including misconduct or bad-faith practices), a nominal recovery, a losing party's indigence or limited financial resources, whether the issues in the case were close or difficult, a chilling effect on civil rights plaintiffs of modest means, and whether the case presented a landmark issue of national importance. *See id.* at 592; *see also Quan v. Computer Sciences Corp.*, 623 F.3d 870, 888-89 (9th Cir. 2010), *abrogated on other grounds by Fifth Third Bancorp v. Dudenhofer,* 134 S. Ct. 2459 (2014); *Stanley v. University of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999); *Competitive Techs. v. Fujitsu Ltd.*, No. C 02-1673 JCS, 2006 WL 6338914, at *3 (N.D. Cal. Aug. 23, 2006). Inflated costs sometimes result in "diminished award[s]" and sometimes result in denying of taxable costs altogether. *See, e.g.*, *Jansen v. Packaging Corp. of America*, 898 F. Supp. 625, 629 (N.D. Ill. 1995).

Unless otherwise authorized by statute or contract, 28 U.S.C. § 1920 limits the costs that a court may award under Rule 53(d) to the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies

are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54-3 provides guidance regarding the taxable costs in each category.

A bill of costs "must state separately and specifically each item of taxable costs claimed." Civ. L.R. 54-1(a). A party seeking costs must provide an affidavit saying that the costs were "necessarily incurred, and are allowable by law" and "[a]ppropriate documentation to support each item claimed must be attached to the bill of costs." *Id*. "With regard to individual itemized costs, 'the burden is on the party seeking costs . . . to establish the amount of compensable costs and expenses to which it is entitled.'" *City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2012 WL 177566, at *1 (N.D. Cal. Jan. 23, 2012) (quoting *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002)). The court reviews de novo the clerk's taxation of costs. *See Lopez v. San Francisco Unified School Dist.*, 385 F. Supp. 2d. 981, 1001 (N.D. Cal. 2005).

## ANALYSIS

USEI challenges (I) whether the defendants are entitled to recover costs that are attributable to settled claims, (II) whether certain costs awarded to HP and Intel are allowable exemplification costs, (III) whether Marvell is entitled to costs for certain deposition transcripts, and (IV) whether costs may be stayed pending appeal. (Motions, ECF No. 1433, 1434, 1445) Marvell challenges the clerk's failure to tax costs for the technical expert. (Motion, ECF No. 1444.)

### I. THE DEFENDANTS ARE PREVAILING PARTIES

The district court entered summary judgment in favor of the defendants and Intel, stating specifically that they "shall recover from Plaintiff U.S. Ethernet Innovations, LLC their costs of action." (Amended Judgment, ECF No. 1311 at 2.) USEI argues that the defendants and Intel are not entitled to costs attributable to claims that it settled with intervenors Broadcom, Nvidia, and Atheros.

As to defendant Fujitsu, USEI argues that Fujitsu (1) did not prevail on claims that were dismissed by stipulation with Broadcom and Nvidia, (2) thus is not entitled to costs associated with dismissed claims, (3) made no effort to apportion its costs and thus overstated its costs, and (4) should have its

UNITED STATES DISTRICT COURT
For the Northern District of California

costs reduced by 50%. (Motion, ECF No. 1433 at 3-4.) It asserts that if the court allows costs attributable to claims that were settled, then "Fujitsu, Nvidia, and Broadcom would be in breach of these agreements. USEI seeks resolution of the issue here, to avoid further litigation on the particular issue." (*Id.* at 4 n.2.)

As to the defendants and intervenor Intel, USEI similarly argues the costs must be reduced to account for settled claims. (Motion, ECF No. 1434 at 8.) It charts the defendants' accused products to show that they have chips from Atheros (all but Apple, Dell, and Fujitsu), Broadcom (all but Sony and Toshiba), and Nvidia (all but Sony). (*Id.*) The chart shows the other chips in the accused products, including Intel (all) and Marvell (all but Dell). (*Id.*) USEI then asserts that the court should reduce costs to reflect the percentage attributable to settled claims. (*Id.*) For example, Acer's products have chips from five manufacturers, three are from Atheros, Broadcom, and Nvida, 3/5 is 60%, and thus (USEI argues) the court should reduce Acer's costs by 60%. (*Id.*) The math for the rest works out to reductions as follows: Apple – 40%; Asus – 50%; Dell – 66.67%; HP – 50%; Sony – 25%; and Toshiba – 50%. (*Id.* at 8-9.)

