United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

U.S. ETHERNET INNOVATIONS, LLC,

Plaintiff,

v.

ACER, INC., et al.,

Defendants.

and

ATHEROS COMMUNICATIONS, INC., et al.,

Intervenors.

________________________________/

No. C 10-3724 CW

ORDER DENYING MOTION TO STAY ENFORCEMENT PENDING APPEAL

(Docket No. 1471)

Plaintiff United States Ethernet Innovations, LLC (USEI) moves this Court to stay payment of costs pending appeal without the requirement of posting a bond or, in the alternative, to require a bond that amounts to fifty percent of the taxable costs awarded to each Defendant. The Court denies USEI's motion.

I. Background

The Court resolved all asserted claims of infringement of the patents-in-suit in favor of Defendants[1] and entered judgment following cross-motions for summary judgment. Docket No. 1289, Order on Summary Judgment Motions at 30; Docket No. 1311, Amended Judgment. The Court ordered that Defendants shall recover costs

[1] "Defendants" collectively refers to Acer, Inc., Acer America Corp., Apple, Inc., Asus Computer International, Asustek Computer Inc., Dell Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway, Inc., Hewlett Packard Co., Information Systems, Inc., and Intel Corp.

from USEI. Order on Summary Judgment Motions at 30. The Court denied Plaintiff's motion to alter or amend the Order on Summary Judgment Motions. Docket No. 1374. Plaintiff appealed to the Federal Circuit, primarily arguing the validity of the '872 and '094 patents in view of the SONIC prior art reference.[2] Docket No. 1399; Docket No. 1471, Opening Brief at 2.[3] The appeal is still pending.

Plaintiff filed motions to review the clerk's order taxing costs and to stay payment of those costs pending resolution of the appeal. Docket Nos. 1433, 1434, 1444 and 1445. The Court referred those motions to Magistrate Judge Beeler. Docket No. 1435 and 1447. Magistrate Judge Beeler denied the motion to stay without prejudice to USEI's raising it before this Court no later than two weeks after entry of the final order taxing costs. Docket No. 1462 at 11-12. On September 28, 2015, Magistrate Judge Beeler ruled on the costs. Docket No. 1469. Plaintiff filed this motion timely on October 9, 2015. Docket No. 1471, Opening Brief.

Plaintiff moves to stay the enforcement of the costs order pending the resolution of the appeal without posting a bond or, alternatively, with a bond in the amount of fifty percent of the taxable costs awarded to each Defendant. Id. Defendants filed a response brief, Docket No. 1472, and USEI filed a reply, Docket

---

[2] The Order on Summary Judgment Motions held that the asserted claims of the '872 and '094 patents were not valid, and that the asserted claims of the '313 and '459 patents were not infringed.

[3] Page numbers refer to the ECF-stamped page numbers.

United States District Court
For the Northern District of California

No. 1474. The matter is decided without oral argument. Docket No. 1473.

## II. Discussion

### A. Motion to Stay

In Hilton v. Braunskill, 481 U.S. 770, 776 (1987), the Supreme Court listed four factors to evaluate when considering whether to stay an order pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

#### 1. Likelihood of Success on the Merits

The first question is whether USEI makes a strong showing that it is likely to succeed on the merits on appeal. USEI argues that two district courts have found the '872 and '094 patents "not invalid," demonstrating the strength of its appeal. Opening Brief at 3-4. First, USEI argues that, in U.S. Ethernet Innovations, LLC v. Texas Instruments Inc., No. 6:11-cv-491 (E.D. Tex.), "a judge and jury rejected the exact same invalidity argument, based on the exact same reference and facts, raised in this litigation." Opening Brief at 3. Like the dispute at issue here, that case related to the SONIC prior art's impact on the '872 and '094 patents. Texas Instruments, Docket No. 299. USEI cites a summary judgment order and two jury verdicts. The court there denied summary judgment because there were outstanding factual issues. Id. Both courts construed "buffer memory" the same. Id. at 6; Order on Summary Judgment Motions at 8. The only difference between the two orders is that the Texas Instruments court found

United States District Court
For the Northern District of California

evidence in the record supporting a factual dispute as to the required size of the buffer, while this Court did not. See Texas Instruments, Docket No. 299 at 6; Order on Summary Judgment Motions at 8. This distinction does not amount to a strong showing that USEI is likely to succeed on appeal on the merits. It demonstrates at most that two courts in two different circuits viewed differently whether a factual dispute existed.

Thereafter, the first jury returned a verdict finding that the asserted claims of the '872 and '094 patents were not invalid. Texas Instruments, Docket No. 344. The second jury found that Texas Instruments infringed the asserted claims of the '872 patent and awarded damages. Id. at Docket No. 413. That a jury found the patents not invalid based on identical facts lends some support to USEI's likelihood of winning on appeal.