The defendants respond as follows: (1) most or all of the costs would have been incurred anyway (such as claims construction, expert depositions, inventor depositions, USEI corporate depositions, and Defendant corporate depositions), document production was not impacted by intervenors, and USEI has not shown any costs that would not have been incurred but for settlement; (2) Broadcom and Nvida settled early and did not impact costs, and USEI nonetheless apportions costs based on them (for example by reducing Dell's costs by 66% even though most of the depositions happened after settlement), (3) USEI's percentages are based on false assumptions that the intervenor suppliers supplied equal amounts of accused chips, resulting in skewed numbers (for example, by applying percentages for Sony based on Atheros when Atheros was less than 1% of the accused Sony products); and (4) they are prevailing parties as a matter of law. (Intervenors' and Defendants' Opposition, ECF No. 1440 at 9-12; Fujitsu Opposition, ECF No. 1441 at 3-5.)

The district court already found that the defendants and intervenor Intel are the prevailing parties and are entitled to their taxable costs. The court is convinced – based on its familiarity with the litigation – that the stipulated dismissals do not affect this determination. Except for the electronic

ORDER (No. 4:10-cv-03724-CW (LB))

5

discovery costs attributable to HP and Intel (an issue addressed in the next section), the costs are relatively modest. The court's determination is that all of the costs would have been incurred, regardless of the dismissals of three of the intervening chip manufacturers, for all of the reasons advanced by the defendants and Intel in their opposition to USEI's motion.

Intel points out that the dismissals with prejudice makes the defendants prevailing parties. (*See* Intervenors' and Defendants' Opposition, ECF No. 1440 at 10-11 & nn. 18, 21.) In the Federal Circuit, the dismissal of a claim with prejudice is a judgment on the merits, and the party dismissed with prejudice is a prevailing party. *See Power Mosfet Techn., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1415-16 (Fed. Cir. 2004). Here, the Nvidia dismissal encompassed all claims by USEI against the computer defendants to extent that Nvidia's accused technology was incorporated into the defendants' accused products. (*See* ECF Nos. 943, 945.) The defendants did not sign the dismissal, and it is silent about any effect on fees and costs attributable to them. (*See* ECF No. 943.) The court thinks that the dismissal of claims against the computer defendants reflects only a supplier covering its customers (the reason for intervening in the first place) and does not require any waiver of costs by them. Moreover, it is a dismissal with prejudice, and the defendants are prevailing parties. The result is the same for Broadcom even more easily: it is silent as to the result for the computer defendants.

Atheros is different: the individual defendants signed that dismissal. The question is, given what appears on this record to be Atheros's (relatively) modest stake in this litigation, what – if any – apportionment should be made. USEI cites no authority to support its argument for apportionment, arguing only that it is the defendants' burden to establish their entitlement to costs. Of course the defendants must show costs are allowable under section 1920 and by law. Generally, that means itemizing costs with sufficient particularity to establish that they are taxable under section 1920. *See eBay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB), 2013 WL 1402736, at *3 (N.D. Cal. Apr. 3, 2013). But the parties bear collective responsibility for establishing the legal framework. USEI has not done that or addressed its burden as the losing party. *See Save Our Valley*, 335 F.3d at 944-45. Even assuming it is right, its formula – for example, reducing Acer's costs by three-fifths because three out of five of its chips manufacturers are Broadcom, Nvidia, and Atheros – is too rough a proxy for apportioning costs.