While post-judgment briefing was underway in Texas Instruments, this Court issued its Order on Summary Judgment Motions and Judgment, prompting the Texas Instruments court to order the parties to brief the applicability of collateral estoppel in that case. Texas Instruments, Docket No. 488 at 2. The Texas Instruments court held that USEI was precluded from recovering damages on the '872 patent because this Court had declared it invalid. Id. at 5. Defendants argue that this collateral estoppel application in Texas Instruments makes USEI's arguments less forceful. The Court agrees with USEI's counterargument; that one district court's judgment precluded another court's does not make USEI's success on appeal any less likely.

Second, USEI argues that a "very similar invalidity argument involving the same patents at issue here was" rejected in 3Com Corp. v. Realtek Semiconductor Corp., No. 03-02177 (N.D. Cal.). Opening Brief at 8. There, a jury found that several patent claims, including '872 and '094 patent claims, were not invalid. 3Com, Docket No. 690 at 3-4. USEI characterizes the invalidity defense in 3Com as based on the "SONIC's predecessor (a similar piece of prior art with a small FIFO) as an invalidating reference." Reply Brief at 2. Defendants respond that the verdict "involved completely different prior art and is not an 'identical issue of validity' as USEI claims." Docket No. 1472, Response Brief at 3. Introducing the trial exhibit list as support, Docket No. 1472-3, Constant Dec., Ex. B, Defendants explain that the jury found that the patents "were not invalid over other prior art, not the SONIC chip that this Court found to invalidate these two patents." Response Brief at 3 n.8. Because the prior art in 3Com is not the same prior art that was at issue here, this argument is unpersuasive.

2. Irreparable Injury Absent Stay

The second question is whether USEI will be irreparably harmed absent the stay. Other courts in this district have explained that neither speculative injury nor potential reversal or reassessment of costs following reversal on appeal constitutes irreparable harm. See In re Ricoh Co., Ltd. Patent Litig., 2010 WL 8961328, at *3 (N.D. Cal.) (citing Goldie's Bookstore, Inc. v. Super. Ct. of State of Cal., 739 F.2d 466, 472 (9th Cir. 1984)); Emblaze Ltd. v. Apple Inc., 2015 WL 1304779, at *2 (N.D. Cal.) (denying a stay pending appeal where Emblaze made "no showing that

it will be irreparably injured absent a stay"). See also Linex Techs., Inc. v. Hewlett-Packard Co., 2014 WL 5494906, at *2 (N.D. Cal.) (holding that, even if Linex had properly moved to defer awarding costs pending appeal, its request failed because it did not show that it would be irreparably harmed absent a stay).

USEI did not address this factor, and thus made no showing that it would be irreparably harmed absent a stay.

3. Substantial Injury to Other Interested Parties

The third factor is whether issuing the stay would substantially injure other parties interested in the proceeding. Both USEI and Defendants discuss only Defendants' potential injuries. USEI argues that staying payment of costs will not substantially injure Defendants, because the costs are small when compared with each company's market capitalization. USEI does not, however, address the injury of further delay of payment of costs, which is presumptively injurious. See Emblaze, 2015 WL 1304779, at *2. Thus, even though the costs are small in amount, the delay in payment that a stay would cause is injurious.

Defendants argue that USEI may default if there is a stay without a bond because it is a shell corporation with few assets.[4] USEI responds only that Defendants' argument is innuendo, and that Defendants lack factual support for their position.

4. Public Interest

The fourth factor to consider is the public interest. USEI argues that this factor weighs in favor of granting a stay because

[4] Defendants raised this concern in its briefing before Magistrate Judge Beeler. Docket No. 1440. USEI did not respond to this contention in its reply brief. Docket No. 1446.

United States District Court
For the Northern District of California

the appeal will be finished soon. This argument is unpersuasive. As Defendants argued in response, no appellate hearing has yet been scheduled, so the timing of the appeal's completion is not clear. Further, as another court in this district explained, Defendants have an "interest in the immediate payment for [their] taxable costs." Kilopass Tech. Inc. v. Sidense Corp., 2013 WL 843104, at *5 (N.D. Cal.).

USEI also argues that obtaining a bond may increase litigation costs. This argument is also unpersuasive. See id. (explaining that returning or reassessing paid costs would be "a mere inconvenience, and not an irreparable injury").

On balance, the factors weigh against a stay of costs pending appeal, particularly because USEI has made no showing of irreparable harm. Thus, this Court DENIES USEI's motion for a stay.

B. Reduced Bond

In the alternative, USEI proposes to post a bond in the amount of fifty percent of taxable costs to each Defendant. However, as Defendant argues, USEI provides no reason why the Court should grant USEI's motion to post a reduced bond. This alternative is also DENIED.

//

//

//

//

//

//

//

III. Conclusion

For all the reasons stated, USEI's motion to stay enforcement of the costs order without a bond or to allow a bond reduced by fifty percent (Docket No. 1471) is DENIED.

IT IS SO ORDERED.

Dated: November 13, 2015

CLAUDIA WILKEN
United States District Judge

United States District Court
For the Northern District of California