On this record and legal argument, the court – in the exercise of its discretion – will subtract costs attributable to the depositions for Atheros. The reasons are (1) the Atheros dismissal happened after summary judgment, (2) the dismissal appears (like Nvidia's) to be a protection of the consumer defendants and nothing more, (3) the other costs (attributable to claims construction, depositions, document production, and electronic discovery costs) were incurred in the litigation regardless of Atheros and not apportionable to it in any event, and (4) the record does not support a sign-on by the defendants to any larger-scale waiver of costs. *See Association of Mexican-Am. Educators,* 231 F.3d at 591-92 (court must specify reasons for denying costs). The court discussed this outcome with the parties at the hearing, and the affected computer defendants did not object to it.

The affected defendants are Acer, Asus, HP, Sony, and Toshiba. (*See* USEI Motion, ECF No. 1434 at 8.) At the hearing, they suggested that they could submit the defendants' individual costs by September 8, 2015. The court directs them to do so no later than September 11, 2015.

In the next sections, the court addresses whether specific costs for HP, Intel, and Marvell were necessarily incurred. *See id.*

## II. TAXABLE COSTS FOR ELECTRONIC DISCOVERY: HP AND INTEL

USEI asserts that HP and Intel did not provide sufficient documentation that their costs for electronic discovery are taxable and that the court thus should disallow all of their costs or reduce them. (Motion, ECF No. 1434 at 10.)

### A. Taxable Costs for Electronic Discovery

Under 28 U.S.C. § 1920(4), the court may tax "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Congress amended section 1920 in 2008 to substitute "the costs of making copies of any materials" for "the costs of copies of papers." That amendment makes the electronic equivalent of papers compensable costs under section 1920(4).

The local rule interprets the statute to provide "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case." Civ. L.R. 54-3(d)(2). Taxable costs of copying documents include the costs of collecting documents, reviewing those documents, and determining which are relevant. *Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200 WHA,

2011 WL 1362112, at *2 (N.D. Cal. Apr. 11, 2011) (the process often is costly but the costs nonetheless are taxable). Not all costs attributable to producing discovery are recoverable. For example, copies made solely for counsel's convenience or the litigant's own use are not recoverable because they are not "necessarily" obtained for use in the case. *Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994); *Computer Cache Coherency Corp. v. Intel Corp.*, No. C 05-01766 RMW, 2009 WL 5114002, at *4 (N.D. Cal. Dec. 18, 2009); *Competitive Techs.*, 2006 WL 6338914, at *8 (finding that multiple sets of copies were made for the attorney's convenience and therefore non-compensable). Similarly, "intellectual efforts" involved in the production of discovery – including "the research, analysis, and distillation of data incurred in the preparation of documents (as oppose[d] to the costs of physically preparing the documents)" – are not taxable costs. *Oracle Am. v. Google, Inc.*, No. C 10-03561 WHA, 2012 WL 3822129, at *3 (N.D. Cal. Sept. 4, 2012) (citation omitted); *accord Romero v. Pomona*, 883 F.2d 1418, 1428 (9th Cir. 1989) ("fees are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production"), *overruled in part on other grounds in Townsend v. Holman Consulting Corp.*, 929 F.2d 1158, 1363 (9th Cir. 1990) (en banc).

The issue here is what kinds of costs attributable to producing electronic discovery are analogous to "exemplification and the costs of making copies" (and not for the parties' convenience or attributable to "intellectual effort" involved in document production) such that they are taxable under section 1920(4). The undersigned previously analyzed the issue in two cases and determined that certain expenses are taxable costs and certain are not. *See Plantronics, Inc. v. Aliph, Inc.*, No. C 09-01714 WHA (LB), 2012 WL 6761576 (N.D. Cal. Oct. 23, 2012); *eBay Inc. v. Kelora Sys., LLC*, 2013 WL 1402736. Since that time, the Ninth Circuit addressed taxable costs for electronic discovery in *Resnick v. Netflix, Inc.*, 779 F.3d 914, 929-30 (9th Cir. 2015).

Not all costs leading up to the production of electronic discovery are compensable. *Id.* at 928. Determining what costs are taxable requires common-sense judgments guided by a comparison with a paper-document analogue. *Id.* at 929 (quotation omitted). The inquiry about what electronic processes are taxable turns on whether they are part of making copies "necessarily obtained for use in the case" or instead are solely for the convenience of counsel. *Id.*

ORDER (No. 4:10-cv-03724-CW (LB))

8

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

Applying this approach, the undersigned previously designated categories that it deemed compensable as "exemplification and ... copies of any materials where the copies are necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(4). The categories include scanning and converting native files to readable files (including optical character recognition ("OCR") and generating blowbacks), Bates stamping, putting information on media (such as DVDs, CDs, hard drives, or thumb drives), and doing basic document organization such as slip sheets for page breaks. *See eBay*, 2013 WL 1402736, at *7. The court did not award costs for collection and data processing, holding that they are non-taxable costs that are either (a) for the convenience of the parties or (b) akin to "intellectual effort" involved in the production of documents or the research, analysis, and distillation of data. *Id.*; *Plantronics*, 2012 WL 6761576, at *13-15 (analyzing cases). Some costs might be compensable if they are part of the necessary efforts to make information readable. *See eBay*, 2013 WL 1402736, at *7 (holding that making computer data readable is what allows conversion to formats such as TIFF compensable and distinguishing other gathering and processing costs as non-compensable "intellectual effort" such as organizing, searching, and analyzing discovery documents) (citations omitted); *see also Resnick*, 779 F.3d at 929-30 (declining to award costs for uploading data; processes necessary to preserve metadata for production could be compensable).

The court turns now to an analysis of the costs. Preliminarily, the court disposes of USEI's argument that it should disallow the costs as excessive (compared to costs incurred by other defendants). (Motion, ECF No. 1434 at 11-12.) HP's production also covered 3Com, and Intel had more accused products, produced more deponents, and basically (because of its size and its market share) had more to do. Given the size of the litigation, the costs overall seem reasonable.

**B. HP**

USEI does not object to categories of costs that the court awarded in *eBay* and instead objects to data processing (designated as "Data Processing," "Processing," and "Data Processing; Exporting") and "Load File Preparation" and "Load data into Relativity." (Motion, ECF No. 1434 at 10.)

The court awards costs for load file preparation, does not award costs for loading data into Relativity (costs that Intel excluded), and does not award costs for processing data. Based on the record and argument before it, the court concludes that HP did not establish that the costs in the

Case 4:10-cv-03724-CW   Document 1462   Filed 09/04/15   Page 10 of 12

following charts are compensable costs:

| HP Electronic Discovery Costs for Data Processing | | |
|---|---|---|
| **Item** | **Date** | **Cost** |
| ACT Inv. No. 21007024A | 7/31/10 | $41,140.00 |
| ACT Inv. No. 21008031 | 8/31/10 | $8,068.00 |
| ACT Inv. No. 21009013 | 9/30/10 | $1,616.00 |
| ACT Inv. No. 21010030 | 10/31/10 | $17,512.00 |
| DiscoverReady Inv. No. 13040041 | 4/30/13 | $36.00 |
| DiscoverReady Inv. No. 13040041 | 4/30/13 | $78.50 |
| DiscoverReady Inv. No. 13090042 | 9/30/13 | $29.00 |
| DiscoverReady Inv. No. 14010152 | 1/31/14 | $87.50 |
| DiscoverReady Inv. No. 14020009 | 2/19/14 | $87.50 |
| DiscoverReady Inv. No. 14020009 | 2/20/14 | $87.50 |
| DiscoverReady Inv. No. 14020009 | 2/20/14 | $7.50 |
| DiscoverReady Inv. No. 14030075 | 3/6/14 | $43.75 |
| **TOTAL** | | $68,793.25 |

| HP Electronic Discovery Costs for Loading Data into Relativity | | |
|---|---|---|
| **Item** | **Date** | **Cost** |
| DiscoverReady Inv. No. 13090042 | 9/30/13 | $87.50 |
| DiscoverReady Inv. No. 13090042 | 9/30/13 | $87.50 |
| DiscoverReady Inv. No. 13100010 | 10/1/13 | $87.50 |
| DiscoverReady Inv. No. 13110048 | 11/5/13 | $131.25 |
| DiscoverReady Inv. No. 14010152 | 1/30/14 | $87.50 |
| DiscoverReady Inv. No. 14010152 | 1/31/14 | $175.00 |
| DiscoverReady Inv. No. 14020009 | 2/20/14 | $87.50 |
| DiscoverReady Inv. No. 14020009 | 2/19/14 | $87.50 |
| DiscoverReady Inv. No. 14020009 | 2/20/14 | $175.00 |
| DiscoverReady Inv. No. 14030075 | 3/3/14 | $43.75 |
| DiscoverReady Inv. No. | 3/10/14 | $175.00 |
| **TOTAL** | | $1,225.00 |

ORDER (No. 4:10-cv-03724-CW (LB))  10

The result thus is as follows:

| Category | Costs |
|---|---|
| Disallowed Processing Costs | $68,793.25 |
| Disallowed Load Costs | $1,225.00 |
| **Total Disallowed Costs** | **$70,018.25** |
| | |
| Costs Taxed by Clerk | $173,027.14 |
| Less Total Disallowed Costs | ($70,018.25) |
| **Total Taxed Costs** | **$103,008.89** |

### C. Intel

USEI objected to Intel's processing costs. (Motion, ECF No. 1434 at 12-13.) In response, Intel withdrew $44,210.17 from its request for eDiscovery costs. (Opposition, ECF No. 1440 at 13-14 & Ex. A, ECF No. 1440-1.) Intel has established sufficiently that its remaining costs are directly tied to specific productions and are taxable. The court thus taxes Intel's requested costs of $251,137.44. (*See* Intervenors' and Defendants' Opposition, ECF No. 1440 at 16.)

### III. TAXABLE COSTS FOR MARVELL

At the September 3, 2015 hearing, USEI and Marvell said on the record that they had settled their costs dispute and agreed that the taxable amount was $110,095.47, which is still subject to USEI's motion to stay the execution of costs pending appeal. The court thus taxes these costs.

### IV. MOTION TO STAY

USEI moves to stay the execution of costs (or for a ruling that it may post a bond of 50% or less) on the ground that it has a strong likelihood of prevailing on appeal given that two districts have resolved the issue in conflicting ways. (Motions, ECF Nos. 1433 at 5, 1434 at 14, 1445 at 5.) In the Eastern District of Texas, a jury found two of the four accused patents in this case not invalid. (Intel Opposition, ECF No. 1440 at 8.) As discussed at the hearing, and with the agreement of the parties, the court denies the motion without prejudice to USEI's raising it before the trial judge.

### CONCLUSION

The court grants in part and denies in part USEI's motions.

ORDER (No. 4:10-cv-03724-CW (LB))  11

The court reduces costs attributable to the Atheros depositions for the computer defendants Acer, Asus, HP, Sony, and Toshiba, and directs them to submit their revised costs no later than September 11, 2015. By September 11, 2015, they must submit the costs attributable to the Atheros depositions and submit a proposed order taxing costs that includes this filled-out chart.

| Prevailing Party | Clerk's Costs Taxed | Minus Atheros Costs | Final Costs Taxed |
|---|---|---|---|
| Acer/Gateway | $34,038.37 | | |
| Asus | $25,532.74 | | |
| Hewlett-Packard | $103,008.89 | | |
| Sony | $4,314.50 | | |
| Toshiba | $62,870.71 | | |

The court taxes the following costs for the other defendants and intervenors:

| Prevailing Party | Final Costs Taxed |
|---|---|
| Apple | $67,823.86 |
| Dell | $36,918.85 |
| Fujitsu | $22,078.83 |
| Intel | $251,137.44 |
| Marvell | $110,095.47 |

The court denies USEI's motion to stay without prejudice to USEI's filing it before the district judge. USEI must file its motion no later than two weeks after the court issues its final order taxing costs for the Atheros-implicated defendants.

This disposes of ECF Nos. 1433, 1434, 1444, and 1445.

**IT IS SO ORDERED.**

Dated: September 4, 2015

_____
LAUREL BEELER
United States Magistrate Judge